CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:  (408) 295-9555
Facsimile:   (408) 295-6606

ATTORNEYS FOR Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE:                                                      )   Case No. 09-51900 ASW
                                                            )
BENYAM and PAULA R. MULUGETA,    )   CHAPTER 11
                                                            )
            Debtors.                                   )
                                                            )

**DECLARATION OF WILLIAM J. HEALY RE: APPLICATION OF DEBTOR-IN-POSSESSION FOR APPOINTMENT OF COUNSEL**

1.  I, William J. Healy, do hereby declare:

2.  I am an attorney at law duly licensed to practice before all the courts of the State of California and several districts and divisions of the United States District Court in the State of California, including this court. I am a member of the law firm of Campeau Goodsell Smith, attorney herein for Debtors BENYAM and PAULA R. MULUGETA (jointly "Debtors").

3.  I submit this declaration of my own personal knowledge except as to those matters upon which I am informed and believe and as to those matters I am informed and believe them to be true. If called to testify as to the matters stated herein I could do so in an honest and competent manner.

4. This declaration is submitted as part of the application of the debtors-in-possession for appointment of counsel and pursuant to Bankruptcy Rule 2014.

5. The attorneys in said law firm have considerable experience in bankruptcy, insolvency, corporate reorganization and debtor/creditor law. Each of them is well qualified to represent the debtor in this Chapter 11 case, and said law firm is willing to accept employment on the bases set forth in the application of the Debtor dated April 2, 2009. Applicants believe that in order to be successful in their reorganization effort, it is essential that Applicants, as debtors-in-possession, be represented and advised throughout this case, and in every phase thereof, by competent legal counsel. Applicants have selected the law firm of CAMPEAU GOODSELL SMITH as their counsel in this Chapter 11 case, and have made diligent inquiry and determined that said law firm possesses the requisite integrity, skill, intelligence, experience and familiarity with proceedings of this type to provide the debtors-in-possession with representation and advice as will benefit Applicants, their Estate, creditors and other parties in interest.

6. None of the attorneys who compose said law firm have any connection with any creditor or other party involved in this case, or with, to the best of Applicants' knowledge, any attorney or attorneys for such creditor or other party in interest, and that said law firm represents no interest which is adverse to that of Applicants or their Estate with respect to any of the matters upon which such firm has been or is to be engaged, nor does such firm represent any interest adverse to any creditor involved in this case.

6. None of the attorneys who compose said law firm have any connection with the Debtors, creditors, or any party in interest or their attorneys or accountants. None of the attorneys in said law firm hold any interests adverse to the estate of Debtors, and each attorney in the firm is a disinterested person as defined in 11 U.S.C. §101(14). None of the attorneys in said law firm have any relationship with any members of the office of the United States Trustee acting in these proceedings.

7. Additionally, CAMPEAU GOODSELL SMITH will seek Court approval of payment of a retainer in the sum of $100,000.00 in connection with this case. This retainer will be

1 | paid after separate notice to creditors and a hearing before this Court at a later date.
2 | 8. Attached hereto as Exhibit A is a true and correct copy of the Attorney-Client Fee
3 | Contract between Debtors and counsel.
4 | I declare under penalty of perjury that the foregoing is true and correct and that this
5 | declaration was executed at San Jose, California, on April 2, 2009.

/s/ William J. Healy
William J. Healy



CAMPEAU GOODSELL SMITH
440 N. First Street, Suite 100
San Jose, California 95112
(408) 295-9555

April 1, 2009

## ATTORNEY-CLIENT FEE CONTRACT

This ATTORNEY-CLIENT FEE CONTRACT ("Contract") is entered into by and between BENYAM/PAULA MULUGETA ("Client") and Campeau Goodsell Smith, A Law Corporation ("Attorney"). Attorney will provide legal services to Client, as set forth below:

1. **CONDITIONS.** This contract will not take effect, and Attorney will have no obligation to provide legal services, until client returns a signed copy of this Contract and pays the deposit called for under paragraph 3.

2. **SCOPE AND DUTIES.** Client hires Attorney to provide those legal services in connection with prosecuting its pending Chapter 11 reorganization case in the United States Bankruptcy Court. Attorney shall provide those legal services reasonably required to represent Client, and shall take reasonable steps to keep Client informed of progress and to respond to Client's inquiries. Attorney's services will not include litigation of any kind, whether in court, in administrative hearings or before government agencies or arbitration tribunals, absent further written agreement. Attorney will represent Client in the ordinary and usual matters in the bankruptcy court associated with a case under the Bankruptcy Code, but not to include any contested matter or adversary proceeding without further written agreement. Client shall be truthful with Attorney, cooperate with Attorney, keep Attorney informed of developments, abide by this Contract, pay Attorney's bills on time, and keep Attorney advised of Client's address, telephone number and whereabouts.

