ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
RICHARD W. ABBEY, ESQ. (SBN: 053039)
RACHEL K. NUNES, ESQ. (SBN: 172525)
100 Stony Point Road, Ste. 200
Post Office Box 1566
Santa Rosa, California 95402-1566
Telephone No.: (707) 542-5050
Facsimile No.: (707) 542-2589
rnunes@abbeylaw.com

Attorneys for Creditor
Sterling Savings Bank, successor in interest by merger to
Sonoma National Bank

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>BENYAM MULUGETA and PAULA R. MULUGETA,<br><br>Debtors. | Case No. 09-51900<br>Chapter 11<br>R.S. No. RKN/001<br><br>**Date: April 22, 2009**<br>**Time: 10:00 a.m.**<br>**Location: 280 South First St., San Jose, CA**<br>**Courtroom: 3020** |

**STERLING SAVINGS BANK'S MOTION FOR RELIEF FROM STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME**

COMES NOW, Sterling Savings Bank, as successor in interest by merger to Sonoma National Bank ("Sterling") and, moves this Court for an order granting relief from stay pursuant to 11 U.S.C. § 362(d)(2), as follows:

**I. INTRODUCTION**

Sterling is the holder of a Promissory Note payable by the Debtors herein in the amount of $1,700,000 (the "Promissory Note.") (*See Declaration of Christy Somers, ¶ 2.*) The Promissory Note is secured by a First Deed of Trust and Assignment of Rents against the Debtors' real property located at **353 Grand Avenue, Oakland, CA 94601; A.P.N. 010-0767-001** (the "Property"). (*See Declaration of Christy Somers, ¶ 3.*) The Property is a mixed use commercial/residential property near Lake Merrit in Oakland, which generates rental income that is subject to Sterling's Assignment

of Rents. (*See Declaration of Christy Somers, ¶ 3.*) The Debtors have failed to make payments on the Promissory Note since May of 2008. (*See Declaration of Christy Somers, ¶ 4.*) On November 12, 2008, Sterling recorded a Notice of Default. (*See Declaration of Christy Somers, ¶ 5.*) Sterling recorded its Notice of Trustee's Sale on March 3, 2009, therein setting the trustee's sale of the Property for March 24, 2009. (*See Declaration of Christy Somers, ¶ 10.*) The Debtors filed the instant bankruptcy proceeding on March 18, 2009.

As is set forth in the accompanying Declaration of Christy Somers (*at ¶ 4*), approximately $1,787,414.02 is currently due and owing to Sterling on under the Promissory Note, as follows:

| | |
|---|---|
| Principal Balance: | $ 1,656,771.46 |
| Interest to 03/31/09: | $ 105,849.05 |
| Late Charges: | $ 9,083.58 |
| Collection Costs to date: | $ 15,709.93 |
| (Includes legal fees, foreclosure fees, appraisal fees and force placed insurance premiums) | |
| **TOTAL AMOUNT DUE:** | **$ 1,787,414.02** |

A second deed of trust encumbering the Property secures an additional $1,000,000 payable to CMR Mortgage Fund II, LLC. (*See Declaration of Christy Somers, ¶ 5.*) A third deed of trust encumbering the Property secures an additional $183,000 payable to Tomoko Nakama. (*See Declaration of Christy Somers, ¶ 5.*) Delinquent property taxes for the Property totaling approximately $65,298.97 are also due and payable. (*See Declaration of Christy Somers, ¶ 6.*) Additionally, several thousand dollars in liens recorded by the City of Oakland for code violations and nuisance abatement are also recorded against the Property. (*See Declaration of Christy Somers, ¶ 7.*) Thus, more than $3,035,712.00 of secured debt encumbers the Property. In December of 2008, Sterling obtained an appraisal of the Property valuing same at $1,960,000 "as is." *(See Declaration of Christy Somers, ¶ 9.)* The Debtor thus has no equity in the Property.

As it is evident from the foregoing that the Debtor has no equity in the Property, and because no evidence exists that the Property is necessary for reorganization, Sterling seeks an order granting relief from the automatic stay to assert its rights under the its First Deed of Trust on the

Property.

## II. LEGAL ARGUMENT AND AUTHORITIES

### A. STERLING IS ENTITLED TO RELIEF FROM STAY TO PROTECT ITS INTEREST IN THE DEBTORS' REAL PROPERTY.

11 U.S.C. § 362(d)(2) provides, in pertinent part, as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

    (2) with respect to a stay of an act against property under subsection (a) of this section, if--

        (A) the debtor does not have an equity in such property; and

        (B) such property is not necessary to an effective reorganization.

In this case, both elements of Section 362(d)(2) are met.

#### 1. The Debtors Have No Equity in the Property.

A debtor's equity in real property is the difference between the property value and the total amount of liens against the property. (*Stewart v. Gurley* 745 F.2d 1194, 1195-96 (9th Cir. 1984).) In this case, Sterling's appraisal sets the value of the Property at $1,960,000. The secured claims against the Grand Property exceed $3,035,712.00. Thus, the Debtors have no equity in the Property located at **353 Grand Avenue, Oakland, CA; A.P.N. 010-0767-001.**

Accordingly, relief from stay is proper unless the Debtors can establish that the Property is necessary to an effective reorganization.

#### 2. The Property Is Not Necessary for Effective Reorganization

Since the Debtors do not have any equity in the Property, the dispositive issue is whether the Property is necessary for an effective reorganization. (*11 U.S.C. § 362(d)(2)(B).*) While a relief from stay hearing should not be converted into a plan confirmation hearing, a hearing to determine the confirmability of a debtor's plan is not necessary for the court to address the "effective reorganization" component of 11 U.S.C. § 362(d)(2)(B). (*In re Sun Valley Newspapers, Inc.* 171 B.R. 71, 74 (9th Cir. BAP 1994).) The "effective reorganization" component in a motion for relief from stay requires a showing by the debtor that a proposed plan is not patently unconfirmable and

has a realistic chance of being confirmed. (*Id.* at p. 75.) In the early stages of a bankruptcy case, the burden of proof on a debtor in this regard is to "offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'plausible.'" (*Ibid.*) If the evidence indicates that a successful reorganization within a reasonable time is impossible, the court <u>must</u> grant relief from stay. (*Ibid.*) It is not enough for the Debtor to simply argue that the automatic stay should continue because it needs the property in order to propose a reorganization. (*La Jolla Mortgage Fun v. Rancho El Cajon Assoc.*, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982); s*ee also, United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 375-76.) "If all the debtor can offer at this time is high hopes without any financial prospects on the horizon to warrant a conclusion that a reorganization in the near future is likely, it cannot be said that the property is necessary to an 'effective' reorganization." (*Ibid.*)

In this case, to date, the Debtors have not proposed a plan. So, no evidence exists to determine whether a successful reorganization within a reasonable time is plausible. At this point, absolutely no evidence exists to support a finding that the Property is necessary for an effective reorganization. Accordingly, relief from stay to pursue all rights under Sterling's First Deed of Trust is warranted.

### III. CONCLUSION

For all of the foregoing reasons, Sterling urges this Court to issue an order granting relief from the automatic stay to enable it to assert its rights under its deed of trust secured by the Debtors' property located at **353 Grand Avenue, Oakland, CA; A.P.N. 010-0767-001.**

Dated:  April 3, 2009         ABBEY, WEITZENBERG,
                              WARREN & EMERY


                              By:   */s/ Rachel K. Nunes*
                                   Rachel K. Nunes, Esq.
                                   Attorneys for Sterling Savings Bank