ORIGINAL

RSO 90014

FILED
MAY 14 2009
United States CLERK
San Jose, Bankruptcy Court
California

SIMON ARON (Bar No. 108183)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Blvd., Ninth Floor
Los Angeles, California 90064-1565
Telephone: (310) 478-4100
Fax: (310) 479-1422

Attorneys for Lone Oak Fund

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | CASE NO. 09-01500-ASW |
| BENYAM MULUGETA and PAULA R. MULUGETA, | Chapter 11 |
| Debtor and Debtor in Possession | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| LONE OAK FUND, LLC, | [DECLARATIONS OF JAMES ROTHSTEIN, WILLIAM E. PURCELL, AND SIMON ARON IN SUPPORT THEREOF FILED CONCURRENTLY] |
| Movant, | |
| v. | DATE: June 2, 2009 |
| BENYAM MULUGETA and PAULA R. MULUGETA | TIME: 2:00 p.m. |
| | Courtroom: 3020 |
| | 280 S. 1st Street |
| Respondents. | San Jose, CA 95113 |

**TO: DEBTORS BENYAM MULUGETA and PAULA R. MULUGETA, AND THEIR ATTORNEY OF RECORD, THE TWENTY LARGEST UNSECURED CREDITORS, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**COMES NOW**, Lone Oak Fund, LLC ("Lone Oak"), and hereby moves this Court for an order granting relief from the automatic stay imposed by 11 U.S.C. § 362(a) to proceed against that certain real property located at 2332 Harrison Street, Oakland, California 94612 (collectively the "Subject Property"). This Motion For Relief From The Automatic Stay (the "Motion") is based, inter alia, upon the following grounds:

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Benyam Mulugeta and Paula R. Mulugeta (collectively the "Debtors") filed a voluntary petition on March 18, 2009. At the time, the Debtors were the owners of the real property located at 2332 Harrison Street, Oakland, California 94612 (collectively the "Subject Property"). The Subject Property consists of 108 SRO room hotel, including ballrooms, restaurant, large garden and deck, which has been closed and non-operating while the Debtors were purportedly rehabilitating it.

In their Schedule A- Real Property filed with this Court on April 13, 2009, the Debtors list the Subject Property as having a fair market value of $7,000,000.00. The Debtor's value is pure fiction. As shown by the Declaration of William E. Purcell, an experienced commercial real estate broker in the Oakland area, the real value of the Subject Property is approximately $4,000,000.00, but only **after** approximately $2,150,000 is expended to complete the repairs needed to make the Subject Property operational again. See, Exhibit "F" to Declaration of William E. Purcell ("Purcell Decl.") filed concurrently herewith. Moreover, in the last four months, Lone Oak has received two unsolicited offers for the Subject Property in the amounts of $3,500,000, which included substantial financing to be provided by Lone Oak, and of $2,500,000, which included no financing contingencies. See, Declaration of James Rothstein ("Rothstein Decl.") filed concurrently herewith, ¶'s 19 & 20. Thus, Lone Oak submits that the present fair market value of the Subject Property is, at best, between $3,500,000 and $4,000,000.

From the Debtors' Schedule D - Creditors Holding Secured Claims, the following liens are listed against the Subject Property: Taxes due Alameda County - $70,705.00; 1st lien in favor of Lone Oak - $3,500,000.00; 2nd lien in favor of Robert Taylor -$200,000.00; 3rd lien in favor of Tomoko Nakama - $185,000.00; and 4th lien in favor of Aglala Panos - $250,000.00. The total of these liens from the Debtors' Schedule D is $4,205,705.00.

As described in the Declaration of James Rothstein, the amounts listed in the Debtors'

Schedule D are inaccurate, in that the amounts owed to the Alameda County Tax Collector are in excess of $112,829.92, and the amounts owed to Lone Oak through May 15, 2009 are as follows:

| | | |
|---|---|---|
| Principal | $3,500,000.00 | |
| Interest through maturity | $ | 93,625.00 |
| Interest after maturity | $ | 360,210.50 |
| Late Fees through maturity | $ | 45,383.55 |
| Foreclosure Costs | $ | 14,275.60 |
| Legal Fees and Costs | $ | 15,000.00[1] |
| Total | $4,028,494.65 | |

Rothstein Decl., ¶'s 13 & 15.

Based upon the foregoing, Lone Oak submits that the aggregate amounts secured by the Subject Property are in excess of $4,776,324.57.

The Subject Property further produces no income and requires substantial remedial work to be performed before it can produce any income. Such remedial work would cost approximately $2,150,000. Meanwhile, interest and other costs continue to accrue on the debts owed to the Alameda County Tax Collector and to Lone Oak to the detriment of Lone Oak's interests in the Subject Property.

