1  ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
   RICHARD W. ABBEY, ESQ. (SBN: 053039)
2  RACHEL K. NUNES, ESQ. (SBN: 172525)
   100 Stony Point Road, Ste. 200
3  Post Office Box 1566
   Santa Rosa, California  95402-1566
4  Telephone No.:  (707) 542-5050
   Facsimile No.:   (707) 542-2589
5  rnunes@abbeylaw.com

6  Attorneys for Creditor
   Sterling Savings Bank, successor in interest by merger to
7  Sonoma National Bank

8

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>BENYAM MULUGETA and PAULA R. MULUGETA,<br><br>Debtors. | Case No.  09-51900<br>Chapter 11<br>R.S. No. RKN/001<br><br>**Date: May 20, 2009**<br>**Time: 10:00 a.m.**<br>**Location: 280 South First St., San Jose, CA**<br>**Courtroom: 3020** |

**STERLING SAVINGS BANK'S REPLY TO DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM STAY; DECLARATION OF CHRISTY SOMERS IN SUPPORT OF SAME**

COMES NOW, Sterling Savings Bank, as successor in interest by merger to Sonoma National Bank ("Sterling") and, replies to the Debtors' Opposition to Motion for Relief from Stay, as follows:

**REPLY**

The Debtors' only substantive objections to this Motion are (1) there is sufficient equity in the Property and (2) it would not be equitable to grant relief from stay. Both arguments are without merit.

A debtor's equity in real property is the difference between the property value and the **total** amount of liens against the property. (*Stewart v. Gurley* 745 F.2d 1194, 1195-96 (9th Cir. 1984).) Here, Sterling has established that the Grand Property's value is $1,960,000 and the total amount of

liens against the property is $3,035,712. Accordingly the Debtors have no equity in the Property.

The argument that relief from stay would be inequitable is similarly flawed. These Debtors have made promise after promise to Sterling and have failed to follow through on any of them. Specifically, as is set forth in the Declaration of Christy Somers, below, the Debtors have not been able to make a payment owing to Sterling since June of 2008. On July 7, 2008, when the loan was 30 days delinquent, Sterling sent out a demand for payment. In August of 2008, when the loan was 90 days delinquent, the Debtors represented to Sterling that they were in the process of obtaining bridge financing to bring their loans current, and asked Sterling to postpone filing its Notice of Default until September 2, 2008. Sterling obliged. Having received no payment on September 2, 2008, Sterling contacted the Debtors. The Debtors asked for an additional 45-60 days to obtain financing to bring the loans current. Sterling obliged.

Additionally, on September 22, 2008, Sterling offered a "work out" plan to the Debtor, pursuant to which Sterling agreed to give the Debtors until September 26, 2008 to make the payments due for June of 2008 and July of 2008, and defer the August and September, 2008 payments to assist the Debtors in bringing the loans current. Mr. Mulugeta accepted this offer and represented, that he was very close to selling another property (rental property located on Chaucer Drive, in Berkeley, California [the "Chaucer Property"]) which, combined with the promised bridge financing, would enable him to bring the loans current. The Debtors failed to make any payment on September 26, 2008, however, and the Debtors again asked for an extension to October 6, 2008, to enable them to bring the loans current pursuant to the prior agreement. Sterling obliged.

On October 10, 2008, having received no payments from the Debtors (with payments then owing for June through October of 2008), Mr. Mulugeta represented to Sterling that his wife was liquidating her 401k account and the escrow on the Chaucer Property was scheduled to close shortly. Based upon those representations, Sterling agreed to further postpone the filing of its Notice of Default to give the Debtors a chance to bring the loans current. On October 31, 2008, Mr. Mulugeta advised Sterling that escrow on the Chaucer Property was scheduled to close in the first week of November, 2008. Based upon that representation, Sterling granted the Debtors another extension. On November 7, 2008, however, Mr. Mulugeta contacted Sterling and advised, **for the**

**first time**, that the sale of the Chaucer Property was actually a "short sale" and that the lender on that sale would not allow funds from the sales proceeds to be paid to Sterling. Mr. Mulugeta made no further reference to the 401k liquidation, or to the previously promised bridge financing, and the Debtors made no further attempts to bring the loans current.

