CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:   (408) 295-9555
Facsimile:     (408) 295-6606

ATTORNEYS FOR Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>BENYAM and PAULA R. MULUGETA,<br><br>　　　　　　　Debtors.<br><br>　 | Case No. 09-51900 ASW<br><br>CHAPTER 11<br><br>Date:　July 1, 2009<br>Time:　1:45 p.m.<br>Room: 3020<br>Place:　United States Bankruptcy Court<br>　　　　　280 S. First St. Room 3020<br>　　　　　San Jose, CA 95113<br>Judge: The Honorable Arthur Weissbrodt |

**MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION TO SELL REAL PROPERTY ("Harrison") FREE AND CLEAR OF LIENS**

Debtors Benyam and Paula R. Mulugeta ("Debtors") submit the following memorandum of point and authorities in support of their motion to sell Debtors' real property commonly known as 2332 Harrison Street, Oakland, CA (Assessor Parcel Number (A.P.N.) 010-0769-005-00 ("Merrit Hotel[1]" or "The Property"), and as described herein, pursuant to Bankruptcy Code 363 (f), 363 (f)(1), (2), (4), and (5), Bankruptcy Code 506, 506 (d), and Bankruptcy Rule 6004, free and clear of all liens as follows:

**I.　Summary.**

---

[1]Debtors and Debtors' counsel recognize Merritt is spelled incorrectly throughout, but has done so purposely to match the spelling contained in the Purchase Agreement.

**MEMORANDUM OF POINTS AND AUTHORITIES RE:  MOTION TO SELL REAL PROPERTY ("Harrison") FREE AND CLEAR OF LIENS**

In summary, this is a motion by Debtors to sell Debtors' real property commonly known as 2332 Harrison Street, Oakland, CA to Trading Spaces, LLC for $7,000,000.00 pursuant to a Commercial Property Purchase Agreement And Joint Escrow Instructions dated February 12, 2009 ("Purchase Agreement").

Pursuant to this motion Debtors seek an order (1) finding that the notice of the motion was proper and adequate given the circumstances; (2) authorizing Debtors to sell real property commonly known as 2332 Harrison Street, Oakland, CA (Assessor Parcel Number (A.P.N.) 010-0769-005-00 ("Merrit Hotel" or "The Property") free and clear of liens pursuant to Bankruptcy Code 363 (b) and (f), Bankruptcy Code 506, 506 (d), and Bankruptcy Rules 6004 and 3012 to Trading Spaces, LLC ("Buyer" or "Trading Spaces") for $7,000,000.00 pursuant to a Commercial Property Purchase Agreement And Joint Escrow Instructions dated February 12, 2009 ("Purchase Agreement"); (3) approving the sale as the highest and best offer; (4) authorizing Debtor to enter into and approving the Purchase Agreement and to undertake such other actions as may be reasonably necessary to complete the sale; (5) a finding that the purchaser is in good faith and entitled to the protections of Bankruptcy Code 363 (m); (6) authorizing the Debtors to pay from the proceeds the amounts owed to secured liens which are not in dispute and authorizing the Debtors to file or record termination statements, instruments of satisfaction, releases of liens and any other documents necessary for the purpose of documenting the release of specified liens; and (7) reserving bankruptcy court jurisdiction to implement the sale, enforce the sale order, or resolve any disputes with or related to the sale.

**II. Introduction And Statement of Facts.**

Debtors are the owners of seven (7) distinct residential and commercial properties, generally described as follows:

*Harker (Debtors' residence-a 5 bedroom 3 bath property located in Palo Alto);

*Harrison (a 5 story, 156 room hotel located in Oakland);

*Grand (a four story 21-unit apartment building with associated commercial units);

*O'Keefe (a 21-unit apartment building located in East Palo Alto);

*Chaucer (2 single family homes (duplex) located in Berkeley);

*Sevier (a single family residence located in Menlo Park used as a rental property); and

*Brann (a single family home used as a rental).

Debtors commenced this bankruptcy because the conversion the hotel at Harrison increased Debtors' debt, impacted their cash flow, and drained resources.

