CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California 95112
Telephone: (408) 295-9555
Facsimile: (408) 295-6606

ATTORNEYS FOR Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ) | Case No. 09-51900 ASW |
| ) | |
| BENYAM and PAULA R. MULUGETA, ) | CHAPTER 11 |
| ) | |
| Debtors. ) | Date: July 1, 2009 |
| ) | Time: 1:45 p.m. |
| ) | Room: 3020 |
| ) | Place: United States Bankruptcy Court |
| ) | 280 S. First St. Room 3020 |
| ) | San Jose, CA 95113 |
| ) | Judge: The Honorable Arthur Weissbrodt |
| _____ ) | |

**NOTICE OF MOTION TO SELL REAL PROPERTY ("Harrison") FREE AND CLEAR OF LIENS**

TO THE HONORABLE ARTHUR S. WEISSBRODT; UNITED STATES BANKRUPTCY JUDGE and THE OFFICE OF THE UNITED STATES TRUSTEE;

TO LONE OAK FUND, LLC; ROBERT TAYLOR; TOMOKO NAKAMA;Aglala Panos; and ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that on July 1, 2009, at 1:45 p.m., before the Honorable Arthur S. Weissbrodt, United States Bankruptcy Judge, at the United States Bankruptcy Court, located at 280 South First St., San Jose, CA 95113, Debtors Benyam and Paula R. Mulugeta ("Debtors") will move the Court for entry of an order (1) finding that the notice of the motion was proper and adequate given the circumstances; (2) authorizing Debtors to sell real property commonly known as 2332

Harrison Street, Oakland, CA (Assessor Parcel Number (A.P.N.) 010-0769-005-00 ("Merrit Hotel[1]" or "The Property") free and clear of liens pursuant to Bankruptcy Code 363 (b) and (f), Bankruptcy Code 506, 506 (d), and Bankruptcy Rules 6004 and 3012 to Trading Spaces, LLC ("Buyer" or "Trading Spaces") for $7,000,000.00 pursuant to a Commercial Property Purchase Agreement And Joint Escrow Instructions dated February 12, 2009 ("Purchase Agreement"); (3) approving the sale as the highest and best offer; (4) authorizing Debtor to enter into and approving the Purchase Agreement and to undertake such other actions as may be reasonably necessary to complete the sale; (5) a finding that the purchaser is in good faith and entitled to the protections of Bankruptcy Code 363 (m); (6) authorizing the Debtors to pay from the proceeds the amounts owed to secured liens which are not in dispute and authorizing the Debtors to file or record termination statements, instruments of satisfaction, releases of liens and any other documents necessary for the purpose of documenting the release of specified liens; and (7) reserving bankruptcy court jurisdiction to implement the sale, enforce the sale order, or resolve any disputes with or related to the sale.

At the time of commencement of this case and according to Debtors' schedules and other information, Debtors appeared to have the following secured claims relative to The Property: (1) Lone Oak Fund, LLC approximately $3,500,000.00; (2) Robert Taylor approximately $200,00.00; (3) Tomoko Nakama approximately $185,000.00; and (4) Aglala Panos approximately $250,000.00.

From escrow, Debtor intends to pay customary costs of sale pursuant to the Purchase Agreement and necessary property taxes and pay and satisfy the claims of (1) Lone Oak Fund, LLC, (2) Robert Taylor, (3) Tomoko Nakama, and (4) Aglala Panos with all remaining escrow proceeds to held by Debtors' counsel ("Trust Money"), subject to further order of the Bankruptcy Court.

Debtor may sell free and clear of these liens (to the extent they secure claims against the assets being sold) pursuant to Bankruptcy Code 363 (b), (f) and Bankruptcy Rule 3012. Debtor believes the purchase price is the fair market value of The Property and the sale is in the best interests of the creditors.

This motion will be based on this notice, the motion, memorandum of points and authorities

---

[1] Debtors and Debtors' counsel recognize Merritt is spelled incorrectly throughout, but has done so purposely to match the spelling contained in the Purchase Agreement.

1  and supporting declarations on file with the clerk of the Bankruptcy Court, the records and files of
2  this court, and upon such further oral or documentary evidence as may be presented at the hearing.
3  Creditors.
4      Objections to the motion, if any, must be in writing, filed with the clerk of the Bankruptcy
5  Court, and served on Scott L. Goodsell at Campeau Goodsell Smith, 440 N. 1st St., #100, San Jose,
6  California 95112, <u>no later than fourteen (14) days before the hearing.</u> In the absence of opposition,
7  Debtor will request an order granting the requested relief, in whole or in part, on a default basis
8  without further notice. This motion will be based on this notice, the motion, memorandum of points
9  and authorities and supporting declarations on file with the clerk of the Bankruptcy Court, the
10 records and files of this court, and upon such further oral or documentary evidence as may be
11 presented at the hearing. Creditors and other parties in interest may review the motion on file with
12 the clerk of the Bankruptcy Court at the above-described address.

13 Dated: May 29, 2009        CAMPEAU GOODSELL SMITH
14                               /s/ William J. Healy
15                              William J. Healy
                              Attorneys For Debtors