1  CAMPEAU GOODSELL SMITH, L.C.
   SCOTT L. GOODSELL, #122223
2  WILLIAM J. HEALY, #146158
   440 N. 1st Street, Suite 100
3  San Jose, California   95112
   Telephone:  (408) 295-9555
4  Facsimile:  (408) 295-6606

5  ATTORNEYS FOR Debtors

6

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 IN RE:                          )  Case No. 09-51900 ASW
                                   )
12 BENYAM and PAULA R. MULUGETA,   )  CHAPTER 11
                                   )
13             Debtors.            )  Date:    September 23, 2009
                                   )  Time:  2:15 p.m.
14                                 )  Room: 3020
                                   )  Place:    United States Bankruptcy Court
15                                 )            280 S. First St. Room 3020
                                   )            San Jose, CA 95113
16                                 )  Judge: The Honorable Arthur Weissbrodt
                                   )
17 _____ )

18        **MOTION TO SELL REAL PROPERTY ("Harrison")**

19      Debtors Benyam and Paula R. Mulugeta ( "Debtors") submit the following motion to

20 sell Debtors' real property commonly known as 2332 Harrison Street, Oakland, CA

21 (Assessor Parcel Number (A.P.N.) 010-0769-005-00 ("Merritt Hotel" or "The Property"),

22 and as described herein, pursuant to Bankruptcy Code 363 (b), Bankruptcy Code 506, 506

23 (d), and Bankruptcy Rule 6004, as follows:

24 **I.     Summary.**

25      In summary, this is a motion by Debtors to sell Debtors' real property commonly

26 known as 2332 Harrison Street, Oakland, CA to R K Relan ("Relan") for $7,000,000.00

27 pursuant to a Commercial Property Purchase Agreement And Joint Escrow Instructions

28 dated September 3, 2009 ("Purchase Agreement").

---

Pursuant to this motion Debtors seek an order (1) finding that the notice of the motion was proper and adequate given the circumstances; (2) authorizing Debtors to sell real property commonly known as 2332 Harrison Street, Oakland, CA (Assessor Parcel Number (A.P.N.) 010-0769-005-00 ("Merritt Hotel" or "The Property") pursuant to Bankruptcy Code 363 (b), Bankruptcy Code 506, 506 (d), and Bankruptcy Rules 6004 and 3012 to R K Relan ("Buyer" or "Relan") for $7,000,000.00 pursuant to a Commercial Property Purchase Agreement And Joint Escrow Instructions dated February 12, 2009 ("Purchase Agreement"); (3) approving the sale as the highest and best offer; (4) authorizing Debtor to enter into and approving the Purchase Agreement and to undertake such other actions as may be reasonably necessary to complete the sale; (5) a finding that the purchaser is in good faith and entitled to the protections of Bankruptcy Code 363 (m); (6) authorizing the Debtors to pay from the proceeds the amounts owed to secured liens which are not in dispute and authorizing the Debtors to file or record termination statements, instruments of satisfaction, releases of liens and any other documents necessary for the purpose of documenting the release of specified liens; and (7) reserving bankruptcy court jurisdiction to implement the sale, enforce the sale order, or resolve any disputes with or related to the sale.

## II.    Introduction And Statement of Facts.

Debtors are the owners of seven (7) distinct residential and commercial properties, generally described as follows:

*Harker (Debtors' residence-a 5 bedroom 3 bath property located in Palo Alto);

*Harrison (a 5 story, 156 room hotel located in Oakland);

*Grand (a four story 21-unit apartment building with associated commercial units);

*O'Keefe (a 21-unit apartment building located in East Palo Alto);

*Chaucer (2 single family homes (duplex) located in Berkeley);

*Sevier (a single family residence located in Menlo Park used as a rental property); and

*Brann (a single family home used as a rental).

Debtors commenced this bankruptcy because the conversion the hotel at Harrison increased Debtors' debt, impacted their cash flow, and drained resources.

