CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California 95112
Telephone: (408) 295-9555
Facsimile: (408) 295-6606

ATTORNEYS FOR Debtors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | Case No. 09-51900 ASW |
| BENYAM and PAULA R. MULUGETA, | CHAPTER 11 |
| Debtors. | Date: October 22, 2009<br>Time: 9:30 a.m.<br>Room: 3020<br>Place: United States Bankruptcy Court<br>280 S. First St. Room 3020<br>San Jose, CA 95113<br>Judge: The Honorable Arthur Weissbrodt |

**DEBTORS' STATUS STATEMENT IN SUPPORT OF DEBTORS' MOTION TO EXTEND TIME ON ORDER RE MOTION FOR RELIEF FROM AUTOMATIC STAY ("Harrison") AND MOTION TO SELL REAL PROPERTY ("Harrison")**

COMES NOW, Debtors Benyam and Paula R. Mulugeta ("Debtors"), and pursuant to the Court's October 6, 2009[1] Order Continuing Hearing On Motion To Extend Time On Order RE Motion For Relief From Automatic Stay ("Harrison") And Motion To Sell Real Property ("Harrison") ("Order"), submit the following status statement in support of thereof[2]:

**I. Status of Matters Set Forth In Order.**

A. The Order required Debtors and Tomoko Nakama to each pay to Lone Oak Fund, LLC

---

[1] Docketed on October 8, 2009 (Docket No.: 168)

[2] Debtors are prepared to submit a declaration confirming this status statement as requested.
DEBTORS' STATUS STATEMENT IN SUPPORT OF DEBTORS' MOTION TO EXTEND TIME ON ORDER RE MOTION FOR RELIEF FROM AUTOMATIC STAY ("Harrison") AND MOTION TO SELL REAL PROPERTY ("Harrison")

Case: 09-51900    Doc# 177    Filed: 10/20/09    Entered: 10/20/09 13:11:03    Page 1 of 5

("Lone Oak") $7,500.00 by October 5, 2009. On October 2, 2009, Debtors sent two $7,500.00 checks to Lone Oak via Federal Express for delivery on October 5, 2009. On October 5, 2009, Debtors confirmed delivery and Lone Oak confirmed receipt.

B. The Order required Debtors to file and serve by October 9, 2009 a declaration from R.K. Relan ("Relan") with respect to his ability to pay the purchase price for Harrison. On October 9, 2009 Debtors filed and served the declaration of Relan[3]. Relan's declaration indicates, in part, he has been in the real estate business and related investments since 1986, has over ten years in the luxury hotel business, owns a hotel in Sacramento as a partner, and has assets of over $10 million. In addition, the Relan declaration indicates that he is willing and able to buy Harrison on the terms and conditions set for in the contract with Debtors.

C. The Order required Debtors to file and serve by October 9, 2009 a proposal to extend the stay for sufficient time to close the transaction. On October 9, 2009, Debtors filed and served a proposal regarding Harrison[4]. Debtors' proposal indicates, in part, that if Relan has not removed all contingencies by October 19, 2009, then Debtors will ask the court for permission to employ a commercial real estate broker specializing in hotels and will drop the sales price in an effort to cause a quick sale. In addition, Debtors' proposal indicates that they are able to make a $30,000.00 a month payment to Lone Oak starting November 10, 2009 during the time Debtors proceed with efforts to sell[5].

D. The Order required Debtors to file and serve a status statement detailing the status of all related matters. This statement addresses this requirement.

**II. Status of Sale Of Harrison.**

**A. Relan.**

---

[3]Debtors filed and served this declaration directly as Docket No.: 170). On October 10, 2009, Debtors' counsel emailed the Relan declaration to Lone Oak and Ms. Nakama and mailed it to Lone Oak, Ms. Nakama, and Robert Taylor.

[4]Debtors filed and served this declaration directly as Docket No.: 168). On October 10, 2009, Debtors' counsel emailed the Relan declaration to Lone Oak and Ms. Nakama and mailed it to Lone Oak, Ms. Nakama, and Robert Taylor.

[5]See reference to lease in Section II. C.

**DEBTORS' STATUS STATEMENT IN SUPPORT OF DEBTORS' MOTION TO EXTEND TIME ON ORDER RE MOTION FOR RELIEF FROM AUTOMATIC STAY ("Harrison") AND MOTION TO SELL REAL PROPERTY ("Harrison")**
2

Case: 09-51900   Doc# 177   Filed: 10/20/09   Entered: 10/20/09 13:11:03   Page 2 of 5

Debtors have been working with Relan towards his release of contingencies on or before October 19, 2009. Relan did not release the remaining contingencies or deposit additional funds. Relan confirmed his commitment to the transaction. In the interim, Relan traveled to the Phillippines to finalize deals which will allow him to close Harrison. Relan's return in anticipated shortly.

**B. Real Estate Broker(s)/Sale.**

Debtors have been in contact with two commercial real estate firms, The Ehmer Group of Marcus & Millichap and Coldwell Bank Commercial to list Harrison at or below $6 million in order to generate a prompt sale. Debtors intend to ask the court to employ one or both of the brokers.

**C. Lease.**

Debtors, as previously disclosed to the court, have received an offer to lease the property from Eden Sober Living For Men. Recently, Debtors received an updated offer to lease which will enable Debtors to make payments to Lone Oak pending their efforts to sell Harrison. Specifically, Eden Sober Living For Men agreed to deposit $15,000.00 (next week) towards a lease[6], pay $25,000.00 a month in lease payments from November 15, 2009 through January 15, 2010, $35,000.00 a month from January 15, 2010 through June 15, 2010, and $50,000.00 a month from June 15, 2010 through June 15, 2011. The agreement provides that the parties will enter into a lease optionto purchase for $7,500,000.00.

