WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
SIMON ARON (SBN 108183)
11400 West Olympic Blvd., 9th Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100
Facsimile: (310) 479-1422

Attorneys for Lone Oak Fund, LLC

**FILED JAN 0 5 2010** CLERK, United States Bankruptcy Court, San Jose, California

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>BENYAM and PAULA R. MULUGETA<br><br>Debtors. | Case No.: 09-51900-ASW  *File By Fax*<br><br>Chapter 11<br><br>**SECURED CREDITOR LONE OAK FUND, LLC'S RESPONSE TO DEBTOR'S STATUS REPORT INCLUDING DECLARATIONS OF DANIEL WOODARD AND GERALD DUCOT**<br><br>Date: January 8, 2010<br>Time: 10:30 a.m.<br>Courtroom: 3020<br>  United States Bankruptcy Court<br>  280 S. First Street, Room 3020<br>  San Jose, CA 95113<br><br>Judge: Honorable Arthur Weissbrodt |

TO: THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW secured creditor Lone Oak Fund, LLC (the "Lone Oak"), and hereby submits its reply to the Status Report submitted by debtors Benyam and Paula

---

LONE OAK'S RESPONSE TO DEBTORS' STATUS REPORT

R. Mulugeta ("Debtors") regarding the Debtor's Motion to Extend Time on Order Re Motion for Relief From Automatic Stay (the "Motion to Extend") and the Motion to Sell Real Property (the "Motion to Sell") as follows[1]:

On July 14, 2009, this Court granted Lone Oak relief from the automatic stay effective October 2, 2009. Relief was expressly delayed to allow time for the Debtors to complete a sale of the real property located 2332 Harrison Street, Oakland, California (the "Harrsion Property"), which sale had been approved by this Court at a hearing held on July 1, 2009. Lone Oak did not object to the proposed sale at that time.

Despite numerous hearings and continuances, and notwithstanding a seemingly never ending stream of optimistic representations and assessments from the Debtors, no sale has moved forward and nothing has changed since September of 2009, except that Lone Oak is in a worse position today than it was back on October 2, 2009, when it should have been allowed to protect its interests in the Harrison Property.

Since October 2, 2009, Lone Oak interests have been eroded by the accrual of interest at the rate of approximately $55,000 per month, or approximately $165,000 as of January 2, 2010, the accrual of additional real property taxes in the amount of $43,132.73, and costs and expenses, including attorney's fees of approximately $12,000.00. At present, delinquent property taxes alone amount to $155,972.63, and the total debt owed to Lone Oak is approximately $4,379,321.81 as of December 31, 2009.[2]

The Debtor's Status Report suggests that: (1) A sale is still pending to Trading Spaces; (2) They have "contacted two commercial real estate firms, Coldwell Bank Commercial and The Elmer Group of Marcus & Millichap to list Harrison at or below

---

[1] The Status Report filed by Debtors appears to be missing pages. On or about December 28, 2009, Debtors served by mail a copy of an unfiled 4-page document entitled Status Report, a true and correct copy of which is attached hereto as Exhibit "A".

[2] This figure is net of the amounts paid by the Debtors pursuant to this Court's Order entered on November 12, 2009.

---

**LONE OAK'S RESPONSE TO DEBTORS' STATUS REPORT**

1

$6 million in order to prompt a quick sale"; and (3) "Debtors will open the hotel for business starting January 4, 2010. There will be 60 rooms available; room rent will be $39.99 per night." Status Report, p. 1-2. These are virtually identical statements made by the Debtors' in their prior filings to this Court on October 9 and again on October 20, 2009.[3]

1. <u>Sale of Harrison</u>. As the Court will recall, the Debtor's have had this property in escrow since **February of 2009**. First with Trading Spaces, which was to close on August 15, 2009. The Debtor terminated that purchase because Trading Spaces failed to perform at or immediately prior to the hearing before this Court on October 22, 2009. Then the Debtor's sought to sell the Harrison to another purported buyer, R K Relan ("Relan"), which has also not closed. There is no basis to believe that any sale of the Harrison will be forthcoming. This conclusion is not only supported by the six months of time this Court has given the Debtors to do so, but by the results of Lone Oak's recent inspection of the property, as described below.

2. <u>Employment of Real Estate Brokers</u>. The Debtor's statement is nothing more than repetition of an identical statement made by them in October of 2009. <u>See</u>, Exhibit "C" hereto, p. 3, ll. 5-8, inclusive.

3. <u>Rental of the Harrison</u>. The Debtors have repeatedly represented to this Court that the Harrison was ready to be rented and would start generating income, from which Lone Oak would be paid on a monthly basis. However, the statements made then and now are patently false. The Debtors have no certificate of occupancy, and none will be forthcoming in light of the 360 or so health and safety code violations disclosed in a recent (December 21, 2009) inspection conducted by Daniel Woodward of Woodward Construction, at the request of Lone Oak. These violations included, bare, exposed electric wires and missing electrical cover plates, out of date fire

---

[3] True and correct copies of these filings are attached hereto as Exhibits "B" and "C".

