Benyam and Paula R. Mulugeta
1025 Harker Ave.
Palo Alto, Ca. 94301
Tel. 650-906-8012
Email bmulugeta1020@gamil.com

Debtor in Possession

FILED
FEB 1 0 2010
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:

Benyam and Paula R. Mulugeta

    Debtors

Case No. 09-51900 ASW

Chapter 11

**EVIDENCRY HEARING**

Date: February 17, 2010
Time: 2:15 p.m.
Place: 280 S. First St. Rm. 3020
       San Jose, Ca. 95113
Judge: The Honorable A Weissbrodt

**DECLARATION OF BENYAM MULUGETA RE; MOTION TO SELL REAL PROPERTY "HARRISON"**

I, Benyam Mulugeta, do hereby declare:

1. I am one of the Debtors and authorized to make this declaration on my own behalf and on behalf of my spouse and debtor, Paula R. Mulugeta ("Debtors').

2. I submit this declaration of my own personal knowledge except as to those matters upon which I am informed and believe to be true. If called to testify as to the matters stated herein I could do so in an honest and competent manner.

3. The reason Debtors filed Chapter 11 to get protection from the bankruptcy court from lender like Lone Oak Fund LLC, and to stabilize their estate from collapsing, which has currently been achieved; and to concentrate in selling the property "Harrison", which has the most equity and is the most important for debtors reorganization plan, which allows Debtors to be able to pay all their creditors and come out of bankruptcy. In addition, the first phase of Debtors bankruptcy period was spent fixing and remodeling, the property known as 353 Grand Ave. Oakland, which has 21 units and 4 commercial units to stabilize and renting it back after 6 months of vacancy. Debtors had to close "Harrison" for over a year in order to convert it from residential hotel to

for over a year in order to convert it from residential hotel to commercial hotel. The condition of "Harrison" and "Grand" properties were the situations which brought the Debtors' estates to the verge of collapse, and which forced Debtors to file Chapter 11 on March, 2009 in order to stabilize the estate and to get protection from the court for reorganization.

4. Debtors submit that their estate is not a single-asset estate; therefore, the property "Harrison" should not be looked separately, since it is essential for Debtors overall reorganization plan.

5. Debtors argue that they should not be panelized and/or should not be hold responsible for action or in action of a 3rd party, namely a buyer like Trading Spaces LLC.

6. Debtors filed Chapter 11 to get protection for their property, not to defend the action of Trading Spaces LLC or any other 3rd party which Lone Oak Fund and its counsel Mr. Simon Aron tried to make the court focus on in order to achieve their objective, which is to take the property and destroy the Debtors, which is classic example of predatory lending.

**PROPERTY TAX OWED ON THE REAL PROPERTY "HARRISON".**

1. **As of January 29, 2010 Debtors owe the County of Alameda a total of $130,072.65, property tax on "Harrison", which covers 2007/2008 and 2008/2009 property tax as well as penalty and interest.( see Exhibit I). The $165,000.00 stated by Mr. Simon Aron on his February 1st, 2010 response is not accurate.**

2. **Debtors contacted the County of Alameda on January 27, 2010 to arrange payment plan.**

3. **The County of Alameda told Debtors, if Debtors pay 20% of $130,072.65, which is $26,074.53, the County will work out an installment payment plan. Debtors are planning to pay the $26,074.53 of the property tax on March 19, 2010 if Trading Spaces LLC, the buyer of "Harrison" property will not able to close by the first week of March, 2010.**

4. **The interest is computed at the rate of 1.5% per month of the unpaid balance. (see Exhibit II)**

**THE SALE OF REAL ESTATE "HARRISON" HAS BEEN DEBTORS PLAN A**

1. Debtors contacted the buyer, Trading Spaces LLC, on February 7, 2010 in preparation of this declaration and talked to Mr. Gary G. Gornick, Managing Partner, to find out the status of "Harrison" purchase. Mr. Gornick told debtor, Benyam Mulugeta, that he, Mr.

Gornick, is 96 percent for sure that they will close the deal before the end of February, 2010. The reason for the delay and further extension is due to the complexity of the transaction and the financial arrangement, which involved purchasing the six hotels at the same time, said Mr. Gornick.