3. **DEPOSIT.** Client agrees to deposit a retainer of $100,000 with Attorney at a future point in its Chapter 11 case, after Bankruptcy Court approval for same.

4. **LEGAL FEES.** Client agrees to pay for legal services at Attorney's customary rates. Attorney charges in minimum units of .1 hours. Attorney retains the right to adjust such fees upon thirty (30) days' advance written notice to Client.

5.     **COSTS AND EXPENSES.** In addition to paying legal fees, Client shall reimburse Attorney for all costs and expenses incurred by Attorney, including, but not limited to, process servers' fees, fees fixed by law or assessed by courts or other agencies, court reporters' fees, long distance telephone calls, messenger and other delivery fees, postage, in-office copying at $0.20 per page, parking, mileage at $0.32 per mile, computer research charges at invoiced costs, investigation expenses, consultants' fees, expert witness fees and other similar items. Client authorizes Attorney to incur all reasonable costs and to hire any investigators, consultants or expert witnesses reasonably necessary in Attorney's judgment, unless one or both of the clauses below are initialed by Client and Attorney.

6.     **ADJUSTMENTS TO FEES AND COSTS.** Attorney may change fees and costs set out in the Contract after giving Client thirty (30) days' written notice of the proposed change.

7.     **STATEMENTS.** Attorney shall send Client periodic statements for fees and costs incurred. Client shall pay Attorney's statements within 20 days after each statement's date, or as otherwise may be stated in the statement, subject to prior approval by the Bankruptcy Court. Client may request a statement at intervals of no less than 30 days. Upon Client's written request, Attorney will provide a statement within 10 days.

8.     **LATE CHARGE.** Client agrees to pay a late charge at the rate of 10% percent per year, or at the maximum rate allowed by law for loans, whichever is less, of the outstanding total amount owed under this Contract which is not paid when due.

9.     **DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this Contract, Client's refusal to cooperate with Attorney or to follow Attorney's advice on a material matter, or any fact or circumstance that would render Attorney's continuing representation unlawful or unethical.

10.    **COSTS OF COLLECTION.** If either party to this Contract shall bring any action for any relief against the other, declaratory or otherwise, arising out of this Contract, the losing party shall pay to the prevailing party a reasonable sum for attorney fees incurred in bringing such suit and/or enforcing any judgment granted therein, all of which shall be deemed to have accrued upon the commencement of such action and shall be paid whether or not such action is prosecuted to judgment. Any judgment or order entered in such action shall contain a specific provision providing for the recovery of attorney fees and costs incurred in enforcing such judgment. For the purposes of this section, attorney fees shall include, without limitation, fees incurred in the following: (1) post-judgment motions; (2) contempt proceedings; (3) garnishment, levy, and debtor and third party examinations; (4) discovery; and (5) bankruptcy litigation.

11.  **CONCLUSION OF SERVICES.**  When Attorney's services conclude, all unpaid charges shall become immediately due and payable.  After Attorney's services conclude, Attorney will, upon Client's request, deliver Client's file to Client, along with any Client funds or property in Attorney's possession.

12.  **DISCLAIMER OF GUARANTEE; MERGER.**  Nothing in this Contract and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of Client's matter.  Attorney makes no such promises or guarantees.  Attorney's comments about the outcome of Client's matter are expressions of opinion only.  This Contract and any attachments or exhibits thereto represent the total agreement between the parties as to the subjects covered by the Contract, and all aural and other agreements concerning the subjects in this Contract are merged into this Contract.

13.  **EFFECTIVE DATE.**  This Contract will take effect when Client has performed the conditions stated in Paragraph 1, but its effective date will be retroactive to the date Attorney first performed services.  The date at the beginning of this Contract is for reference only.  Even if this Contract does not take effect, Client will be obligated to pay Attorney the reasonable value of services Attorney may have performed for Client.

CAMPEAU GOODSELL SMITH

By _____
  Scott L. Goodsell

I have read and understood the foregoing terms and agree to them, as of the date that Campeau Goodsell Smith first provided services.

Address:

By _____
  Benyam Mulugeta

By _____
  Paula Mulugeta

1025 Harker Avenue
Palo Alto, CA

## ADDENDUM TO ATTORNEY-CLIENT FEE CONTRACT
### (April 1, 2009)

As of this date, Attorney's billing rates are as follows:

| | |
|---|---|
| Scott L. Goodsell | $ 475.00 |
| Gregory J. Charles | 450.00 |
| William J. Healy | 400.00 |
| Paralegals | 95.00 |