Based upon the foregoing, Lone Oak submits that there is no equity in Subject Property around which the Debtors can reorganize. The foregoing also demonstrates that there is no adequate protection for Lone Oak's interests in the Subject Property.

For all of these reasons, Lone Oak should be granted relief from the automatic stay to proceed against the Subject Property under 11 U.S.C. § 362(d)(1) and (d)(2).

---

[1]/ Estimated through the date of the hearing on this Motion.

-3-

## II.

## STATEMENT OF FACTS.

1. Debtors are the record owners of the Subject Property. Rothstein Decl.,¶5 The Subject Property consists of 108 SRO room hotel, including ballrooms, restaurant, large garden and deck, which has been and remains closed and non-operating. Rothstein Decl., ¶ 6.

2. On or about October 23, 2006, Lone Oak loaned Debtors $3,500,000.00. The loan is evidenced by a Note dated October 23, 2006 (the "Note"). Rothstein Decl., ¶ 7. The Note provided for payments by Defendants to Plaintiff of $28,875.00 per month on the first day of each month commencing on December 1, 2006, with the balance due and payable on April 30, 2008. Id. A true and correct copy of the Note is attached hereto as Exhibit "A" and is incorporated herein by this reference.

3. The Note is secured by a Deed of Trust in a first position against the Subject Property (the "Deed of Trust"). Rothstein Decl., ¶ 8. The Deed of Trust was recorded on October 27, 2006, as instrument number 2006402481 in the Alameda County Recorder's Office. Id. A true and correct copy of the Deed of Trust is attached hereto as Exhibit "B" and is incorporated herein by this reference.

4. On or about March 31, 2008, Lone Oak and Defendants entered into a Loan Modification Agreement, whereby the term of the Note and Deed of Trust was extended from April 30, 2008, to and including October 31, 2008. Rothstein Decl., ¶ 9 A true and correct copy of the Loan Modification Agreement is attached hereto as Exhibit "C" and is incorporated herein by this reference. Reference to the Note hereinafter shall mean the Note as modified by the Loan Modification Agreement.

5. Lone Oak has performed all conditions and obligations on its part under the Note and Deed of Trust and Lone Oak is the lawful owner and holder of the Note and the beneficial interest under the Deed of Trust. Rothstein Decl., ¶10.

6. The Note provides, in pertinent part that upon Debtors' failure to pay when due any installment or other sum due thereunder or breach of any other promise or obligation in this Note, Lone Oak may, at its option, declare the Note immediately due and payable.

-4-

Rothstein Decl., ¶ 11.

7. On October 31, 2008, Debtors defaulted under the terms of the Note and Deed of Trust in that Debtors failed to pay the balance of principal and interest remaining unpaid on the Note. Rothstein Decl., ¶ 12. The Debtors further defaulted under the terms of the Note and Deed of Trust by abandoning the Subject Property and by failing to pay real property taxes coming due on the Subject Property, taxes which became delinquent first on April 10, 2008. Id.

8. Specifically, Debtors failed to pay the second installment of taxes for the 2007-2008 years, and $39,417.98 remains due and owing. Rothstein Decl., ¶ 13. In addition, as of December 10, 2008, and on April 10, 2009, taxes are owed to the Alameda County Tax Collector in connection with the Subject Property for the 2008-2009 years in the aggregate amount of approximately $73,411.94. Id. A true and correct copy of the statement of "Prior Year Tax Information" and "Property Tax Information" obtained from the Alameda County Office of the Treasurer and Tax Collector official website are collectively attached hereto as Exhibit "D" and incorporated herein by this reference.

9. From and after June 10, 2008, interest began to accrue on the amount of $39,417.98 owed to the Alameda County Tax Collector for 2007-2008 taxes at the rate of one and one-half (1½ %) percent per month, or eighteen (18%) per annum. Id From and after June 10, 2009, interest began to accrue on the amount of $73,411.94 owed to the Alameda County Tax Collector for 2008-2009 taxes at the rate of one and one-half (1½ %) percent per month, or eighteen (18%) per annum. Id.

10. Lone Oak has caused to be recorded a Notice of Default in order to foreclose on the Subject Property. Rothstein Decl., ¶ 14. The Notice of Default was recorded on December 1, 2008, as instrument number 2008340941 in the Alameda County Recorder's Office. Id. A true and correct copy of the Notice of Default is attached hereto as Exhibit "E" and is incorporated herein by this reference.

11. On or about March 8, 2009, Lone Oak commenced an action before the Alameda County Superior Court seeking, among other things, the appointment of a receiver to

take possession and control of the Subject Property. Declaration of Simon Aron filed concurrently herewith, ¶ 2. On March 16, 2009, Lone Oak gave *ex parte* notice of hearing to be held on March 18, 2009, to appoint a receiver for the Subject Property. Id. In response, the Debtors commenced the above-captioned chapter 11 case by filing of a voluntary petition on March 18, 2009. Id.