On November 12, 2008, after having received dozens of empty promises and seemingly false representations, and no payments since May of 2008, Sterling recorded its Notice of Default.

Thus, notwithstanding the deteriorating market, and notwithstanding the Debtors' repeated failure to follow through on any representation made, Sterling made numerous accommodations to the Debtors over a five month period in an attempt to assist the Debtors. The Debtors proved, over and over again, their inability to perform. The Debtors have made no showing that anything has changed which will enable them to perform any differently, and the Court should not allow the Debtors to continue to string Sterling along while its collateral continues to decline in value.

Dated: May 19, 2009

Respectfully submitted,

ABBEY, WEITZENBERG, WARREN & EMERY

By: /s/ Rachel K. Nunes
Rachel K. Nunes, Esq.
Attorneys for Sterling Savings Bank

---

## DECLARATION OF CHRISTY SOMERS

I, CHRISTY SOMERS, declare as follows:

1. I am a Special Assets Specialist with Sterling Savings Bank (hereinafter "Sterling"), successor in interest by merger to Sonoma National Bank. I have personal knowledge of the facts set forth herein and, if called upon as a witness, could and would competently testify thereto.

2. The Debtors, Benyam and Paula Mulugeta, have not made a payment owing to Sterling since June of 2008.

3. On July 7, 2008, when the loans owing by these Debtors were 30 days delinquent,

Sterling sent out a demand for payment.

4. In August of 2008, when the loans were 90 days delinquent, the Debtors represented to Sterling that they were in the process of obtaining bridge financing to bring their loans current, and asked that Sterling postpone filing its Notice of Default until September 2, 2008. Sterling obliged.

5. Having received no payment on September 2, 2008, I contacted the Debtors. The Debtors asked for an additional 45-60 days to obtain financing to bring the loans current. Sterling obliged. Additionally, on September 22, 2008, Sterling offered a "work out" plan to the Debtor, pursuant to which Sterling agreed to give the Debtors until September 26, 2008 to make the payments due for June of 2008 and July of 2008, and defer the August and September, 2008 payments to assist the Debtors in bringing the loans current. Mr. Mulugeta accepted this offer and represented, that he was very close to selling another property (rental property located on Chaucer Drive, in Berkeley, California [the "Chaucer Property"]) which, combined with the promised bridge financing, would enable him to bring the loans current.

6. The Debtors failed to make any payment on September 26, 2008, however, and the Debtors again asked for an extension to October 6, 2008, to enable them to bring the loans current pursuant to the prior agreement. Sterling obliged.

7. On October 10, 2008, having received no payments from the Debtors (with payments then owing for June through October of 2008), Mr. Mulugeta represented to Sterling that his wife was liquidating her 401k account and the escrow on the Chaucer Property was scheduled to close shortly. Based upon those representations, Sterling agreed to further postpone the filing of its Notice of Default to give the Debtors a chance to bring the loans current.

8. On October 31, 2008, Mr. Mulugeta advised Sterling that escrow on the Chaucer Property was scheduled to close in the first week of November, 2008. Based upon that representation, Sterling granted the Debtors another extension.

9. On November 7, 2008, Mr. Mulugeta contacted Sterling and advised, **for the first time**, that the sale of the Chaucer Property was actually a "short sale" and that the lender on that sale would not allow funds from the sales proceeds to be paid to Sterling. Mr. Mulugeta made no

further reference to the 401k liquidation, or to the previously promised bridge financing, and the Debtors made no further attempts to bring the loans current.

   10.   On November 12, 2008, Sterling recorded its Notice of Default.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of May, 2009, at Santa Rosa, California.

*/s/ Christy Somers*
Christy Somers

# PROOF OF SERVICE

I am a citizen of the United States and employed in the County of Sonoma, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 100 Stony Point Road, Suite 200, Santa Rosa, California 95401.