Harrison was purchased by Debtors' in approximately April 2002 for $4,100,000. Thereafter, in order to maximize the potential value of the hotel and property, Debtors' investigated several options which were subject to the City of Oakland's restrictions. Debtors' elected to develop the Harrison hotel to a similar, albeit slightly different use, but the City of Oakland required the property to be empty for one year. Debtors pursued this development opportunity in light of the potential return on the investment and increase to the property's value. The cost of this development and the vacancy required by the City of Oakland impacted Debtors' income, cash flow at all properties, and drained resources.

**A. Bankruptcy.**

Debtors commenced this case on March 18, 2009 and first retained counsel on April 2, 2009.

**B. Sale of Harrison/Merrit Hotel.**

Pre-petition Debtors entered into a contract to sell the Harrison property for $7,000,000 to Trading Spaces, LLC, an operator of assisted living facilities, as part of series of real estate purchases by Trading Spaces, LLC and with an appraised "as is" value of $8,100,000 and a projected value after renovation at $14,310,000 (April 17, 2009). Debtors believe that Trading Spaces, LLC has the ability to close this transaction. This transaction is part of series of real estate purchases by Trading Spaces, LLC, in connection with Argent Asset Management Inc. with a total monetary value of $81,000,000 for the six purchases.

Debtors have continued progress towards closure of this transaction.

Debtor's counsel has spoken directly with Buyer's broker and confirmed that funding is

no longer a contingency, remaining contingencies should be formally removed by June 2, 2009, and the matter is moving towards closing and should close promptly. Debtors' counsel has also spoken the buyer's financier and confirmed that the buyer's funding was approved and the transaction moving towards closure.

Debtors' business is real estate and, as indicated above, own and operated several commercial properties in the Bay Area. Debtor Benyam Mulugeta is also a real estate professional. Debtors, pre-petition and post-petition investigated the marketing and sale of their properties to determine value and in order to pay their creditors. In addition, Debtors considered various proposals for the purchase or lease of their properties for purposes of determining potential value and in order to pay their creditors.

The price and terms of the Purchase Agreement appear commercially reasonable and for reasonable value and is the highest and best offer for prompt payment to creditors. Buyer appears ready, willing, and able to perform on the Purchase Agreement.

In February 2009, Debtors received a similar purchase offer at $9,000,000, subject to other terms and conditions relating to construction costs. Debtors were in contract, the first transaction appeared superior, and the first transaction's buyer appeared to have the ability to close and had secured financing. In addition, Debtors have negotiated, but not accepted, the terms of a potential long term lease of Harrison, to the Veterans Association ("VA") and to another party (also a potential purchaser). The potential terms of a lease opportunity would allow Debtors to maintain ownership of the property, receive approximately $500,000 in cash, become cash flow positive, propose a plan to reorganize their debts, and exit bankruptcy.

**C. Secured Claims.**

At the time of commencement of this case and according to Debtors' schedules and other information, Debtors appeared to have the following secured claims relative to The Property:

    (1) Lone Oak Fund, LLC           $3,500,000.00

| | | |
|---|---|---|
| (2) Robert Taylor | $ | 200,000.00 |
| (3) Tomoko Nakama | $ | 185,000.00 |
| (4) Aglala Panos | $ | 250,000.00. |
| Estimated Total[2]: | | $4,135,000.00 |

**D. Consent From Secured Creditors.**

Debtors submit that the creditors claiming secured claims will consent, will not object, and will be paid. Debtors do not anticipate any objections from any of the secured creditors.

**III. The Sale Complies With Bankruptcy Code 363 (b), (f), Is For Fair Value, Is In Good Faith, And Is In The Best Interest Of The Creditors.**

**A. The Court Has The Authority To Authorize The Sale Of Debtor's Assets Free And Clear Of Liens.**

Bankruptcy Code 363(f) provides that a trustee or debtor-in-possession, after notice and a hearing, may sell property free and clear of any other entity's interest in such property, if: (1) applicable non-Bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bone fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The provisions of Bankruptcy Code 363(f) are disjunctive, thus a sale free and clear of the concerned interest may be permitted if any one of the conditions are met. In addition, courts have long recognized that court's have the power to authorize the sale of property free of liens with the liens attaching to the proceeds, without the consent of the lienholder. (<u>Ray v. Norseworthy</u>, 90 U.S. (23 Wall. 128 (128) (1875)).