Harrison was purchased by Debtors' in approximately April 2002 for $4,100,000. Thereafter, in order to maximize the potential value of the hotel and property, Debtors' investigated several options which were subject to the City of Oakland's restrictions. Debtors' elected to develop the Harrison hotel to a similar, albeit slightly different use, but the City of Oakland required the property to be empty for one year. Debtors pursued this development opportunity in light of the potential return on the investment and increase to the property's value.

However, the cost of this development and the vacancy required by the City of Oakland impacted Debtors' income, cash flow at all properties, and drained resources.

In late 2006 Lone Oak lent monies to Debtors for the Merritt Hotel and at that time the Merritt Hotel was appraised for more than $6,200,000 "as is".

In 2008 Debtors received an offer from Parkside Development, Inc. for $6,500,000.

In February 2009, Debtors received a purchase offer for $9,000,000, with a $2,000,000 credit for remodeling of the hotel. This same party has also presented a lease option to purchase.

Trading Space, LLC's purchase agreement was based on an appraised "as is" value of $7,500,000 and a projected value after renovation at $13,500,000 (May 4, 2009). Detailed Analysis provided an appraisal of the Merritt Hotel at $7,500,000 "as is' and $13,500,000 after renovation. The underlying appraisal was performed by Patrick J. O'Malley, MAI certified general real estate appraiser.

In addition, the Veteran's Association ("VA") has expressed interest in leasing the hotel, which would allow the Debtors to maintain ownership of the property, receive $500,000 for the lease option, and have significant cash flow sufficient to allow Debtors to pay creditors and propose a plan to reorganize their debts and exit bankruptcy.

**A. Bankruptcy.**

Debtors commenced this case on March 18, 2009 and first retained counsel on April 2, 2009.

//

**B. Sale of Harrison/Merritt Hotel To Trading Spaces, LLC.**

Pre-petition Debtors entered into a contract to sell the Harrison property for $7,000,000 to Trading Spaces, LLC, an operator of assisted living facilities, as part of series of real estate purchases by Trading Spaces, LLC and with an appraised "as is" value of $8,100,000 and a projected value after renovation at $14,310,000 (April 17, 2009). Debtors believe that Trading Spaces, LLC has the ability to close this transaction. This transaction is part of series of real estate purchases by Trading Spaces, LLC, in connection with Argent Asset Management Inc. with a total monetary value of $81,000,000 for the six purchases.

Pursuant to an addendum to the Purchase Agreement, the contingencies were removed and the sale was to close on or before August 15, 2009.

The Court approved this sale pursuant to a formal order.

Debtors have continued to take actions to move this matter towards close. As late as September 3, 2009, Trading Spaces, LLC has assured Debtors it is moving to close and waiting solely on a bond rating for funding of the purchase. Debtors' counsel received a similar confirmation directly from Trading Spaces, LLC on September 2, 2009.

**C. Sale of Harrison/Merritt Hotel To R K Relan.**

Debtors have been in negotiations with Relan regarding The Property for many months. However, Debtors need to take action to protect their interests as well as the interests of their creditors.

Relan is aware and recognizes that Debtors are in contract to sell The Property to Trading Spaces, LLC for $7,000,000.00, such sale was scheduled to close on or before August 15, 2009, the sale did not close as scheduled, but Trading Spaces, LLC has, as late as September 3, 2009, represented that it believes the sale can close by September 10, 2009.

Therefore, Relan has agreed to remain as a back-up offer to Trading Spaces, LLC through 5:00 p.m. on September 10, 2009 at which time Debtors would, if Trading Spaces, LLC has not closed the transaction, terminate the Trading Spaces, LLC agreement for Trading Spaces, LLC's failure to timely close and would accept the Relan offer as reflected in the Purchase Agreement. Pursuant to the terms of the Purchase Agreement Relan would

Case: 09-51900    Doc# 143-1    Filed: 09/04/09    Entered: 09/04/09 16:44:53    Page 4
of 7

have 45 days to close. The Purchase Agreement provides that on September 10, 2009, Relan would make an initial deposit of $50,000.00, have 17 days to release its loan and appraisal contingencies, once the loan and appraisal contingencies are released increase the deposit to $160,000.00, and submit $4,900,000.00 into escrow for the sale to close. The Purchase Agreement provides that Debtors are to carry back a new second deed of trust at 6% for 5 years simple interest and then a ballon payment.