**D. Trading Spaces.**

Debtors have been contacted by Trading Spaces, LLC ("Trading Spaces") regarding its interest in continuing with its prior sales contract.

As previously indicated Trading Spaces' delays were related to its efforts to secure financing through bonds. However, Debtors have learned that Trading Spaces that the bonds have been sold to Dutch Bank and Debtors are to receive confirmation by tomorrow of a specific date whereby Trading Spaces will fund the various escrows, including the existing escrow for purchase of Harrison.

**E. Additional Buyer.**

---

[6]As a security deposit.

**DEBTORS' STATUS STATEMENT IN SUPPORT OF DEBTORS' MOTION TO EXTEND TIME ON ORDER RE MOTION FOR RELIEF FROM AUTOMATIC STAY ("Harrison") AND MOTION TO SELL REAL PROPERTY ("Harrison")**
3

Case: 09-51900   Doc# 177   Filed: 10/20/09   Entered: 10/20/09 13:11:03   Page 3 of 5

As a result of Debtors' continuing marketing efforts another buyer has surfaced. Debtors have elected to disclose and introduce this buyer at the hearing for fear of interference with the transaction[7].

//

**III. Interference With Sale of Harrison.**

Debtors believe and submit that Debtors' ability to market and sell Harrison has been interfered with and damaged by the conduct of Lone Oak.

Lone Oak has apparently retained the services of Kevin Singer of Receivership Services[8]. Immediately prior to the September 30, 2009 hearing, a woman from Mr. Kevin Singer's office contacted Debtors' counsel and indicated that she was calling on behalf of Mr. Singer, he had been appointed receiver for the Harrison property, and she wanted to arrange for Mr. Singer to meet with the Mulugetas and inspect the property. Debtors' counsel responded by indicating their roll as Debtors' counsel, the status of the bankruptcy, the impact of the stay, that Mr. Singer had not been appointed as receiver by the bankruptcy court, that other court had authority to or had issued an order appointing any receiver, and that she should go back to Mr. Singer and clarify her information.

On October 6 and 7, 2009, Debtors' counsel was advised by Mr. Mulugeta that on October 6, 2009, while he was in an attorney's office, Mr. Singer called, introduced himself as the receiver and indicated that he had a court order appointing him as receiver for the Harrison property, and wanted to meet with the Mulugetas and inspect the property. Mr. Mulugeta handed the phone to the attorney who, with knowledge of the status of the bankruptcy, confronted Mr. Singer on the status of the state action, the automatic stay, and the absence of any order appointing him as receiver.

In addition, Debtors have learned that during this same time frame Mr. Singer also called an adjacent property owner, introduced himself as the receiver, said the property was in foreclosure,

---

[7]See discussion hereinafter.

[8]Pre-petition Lone Oak commenced a civil action in Alameda County Superior Court and moved the court, ex parte, for appointment of a receiver which Debtors understand was to be Mr. Singer.

**DEBTORS' STATUS STATEMENT IN SUPPORT OF DEBTORS' MOTION TO EXTEND TIME ON ORDER RE MOTION FOR RELIEF FROM AUTOMATIC STAY ("Harrison") AND MOTION TO SELL REAL PROPERTY ("Harrison")**
4

Case: 09-51900   Doc# 177   Filed: 10/20/09   Entered: 10/20/09 13:11:03   Page 4 of 5

and wanted to know if this person was interested in purchasing the property.

Mr. Singer's communications with this adjacent property owner confirm another concern Debtors have regarding Lone Oak's and its representatives' actions regarding the Debtors and this property. This same adjacent property owner recently that pre-petition, contrary to the sworn declarations submitted on behalf of Lone Oak in support of its motion for relief from stay, that they had received a flyer from Lone Oak indicating it was the owner of the property, it had the property for sale, and to contact Lone Oak if they were interested in purchasing the property.

Debtors have also learned that a Mr. Jery of Lone Oak has been discussing and negotiating with Mr. Cliff Bercovich and his client[9] to lease and/or sell Harrison.

Debtors are aware that Lone Oak has scheduled Trustee's Sale for October 26, 2009 at 12:30 p.m.

On October 7, 2009, Debtors brought these concerns to Lone Oak's attention. As of today, Lone Oak has not provided a substantive response except to indicate it will review the matters directly and with Mr. Singer.

**III. Conclusion.**

Debtors submit this status statement pursuant to the Order and in support of their Motion To Extend Time On Order RE Motion For Relief From Automatic Stay ("Harrison") And Motion To Sell Real Property ("Harrison").

Dated: October 20, 2009　　　　　　　　　　　　CAMPEAU GOODSELL SMITH
　　　　　　　　　　　　　　　　　　　　　　　　 /s/ William J. Healy
　　　　　　　　　　　　　　　　　　　　　　　　William J. Healy

---

[9] A former client of Debtor.

**DEBTORS' STATUS STATEMENT IN SUPPORT OF DEBTORS' MOTION TO EXTEND TIME ON ORDER RE MOTION FOR RELIEF FROM AUTOMATIC STAY ("Harrison") AND MOTION TO SELL REAL PROPERTY ("Harrison")**
5

Case: 09-51900    Doc# 177    Filed: 10/20/09    Entered: 10/20/09 13:11:03    Page 5 of 5