LONE OAK'S RESPONSE TO DEBTORS' STATUS REPORT

2

Case: 09-51900   Doc# 200   Filed: 01/05/10   Entered: 01/07/10 11:48:06   Page 3 of 11

extinguishers, removed fire alarms, falling or dropped ceilings, holes in walls, open interior walls and ceilings with exposed framing, missing and loose Spanish roof titles, and pigeon droppings and pigeon remains inside creating an unbearable stench and health risks.[4]

In conclusion, there is no basis to further delay Lone Oak from exercising its rights and remedies against the Harrison. For the reasons set forth above, and in its numerous prior oppositions, Lone Oak respectfully requests that the Court deny the Motion to Extend and the Motion to Sell in their entirety.

DATED: January 4, 2010        WOLF, RIFKIN, SHAPIRO, SCHULMAN
                              & RABKIN, LLP

                              By: _____
                                  SIMON ARON
                              Attorneys for Lone Oak Fund, LLC

---

[4] Attached hereto as Exhibit "D" are true and correct copies of some of the pictures depicting the condition of the Harrison Property.

# DECLARATION OF DANIEL WOODARD

I, DANIEL WOODWARD, do hereby declare as follows:

1. I am a licensed general contractor and hold license #765343. I am further certified and hold contractor licenses in electrical (C-10), plumbing (C-36), fire enginerring (C-16), building moving and demolition (C-21), asbesto; and lead abatement certified. I have been actively engaged in the construction, repair, abatement and operation of commercial real estate since 1978. I have personal knowledge of matters set forth herein and could, if called upon to do so, competently testify thereto.

2. On or about December 16, 2009, I was requested by Simon Aron, counsel to Lone Oak Fund, LLC ("Lone Oak") to perform an inspection and review of the real property located 2332 Harrison Street, Oakland, California 94612 (the "Subject Property"), a non-operating 108 room SRO hotel, and to express an opinion as to the status of repairs and of occupancy of the Subject Property.

3. I make this Declaration in support of the Lone Oak reply to the Status Report filed December 28, 2009 in the chapter 11 case of Benyam Mulugeta and Paula R. Mulugeta (collectively the "Debtors").

4. I conducting a detailed physical inspection of the Subject Property on December 21, 2009. My inspection disclosed approximately 360 violations of Health and Safety Code violations, all of which would have to be removed in order for a certificate of occupancy to be issued in connection with the Subject Property. Among the violations I observed were:

   a. bare exposed electric wires
   b. missing electrical cover plates
   c. out of date fire extinguishers, removed fire alarms, and fire hoses note racked
   d. falling or dropped ceilings
   e. holes in walls, open interior walls and ceilings with exposed framing

  g. pigeon droppings and pigeon remains inside creating an unbearable stench and health risks

  h. stored flammable and combustible materials

5. During my physical inspection, I took numerous pictures depicting some of the violations I observed at the Subject Property. Attached hereto collectively as Exhibit "D" are true and correct copies of the pictures I took during my inspection of the Subject Property.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, this Declaration is executed on January 4, 2010, at Los Angeles, California.

*/s/ Daniel Woodward*
DANIEL WOODWARD

---

**LONE OAK'S RESPONSE TO DEBTORS' STATUS REPORT**

5

| | |
|---|---|
| 1 |     f. missing and loose Spanish roof titles |
| 2 |     g. pigeon droppings and pigeon remains inside creating an unbearable stench |
| 3 |        and health risks |
| 4 |     h. stored flammable and combustible materials |

5.     During my physical inspection, I took numerous pictures depicting some of the violations I observed at the Subject Property. Attached hereto collectively as Exhibit "D" are true and correct copies of the pictures I took during my inspection of the Subject Property.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, this Declaration is executed on January 4, 2010, at Los Angeles, California.

                                            DANIEL WOODWARD

# DECLARATION OF GERALD DUCOT

I, Gerald Ducot, declare:

1. I am over eighteen years old and am an officer of Lone Oak Industries, Inc., which is a member and manager of Lone Fund, LLC, a California limited liability company, ("Lone Oak"). Except as otherwise noted, I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify thereto under oath

2. I make this declaration in support of Lone Oak's response to the Status Report recently filed by Benjam Mulugeta and Paula R. Mulugeta (collectively the "Debtors").

3. I am one of the custodians of the books, records, files and credit records of Lone Oak relating to the secured loan made by Lone Oak to the Debtors. I have personal knowledge of the following facts, or have gained knowledge from the business records of Lone Oak maintained by its employees in the ordinary course of its business at or near the times mentioned herein. If called to testify in this action as to matters set forth in this Declaration, I could and would testify competently thereto.

4. During the course of my employment with Lone Oak, I have become familiar with the methods and procedures of compiling and maintaining data and documents concerning loans and extensions of credit by Lone Oak. The books, records and files of Lone Oak as they pertain to the Debtors' account are kept in the ordinary course of Lone Oak's business and are prepared in such manner as to reflect all acts, conditions and events at or near the time such acts, conditions or events occurred.