2. Debtors are arranging and talking to Mr. Gornick and/or the lender Mr. Ronald Morgan of Argent Asset Management Inc. to come to the court on February 17, 2010 at 2:15 to testify A) the reason why the deal has taken so long to close B) Trading Spaces LLC ability and desire to buy the real property "Harrison", C) When for sure they think the deal will close.

3. On February 17, 2010 at 2:15 pm. Mr. Patrick J. O'Malley, MAI commercial appraiser will be in court to testify during the evidentiary hearing to the value of the real property "Harrison".

4. Mr. O'Malley re-inspected/appraised the "Harrison" property on December 21, 2009 to determine if the property has maintained the appraised value of May 17, 2009, which he did. On May 17, 2009 the property was **appraised $7,500,000.00 "as is"**. Debtors had submitted the appraisal to the court in the past. Mr. O'Malley concluded on December 21, 2009 that the property "Harrison" has maintained its value, if not increased. Debtors believe Mr. O'Malley will testify on February 17, 2010 the property "Harrison" has maintained its value if not increased.

5. Mr. Bob Taylor, who is a real estate broker and who has extensive knowledge in real estate business will testify to the value of the real property "Harrison". And how, it will affect the interest of the junior lien holders if Lone Oak Fund LLC is allowed to foreclose.

**PLAN B DEBTORS WILL SUBMIT PLAN OF REORGANIZATION**

1. Debtors believe that Trading Spaces LLC is bon fide buyer and the offer is bon fide, and Trading Spaces is able to close the deal. However, if Trading Spaces LLC will not close as planed by the end of February, 2010 or the first week of March, 2010, Debtors will submit a PLAN.

2. Debtors are requesting the court for **60 days extension** to submit a plan of reorganization and to hire a Chapter 11 attorney.

3. **Debtors believe that the February 17, 2010 evidentiary hearing will prove to the court that the property "Harrison" has enough equity and essential to debtors' reorganization, and debtors' ability to pay off all their creditors and come out the bankruptcy. In addition, Debtors believe based on their 25 years of real estate experience and the interests that the property has generated, its location and its current apprised value by commercial appraiser who does not have any interest on the property, and who have over 25 years of experience in commercial appraisal, that the Lone Oak Fund interest is safe.**

**DEBTORS RESPONSE TO LONE OAK FUND, LLC RESPONSE ON FEBRUARY 1ST, 2010 TO DEBTORS NOTICE OF UNEXPECTED FACTS AND REQUEST FOR EXTENSION OF TIME TO MAKE PAYMENT OF $31,700 ON TIME.**

1. Debtors sent overnight on January 30, 2010 during the cure period **the $31,700.00 payment** which was order by the court on January 8, 2010. Mr. Simon Aron assistance informed via email the debtors that Mr. Aron had received the payment on February 1st, 2010.

2. Debtors question the motive and the reason behind Mr. Simon Aron respond knowing that he had already received the payment on February 1st, 2010 before the 5 working days "cure period" expired.

3. In response to Mr. Simon Aron and Lone Oak Fund assertion that "Lone Oak Fund interests have been and continued to be eroded by the accrual of interest at the rate of approximately $55,000 per month", Debtors submit to the court that the kind of interest, which is 19 percent, that Lone Oak Fund is charging is not only **UNCONSCIONABLE,** it is predatory lending practice, and it is not a rate that the market and the economy can bare especially in the current economy environment. Thus, Debtors argue and submit to the court that Lone Oak Fund is not in lending business but rather in predatory lending practice, to make it hard for the Debtors to make the payments so that they, Lone Oak Fund LLC, can foreclose and take the property.

4. **Debtors request the court under its authority given by SECTION 1129 (b) bankruptcy code to adjust the rate so that the rate will be reasonable** for Debtors to make the payment until they sale the property.

5. Debtors will file an application to the court to file a law sue against Lone Oak Fund and its investors near future, to challenge the legality of such outrages charge and lending practice.