12. As shown more fully by the Declarations of James Rothstein, President of Lone Oak, William E. Purcell, Senior Vice President of Cornish & Carey Commercial, and Simon Aron, relief from the automatic stay may properly be granted pursuant to 11 U.S.C. §362(d)(1) and (2), for cause, including a lack of adequate protection, and because there is no equity in the Subject Property and the Subject Property is not necessary for the Debtors' to effectively reorganize.

## III.

## RELIEF FROM STAY IS APPROPRIATE

Lone Oak requests that this Court grant it relief from the automatic stay to pursue all of its remedies against the Subject Property.

### A. The Statutory Grounds for Relief from Stay

Section 362(d) of the Bankruptcy Code (the Code") sets forth the circumstances under which this Court may terminate, annul, modify or condition the automatic stay imposed upon the filing of a petition for relief. Lone Oak is entitled to relief from the automatic stay under Sections 362(d)(1) and (2), which provide:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay --
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> ....
> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization;

-6-

11 U.S.C. §362.

The use of the word "shall" in Section 362(d) indicates that the provisions of that section are mandatory. Section 362(d) of the Code sets forth <u>alternative</u> grounds under which a creditor or other entity may seek relief from the automatic stay. This section provides that the Court shall terminate the automatic stay for "cause;" or if the debtor has no equity in such property and such property is not necessary to an effective reorganization. <u>See</u> 11 U.S.C. § 362(d)(1) and (2). Thus, if Lone Oak can establish the facts required under either Section 362(d)(1) or (2), this Court must grant relief from the automatic stay. <u>See</u>, e.g., <u>In re Albany Partners Limited</u>, 749 F.2d 670, 673 (11th Cir. 1984) (holding that once the basis for relief under Section 362(d)(2) is shown, the court need not consider whether relief is justified under Section 362(d)(1)).

This analysis of Section 362(d) consequently reveals two avenues which are mutually independent, and each of which provides Lone Oak with independent legal bases for obtaining relief from the automatic stay in this case. The first is for "cause," including a lack of adequate protection. <u>Pistole v. Mellor (In re Mellor)</u>, 734 F.2d 1396, 1400 (9th Cir. 1984); <u>In re Laguna Assocs., L.P.</u>, 30 F. 3d 734, 737-8 (6th Cir. 1994); <u>In re Duvar Apt. Inc.</u>, 205 B.R. 196, 200 (9th Cir. BAP 1996).

The second becomes available when, as here, the Debtors have no equity in the Subject Property around which they can effectively reorganize. <u>Stewart v Gurely</u>, 745 F 2d. 1194 (9th Cir. 1984). Moreover, the Debtors must show that they have a realistic chance of confirming a plan of reorganization. <u>In re Sun Valley Newspapers, Inc.</u>, 171 B.R. 71, 74 (9th Cir. BAP 1994). "If all the debtor can offer at this time is high hopes without any financial prospects on the horizon to warrant a conclusion that a reorganization in the near future is likely, it cannot be said that the property is necessary to an 'effective' reorganization." <u>United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd. (In re Timbers Inwood Forest Assocs., Ltd)</u>, 484 U.S. 365, 376-76, 108 S. Ct. 626, 632, 98 L. Ed. 740, 750-51 (1988).

In this case, both grounds exist and relief should be granted under Section 362(d)(1)

Case: 09-51900   Doc# 70   Filed: 05/14/09   Entered: 05/15/09 14:19:45   Page 7 of 8

and/or Section 362(d)(2).

B. **Relief From the Automatic Stay Should be Granted in This Case.**

As established through the Declarations submitted in support of this Motion, the Subject Property has a present fair market value of, at most, $3,500,000.00 to $4,000,000.00. Debts secured by the Subject Property exceed $4,775,000.00. Thus, there is no equity in the Subject Property. Moreover, the Subject Property generates no income whatsoever. As shown by the Declaration of William E. Purcell, it will take approximately $2,150,000 to complete repairs and other work needed in order for the Subject Property to become operational. Thus, it cannot be reasonably argued that the Subject Property is or could be necessary to an effective reorganization of the Debtors.

These same facts demonstrate that there is no adequate protection for the interests of Lone Oak in the Subject Property.

Under these circumstances, there is also no basis upon which to believe that the Subject Property is necessary to an effective reorganization. Rather, the Subject Property would likely drain the Debtors' other resources, resources that might be better spent on the other real properties listed in their Schedules.

## IV.

## CONCLUSION.

For all of these reasons, Lone Oak submits that relief from the automatic stay to pursue its rights and remedies directly against the Subject Property under state law is appropriate and should be granted under 11 U.S.C. §362(d)(1) and (d)(2).

DATED: May 8, 2009

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By: _____
SIMON ARON
Attorneys for Lone Oak Fund, LLC

-8-