On May 19, 2009, I served the following document(s):

**STERLING SAVINGS BANK'S REPLY TO DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM STAY; DECLARATION OF CHRISTY SOMERS IN SUPPORT OF SAME**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Irvine, California, addressed as follows:

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 19, 2009, at Santa Rosa, CA.

/s/ Lori Koloacek
Lori Kolacek

# SERVICE LIST
# BENYAM AND PAULA MULUGETA
# CASE NO. 09-51900

**DEBTOR:**
Benyam Mulugeta
1025 Harker Ave.
Palo Alto, CA 94301

**JOINT DEBTOR:**
Paula R. Mulugeta
1025 Harker Ave.
Palo Alto, CA 94301

**REPRESENTED BY:**
Scott L. Goodsell
Campeau, Goodsell Smith
440 N. 1st St., #100
San Jose, CA 95112

**U.S. TRUSTEE:**
Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S. 1st St., #268
San Jose, CA 95113-3004

**CREDITORS:**

**Aglaia Panos**
13240 Clairepointe Way
Oakland, CA 94619

**California Mortgage**
62 First St., 4th Fl
San Fco, CA 94105

**Capital One Bank (USA), N.A.**
C/O Tsys Debt Management (Tdm)
PO BOX 5155
NORCROSS, GA 30091

**Chase**
PO Box 94014
Palatine, IL 60094

**Chrysler Financial**
PO Box 9001921
Louisville, KY 40290

**Chrysler Financial Services Americas LLC**
Randall P. Mroczynksi
535 Anton Boulevard, 10th Floor
Costa Mesa, AZ 92626

**Citi**
PO Box 6415
The Lakes, NV 88901

**Countrywide Home Loans**
PO Box 5170
Simi Valley, CA 93062

**Cupertino Dental**
10383 Torre Ave. #I
Cupertino, CA 95014

**EMC**
PO Box 660753
Dallas, TX 75266

**Expo**
PO Box 6028
The Lakes, NV 88901

**Franchise Tax Board**
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952

**Internal Revenue Service**
P O Box 21126
Philadelphia, P A 19114

**Loan Oak Fund**
11611 San Vicente Blvd. #640
Los Angeles, CA 90049

**Robert Taylor**
541B Cowper
Palo Alto, CA 94301

**Sequoia Mortgage**
1114 Irwin St.
San Rafael, CA 94901

| | |
|---|---|
| 1 | |
| 2 | **Sonoma Bank**<br>PO Box 6089<br>Santa Rosa, CA 95406 |
| 3 | |
| 4 | **Tomoko Nakama**<br>1569 Jackson St.<br>Oakland, CA 94612 |
| 5 | |
| 6 | |
| 7 | **Wachovia Dealer Services, Inc**<br>PO Box 25341<br>Santa Ana, CA 92799 |
| 8 | |
| 9 | **Washington Mutual**<br>PO Box 660487<br>Dallas, TX 75266 |
| 10 | |
| 11 | **Washington Mutual**<br>PO Box 74148<br>Phoenix, AZ 85062 |
| 12 | |
| 13 | |
| 14 | **Washington Mutual Bank**<br>7301 Baymeadows Way<br>Jacksonville, FL 32256 |
| 15 | |
| 16 | **Wells Fargo**<br>PO Box 30086<br>Los Angeles, CA 90030 |
| 17 | |
| 18 | **WELLS FARGO BANK N.A.**<br>BDD Bankruptcy Dept MAC S4101-08C<br>100 W Washington St, Phoenix, AZ 85003 |
| 19 | |
| 20 | |
| 21 | **Wells Fargo Bank, N.A.**<br>c/o Wells Fargo Card Services<br>Recovery Department<br>P.O. Box 9210<br>Des Moines, IA 50306 |
| 22 | |
| 23 | |
| 24 | **Wells Fargo Bank, National Association as Trustee**<br>EMC Payment Processing<br>PO Box 660753<br>Dallas, TX, 75266-0753 |
| 25 | |
| 26 | |
| 27 | |
| 28 | |