Debtors believe the proceeds of a sale pursuant to the Purchase Agreement will satisfy the claims of the parties claiming secured claims against The Property and a sale of The

---

[2]These figures are estimated.

Property satisfies each, most, or all of the disjunctive provisions of Bankruptcy Code 363(f).

**B. The Sale Of The Debtor's Business And Assets Is For Fair Value And In The Best Interest Of The Creditors.**

In determining whether to approve a propose sale under Bankruptcy Code 363, courts generally apply the business judgment test. (<u>In re Condere</u>, 225 B.R. 334 (Bankr. E.D. Mich. 1997) Some court's described the standard as one of 'good faith', 'best interest of creditors', or 'fair and reasonable, but does not require the highest bid. ((<u>In re Condere</u>, 225 B.R. 334 (Bankr. E.D. Mich. 1997); <u>In re Phoenix Steel Corp.</u>, 82 B.R. 334 (Bankr. D. Del. 1987); <u>WBQ P'ship v. Commonwealth of Virginia Dep't of Medical Assistance Servs.</u>, 189 B.R. 97 (Bankr. E.D. Va. 1995); and <u>In re Delaware & Hudson Railway Co.</u>, 124 B.R. 169 (D. Del. 1991)).

Debtor submits that the Purchase Agreement and the identified sale is for fair value, in the best interest of creditors, fair and reasonable, and in good faith.

**C. Anticipated Distribution Of Sale Proceeds.**

Debtors anticipate the follow distribution of sale proceeds paid from escrow, subject to confirmation of amounts owed to secured claims (subject to various closing costs and any priority tax claims):

| | | |
|---|---|---|
| (1) Lone Oak Fund, LLC | | $3,500,000.00 |
| (2) Robert Taylor | | $ 200,000.00 |
| (3) Tomoko Nakama | | $ 185,000.00 |
| (4) Aglala Panos | | <u>$ 250,000.00.</u> |
| Estimated Total[3]: | | $4,135,000.00 |

The net sale proceeds are to be held by Debtors' counsel ("Trust Money") subject to those deeds of trusts and liens of record asserted against Debtors, in favor of such claimants in order of recordation of their liens, subject to further order of the Bankruptcy Court.

//

---

[3]These figures are estimated.

**MEMORANDUM OF POINTS AND AUTHORITIES RE: MOTION TO SELL REAL PROPERTY ("Harrison") FREE AND CLEAR OF LIENS**

6

Case: 09-51900   Doc# 83-2   Filed: 05/29/09   Entered: 05/29/09 17:10:23   Page 6 of 7

## III. Conclusion.

Debtors respectfully request an order an order (1) finding that the notice of the motion was proper and adequate given the circumstances; (2) authorizing Debtors to sell real property commonly known as 2332 Harrison Street, Oakland, CA (Assessor Parcel Number (A.P.N.) 010-0769-005-00 ("Merrit Hotel" or "The Property") free and clear of liens pursuant to Bankruptcy Code 363 (b) and (f), Bankruptcy Code 506, 506 (d), and Bankruptcy Rules 6004 and 3012 to Trading Spaces, LLC ("Buyer" or "Trading Spaces") for $7,000,000.00 pursuant to a Commercial Property Purchase Agreement And Joint Escrow Instructions dated February 12, 2009 ("Purchase Agreement"); (3) approving the sale as the highest and best offer; (4) authorizing Debtor to enter into and approving the Purchase Agreement and to undertake such other actions as may be reasonably necessary to complete the sale; (5) a finding that the purchaser is in good faith and entitled to the protections of Bankruptcy Code 363 (m); (6) authorizing the Debtors to pay from the proceeds the amounts owed to secured liens which are not in dispute and authorizing the Debtors to file or record termination statements, instruments of satisfaction, releases of liens and any other documents necessary for the purpose of documenting the release of specified liens; and (7) reserving bankruptcy court jurisdiction to implement the sale, enforce the sale order, or resolve any disputes with or related to the sale.

Dated: May 29, 2009     CAMPEAU GOODSELL SMITH
  /s/ William J. Healy
William J. Healy
Attorneys For Debtors