The Purchase Agreement does not require or therefore provide for payment of real estate commissions.

**D. Secured Claims.**

At the time of commencement of this case and according to Debtors' schedules and other information, Debtors appeared to have the following secured claims relative to The Property:

|  |  |
|---|---|
| (1) Lone Oak Fund, LLC | $3,500,000.00 |
| (2) Robert Taylor | $ 200,000.00 |
| (3) Tomoko Nakama | $ 185,000.00 |
| (4) Aglala Panos[1] | $ 250,000.00. |
| Estimated Total[2]: | $4,135,000.00 |

**E. Application Of Proceeds.**

Debtors anticipate the initial cash paid into escrow will be sufficient to pay, at least, the costs of sale, which excludes any real estate commissions, and the secured claims.

As the Purchase Agreement provides for the payment to secured creditors, Debtors do not anticipate any objections from any of the secured creditors or any other creditors.

All remaining escrow proceeds are to held by Debtors' counsel in a Debtor in Possession account ("DIP") ("Trust Money") subject to those deeds of trusts and liens of record asserted against Debtors, in favor of such claimants in order of recordation of their

---

[1]Debtors have subsequently determined that Ms. Panos' deed of trust was not recorded.

[2]These figures are estimated.

Case: 09-51900    Doc# 143-1    Filed: 09/04/09    Entered: 09/04/09 16:44:53    Page 5 of 7

liens, subject to further order of the Bankruptcy Court, subject to further order of the Bankruptcy Court.

**F. Benefit To Creditors.**

Debtors submit the balance of equities warrants a sale of The Property. If The Property is not sold pursuant to Trading Spaces, LLC or Relan, or other interested parties, then not only will the Debtors suffer, but all of their creditors will suffer significant harm and Debtors's ability to reorganize will be severely jeopardized. The failure of a sale of The Property would have a cascading impact on all of Debtors' secured creditors and various properties as several, but not all, of Debtors' secured creditors are cross-collateralized and the cascading impact will fall harshly to the unsecured creditors and likely the entire case.

**III. Conclusion.**

Debtors respectfully request an order an order (1) finding that the notice of the motion was proper and adequate given the circumstances; (2) authorizing Debtors to sell real property commonly known as 2332 Harrison Street, Oakland, CA (Assessor Parcel Number (A.P.N.) 010-0769-005-00 ("Merritt Hotel" or "The Property") pursuant to Bankruptcy Code 363 (b), Bankruptcy Code 506, 506 (d), and Bankruptcy Rules 6004 and 3012 to R K Relan ("Buyer" or "R K Relan") for $7,000,000.00 pursuant to a Commercial Property Purchase Agreement And Joint Escrow Instructions dated September 3, 2009 ("Purchase Agreement"); (3) approving the sale as the highest and best offer; (4) authorizing Debtor to enter into and approving the Purchase Agreement and to undertake such other actions as may be reasonably necessary to complete the sale; (5) a finding that the purchaser is in good faith and entitled to the protections of Bankruptcy Code 363 (m); (6) authorizing the Debtors to pay from the proceeds the amounts owed to secured liens which are not in dispute and authorizing the Debtors to file or record termination statements, instruments of satisfaction, releases of liens and any other documents necessary for the purpose of documenting the release of specified liens; and (7) reserving bankruptcy court jurisdiction to implement the sale, enforce the sale order, or resolve any disputes with or related to the sale.

Dated: September 4, 2009          CAMPEAU GOODSELL SMITH

Case: 09-51900     Doc# 143-1     Filed: 09/04/09     Entered: 09/04/09 16:44:53     Page 6 of 7

1       /s/ William J. Healy
2       William J. Healy
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case: 09-51900    Doc# 143-1    Filed: 09/04/09    Entered: 09/04/09 16:44:53    Page 7 of 7