5. The Debtors are the record owners of the real property commonly known as 2332 Harrison Street, Oakland, California 94612 (the "Subject Property").

6. The Subject Property consists of 108 SRO room hotel, including ballrooms, restaurant, large garden and deck. I am informed and believe that the Subject Property has been and remains closed and non-operating and is not occupied

Case: 09-51900   Doc# 200   Filed: 01/05/10   Entered: 01/07/10 11:48:06   Page 8 of 11

by visitors or tenants.

7. On or about October 23, 2006, Lone Oak loaned Debtors $3,500,000.00. The loan is evidenced by a Note dated October 23, 2006 (the "Note"). The Note provided for payments by Debtors to Plaintiff of $28,875.00 per month on the first day of each month commencing on December 1, 2006, with the balance due and payable on April 30, 2008.

8. The loan is secured by a Deed of Trust in a first position against the Subject Property (the "Deed of Trust"). The Deed of Trust was recorded on October 27, 2006, as instrument number 2006402481 in the Alameda County Recorder's Office.

9. On or about March 31, 2008, Lone Oak and Debtors entered into a Loan Modification Agreement, whereby the term of the Note and Deed of Trust was extended from April 30, 2008, to and including October 31, 2008.

10. On October 31, 2008, Debtors defaulted under the terms of the Note and Deed of Trust in that Debtors failed to pay the balance of principal and interest remaining unpaid on the Loan. The Debtors further defaulted under the terms of the Note and Deed of Trust by abandoning the Subject Property and by failing to pay real property taxes coming due on the Subject Property, taxes which became delinquent first on April 10, 2008.

13. Specifically, Debtors failed to pay the second installment of taxes for the 2007-2008 years, and $39,417.98 remains due and owing. In addition, as May 1, 2009, taxes are owed to the Alameda County Tax Collector in connection with the Subject Property for the 2008-2009 years in the aggregate amount of approximately $73,411.94. More recently, Debtors failed to pay the taxes coming due without penalty on December 10, 2009, and, as a result thereof, an additional $43,132.73 has accrued against the Subject Property ahead of Lone Oak's deed of trust. Therefore, as of January 2, 2010, there is approximately $155,000 is owed for outstanding taxes secured by the Subject Property ahead of Lone Oak's deed of trust.

LONE OAK'S RESPONSE TO DEBTORS' STATUS REPORT
7

Case: 09-51900    Doc# 200    Filed: 01/05/10    Entered: 01/07/10 11:48:06    Page 9 of 11

14.     In addition, from and after June 10, 2008, interest began to accrue on the amount of $39,417.98 owed to the Alameda County Tax Collector for 2007-2008 taxes at the rate of one and one-half (1½ %) percent per month, or eighteen (18%) per annum. Similarly, from and after June 10, 2009, interest will began to accrue on the amount of $73,411.94 owed to the Alameda County Tax Collector for 2008-2009 taxes at the rate of one and one-half (1½ %) percent per month, or eighteen (18%) per annum.

15.     As of January 2, 2010, amounts owed to Lone Oak under the Note and Deed of Trust are as follows:

| | |
|---|---|
| Principal | $3,500,000.00 |
| Interest through maturity | $ 93,625.00 |
| Interest after maturity | $ 700,833.38 |
| Late Fees through maturity | $ 9,362.50 |
| Foreclosure Costs | $ 38,680.60 |
| Legal Fees and Costs | $ 36,820.33[5] |
| Total | $ 4,379,321.81 |

This amounts takes into account all amounts recently paid to Lone Oak by or on behalf of the Debtors.

16.     Finally, I am advised that the Debtors contend that Lone Oak has somehow interfered with their purported sales of the Subject Property. All such statements and inferences are simply untrue. In or around September, 2009, I received a telephone call from a broker purporting to represent the Debtors and a purported, potential lessee. They claimed to be meeting with the Debtors and asked two questions: First, they asked whether Lone Oak would agree to continue to provide financing if the potential lessee signed a lease? I replied that Lone Oak would under certain conditions including having Lone Oak's loan brought current; Secondly, they asked if Lone Oak

---

[5] Estimated through the date of the hearing on Lone Oak's Motion.

Case: 09-51900   Doc# 200   Filed: 01/05/10   Entered: 01/07/10 11:48:06   Page 10 of 11

would provide financing to them if they purchased the property? I replied that Lone Oak would do so subject to acceptable terms. Terms were not discussed. Other than as stated herein, neither I, nor anyone else employed by Lone Oak has had any conversations with any person concerning the sale or lease of the Harrison Property.

17. On December 25, 2009, I received an email and attached letter from Debtor Benyam Mulugeta, a true and correct copy of which is attached hereto as Exhibit "E".

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 2, 2010, at Los Angeles, California,

_____
GERALD DUCOT