6. Debtors are still looking a Chapter 11 attorney to represent them and talked to several of them. Debtors are hoping to get a Chapter 11 attorney near future.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed the 10th day of February 2010, in Palo Alto, California.

Benyam Mulugeta
Debtor

*EXHIBIT I*

```
           ALAMEDA COUNTY OFFICE OF THE TREASURER AND TAX COLLECTOR
                      1221 OAK STREET, OAKLAND, CA 94612
                STATEMENT OF PRIOR YEAR SECURED DELINQUENT TAXES DUE

ASSESSED TO:                              ASSESSOR'S PARCEL 10-768-5
    MULUGETA BENYAM & PAULA R
    1025 HARKER AVE                       YEAR-DEFAULT NO. 2007/08-  676080
    PALO ALTO CA               94301      SITUS: 2332 HARRISON ST

REDEMPTION AMOUNT DUE (CURRENT FISCAL YEAR TAXES NOT INCLUDED):

   FISCAL      TAXES AND      DELINQUENT               REDEMPTION
    YEAR      ASSESSMENTS +    PENALTY + COST +        PENALTIES* =        TOTAL

   2007/08     35,825.44      3,582.54    10.00         10,210.25        49,628.23
    (*1.5% PER MONTH REDEMP PEN ON TAXES/ASSMTS      19 MO =  28.50%)
   2008/09     66,738.12      6,673.80    10.00          7,007.50        80,429.42
    (*1.5% PER MONTH REDEMP PEN ON TAXES/ASSMTS       7 MO =  10.50%)




      TOTAL ABOVE                                                       130,057.65
         INTEREST ON INSTALLMENT PAYMENTS                                      .00
         PARTIES OF INTEREST NOTICE FEE                                        .00
         RECORDING FEE                                                         .00
         STATE REDEMPTION FEE                                               15.00
      SUB-TOTAL                                                         130,072.65


      TOTAL AMOUNT DUE TO REDEEM BY 01/29/10                            130,072.65




                   (DETACH AND REMIT THIS STUB WITH YOUR PAYMENT)

ALAMEDA COUNTY OFFICE OF THE TREASURER AND TAX COLLECTOR
PRIOR YEAR SECURED DELINQUENT TAXES REDEMPTION PAYMENT PROCESSING STUB

       ASSESSOR'S PARCEL NO.  10-768-5
       PAY THIS AMOUNT BY 01/29/10:   130,072.65

MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO:  TAX COLLECTOR, ALAMEDA COUNTY.
PLEASE WRITE THE ASSESSOR'S PARCEL NUMBER ONTO YOUR PAYMENT AND REMIT IT
WITH THIS STUB BY USING THE PAYMENT REMITTANCE ENVELOPE PROVIDED TO ENSURE
PROPER CREDIT.

IF PAYMENT IS REMITTED AFTER 01/29/10, CALL (510) 272-6800 FOR THE CURRENT
AMOUNT DUE BECAUSE ADDITIONAL REDEMPTION PENALTIES CONTINUE TO ATTACH TO
THE DELINQUENT TAXES AND ASSESSMENTS AT THE RATE OF 1.5% PER MONTH.
UNDERPAYMENT OF THE CURRENT TOTAL AMOUNT DUE WILL NOT BE ACCEPTED.
```



**Alameda County Office of the Treasurer and Tax Collector**

EXHIBIT 11

Donald R. White
Treasurer-Tax Collector

Brenda L. Guess, Chief Deputy
Teresita M. Laugan, Assistant Treasurer

## APPLICATION AND AGREEMENT TO ENTER INTO AN INSTALLMENT PAYMENT PLAN

**I HAVE READ AND UNDERSTAND AND AGREE ON THE FOLLOWING CONDITIONS AND REQUIREMENTS OF THE PAYMENT PLAN OF REDEMPTION:**

1) Current year taxes including any supplemental and/or escaped assessments that may be due plus 20% of the redemption amount must be paid to start the installment plan of redemption. A start-up fee of $60.00 must also be paid.

2) On or before April 10 2011, the next installment payment of 20% or more of the redemption amount (total amount to redeem when you started the plan), plus interest accruing on the first day of each month on the unpaid balance must be paid. A maintenance fee of $30.00 must also be paid.

   **Interest is computed at the rate of 1.5% per month of the unpaid balance.**

3) On or before April 10 of each succeeding year, a payment of 20% or more plus the accrued interest plus the $30.00 maintenance fee must be paid. Interest will continue to accrue on the remaining balance until full payment of the plan.

4) Current taxes coming due each year must also be paid on or before April 10 of each year. Any supplemental and/or escaped assessments that may be due must also be paid.

5) The annual taxes and installment due on the payment plan plus the $30.00 maintenance fee must be paid on or before April 10 whether or not a bill or a payment plan reminder is received.

6) If the plan is allowed to default for failure to meet the above requirements, a new installment plan may not be initiated until July 1 following the default of the installment plan. A fee of $60.00 will also be collected when reinstating a plan.

7) An installment plan of redemption cannot be initiated after the fifth year following the declaration of tax-default or if the property has become subject to the tax collector's power to sell (R & T Code Section 4217).

8) If you let your installment plan default in the fifth year or later after the declaration of default, you will be required to pay the entire outstanding balance in order to redeem the property. Failure to redeem the property in full may result in loss of the property at a public auction sale.

My signature indicates full understanding and compliance with the Installment Payment Plan agreement

Assessor's Parcel Number _____

Signature _____

Name of Applicant (please print) _____

Mailing Address _____

Telephone Number _____

**PLEASE SIGN & RETURN TO:**
**ALAMEDA COUNTY TAX COLLECTOR 1221 Oak Street, Oakland, CA 94612**
**Telephone Number (510) 272-6800**

Alameda County Administration Building, 1221 Oak Street, Oakland California 94612

```
Tsegereda Mulugeta
P.O. Box 407
Palo Alto, Ca. 94302
Tel; 650-575-7578
```

UNITED STATES BANKRUPTCY COURT
NORTHER DISTRICT OF CALIFORNIA

In Re:

Benyam and Paula R. Mulugeta     )     Case No. 09-51900 ASW
                                 )     Chapter 11
                                 )
        Debtors                  )
                                 )
                                 )
                                 )
                                 )
                                 )

## CERTIFICATE OF SERVICE

I am a citizen of United States and residence of Santa Clara County. I am over the age of eighteen years and not a party to the above-entitled action, my address is 1025 Harker Ave., Palo Alto, Ca. 94301.

On February 10, 2010, I mailed a true and correct copy of the following document.

DECLARATION OF BENYAM MULUGETA RE; MOTION TO SELL REAL PROPERTY

"HARRISON in the matter indicated below:

X By mail, by enclosing said document(s) in an envelop and depositing the sealed envelop with the United States service with the postage fully prepaid addressed as follows:

**See Attached Mailing List**

This Certificate was executed on February 10, 2010 at Palo Alto, California. I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 10, 2010

*/s/ Tsegereda Mulugeta*
Tsegereda Mulugeta

CERTIFICATE OF SERVICE - 1

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | **United States Trustee**<br>Office of the U.S. Trustee |
| 4 | U.S. Federal Bldg.<br>280 S. First St., Suite 268 |
| 5 | San Jose, CA 95113 |
| 6 | |
| 7 | SIMON ARON (Bar No. 108183)<br>WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP |
| 8 | 11400 West Olympic Blvd., Ninth Floor<br>Los Angeles, California 90064-1565 |
| 9 | Telephone: (310) 478-4100<br>Fax: (310) 479-1422 |
| 10 | |
| 11 | Attorneys for Lone Oak Fund |
| 12 | Aglaia Panos |
| 13 | 13240 Clairepointe Way<br>Oakland, CA 94619 |
| 14 | Robert Taylor |
| 15 | 541B Cowper<br>Palo Alto, CA 94301 |
| 16 | Tomoko Nakama |
| 17 | 1569 Jackson St.<br>Oakland, CA 94612 |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Certificate of Service - 2

Case: 09-51900    Doc# 218    Filed: 02/10/10    Entered: 02/10/10 16:11:15    Page 8 of 8