ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
RICHARD W. ABBEY, ESQ. (SBN: 053039)
RACHEL K. STEVENSON, ESQ. (SBN: 172525)
100 Stony Point Road, Ste. 200
Post Office Box 1566
Santa Rosa, California  95402-1566
Telephone No.:   (707) 542-5050
Facsimile No.:   (707) 542-2589
rstevenson@abbeylaw.com

Attorneys for Creditor
Sterling Savings Bank, successor in interest by merger to
Sonoma National Bank

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>BENYAM MULUGETA and PAULA R. MULUGETA,<br><br>Debtors. | Case No.  09-51900<br>Chapter 11<br>R.S. No. RKS/003<br><br>**Date: March 17, 2010**<br>**Time: 2:15 p.m.**<br>**Location: 280 South First St., San Jose, CA**<br>**Courtroom: 3020** |

**STERLING SAVINGS BANK'S  MOTION FOR RELIEF FROM STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME**

COMES NOW, Sterling Savings Bank, as successor in interest by merger to Sonoma National Bank ("Sterling") and, moves this Court for an order granting relief from stay pursuant to 11 U.S.C. § 362(d)(2), as follows:

**I.  INTRODUCTION**

These Debtors filed for bankruptcy on March 18, 2009.  Now, nearly a year later, they are not represented by counsel, they have no proposed plan on file, and no realistic prospects for ever confirming a plan.  They continue to use Sterling Saving's Bank's cash collateral without permission, and to severely prejudice Sterling Savings Bank's interests with seemingly endless delay tactics.  They have no equity in the property on which Sterling Savings Bank holds a first deed of trust, **240 East O'Keefe, Palo Alto, CA 94303; A.P.N. 063-441-260,** and have not

demonstrated, and cannot demonstrate, that this property is necessary for reorganization. Accordingly, Sterling Savings Bank urges this Court to grant it relief from the automatic stay so that it can preserve and protect its rights under its Deed of Trust and Assignment of Rents.

## II. FACTUAL BACKGROUND

Sterling is the holder of a Promissory Note payable by the Debtors herein in the amount of $1,600,000 (the "Promissory Note.") (*See Declaration of Christy Somers, ¶ 2.*) The Promissory Note is secured by a First Deed of Trust and Assignment of Rents against the Debtors' real property located at **240 East O'Keefe, Palo Alto, CA 94303; A.P.N. 063-441-260** (the "Property"). (*See Declaration of Christy Somers, ¶ 3.*) The Property is a 20 unit apartment building in East Palo Alto by the name of Chanticleer Apartments, which generates rental income that is subject to Sterling's Assignment of Rents. (*See Declaration of Christy Somers, ¶ 3.*) The rental income therefore constitutes Sterling's cash collateral and Sterling has not consented and does not consent to the use of its cash collateral (*See Declaration of Christy Somers ¶ 9.*) The Debtors have never obtained permission to use Sterling's cash collateral. The Debtors failed to make payments on the Promissory Note from and after May of 2008. (*See Declaration of Christy Somers, ¶ 4.*) On November 12, 2008, Sterling recorded a Notice of Default. (*See Declaration of Christy Somers, ¶ 4.*) Sterling recorded its Notice of Trustee's Sale on March 3, 2009, therein setting the trustee's sale of the Property for March 24, 2009. (*See Declaration of Christy Somers, ¶4.*) The Debtors filed the instant bankruptcy proceeding on March 18, 2009.

On April 3, 2009, Sterling filed a prior Motion for Relief from Stay. (*See Docket No. 47.*) In response thereto, the Debtors argued, among other things, that the Motion was premature and that the Debtors had numerous business opportunities stemming from their Harrison Street hotel property, which opportunities would essentially enable them to reorganize if given more time. (*See Docket No. 64.*) By Order entered August 21, 2009, the Court denied Sterling's Motion, but required the Debtors to commence making monthly payments to Sterling in the amount of $9,817.70. (*See Docket No. 123.*) Now, nearly a year after Sterling's first Motion for Relief from Stay, the Debtors appear to be no closer to reorganizing, and yet continue to be delaying the inevitable.

As is set forth in the accompanying Declaration of Christy Somers (*at ¶ 4*), approximately **$1,697,081.64** is currently due and owing to Sterling on under the Promissory Note, as follows:

| | |
|---|---|
| Principal Balance: | $ 1,535,803.29 |
| Interest to 03/01/10: | $ 122,475.29 |
| Late Charges: | $ 13,965.85 |
| Collection Costs to date: (Includes legal fees, foreclosure fees, appraisal fees and force placed insurance premiums) | $ 24,837.21 |
| **TOTAL AMOUNT DUE:** | **$ 1,697,081.64** |

A second deed of trust encumbering the Property secures an additional $1,000,000 payable to CMR Mortgage Fund II, LLC. (*See Declaration of Christy Somers, ¶ 5.*) A third deed of trust encumbering the Property secures an additional $200,000 payable to Real Estate Marketing Service Money Purchase Pension Trust. (*See Declaration of Christy Somers, ¶ 5.*) A fourth deed of trust encumbering the Property secures and additional $183,000 payable to Tomoko Nakama. (*See Declaration of Christy Somers, ¶ 5.*) Delinquent property taxes for the Property totaling approximately $106,881.96 are also due and payable. (*See Declaration of Christy Somers, ¶ 6.*) Thus, more than $3,186,963.60 of secured debt encumbers the Property. In November of 2009, Sterling obtained an appraisal of the Property valuing same at $1,830,000 "as is." *(See Declaration of Christy Somers, ¶ 8.)* The Debtor thus has absolutely no equity in the Property.

As it is evident from the foregoing that the Debtor has no equity in the Property, and because absolutely no evidence exists that reorganization is a possibility, much less that the Property is necessary for reorganization, Sterling seeks an order granting relief from the automatic stay to assert its rights under the its First Deed of Trust on the Property. At the very least, Sterling seeks relief to re-publish its Notice of Sale, which notice is set to expire pursuant to California Civil Code §2924g(c)(2) on March 24, 2010. (*See Declaration of Christy Somers ¶ 10.*)

/ / /

## II. LEGAL ARGUMENT AND AUTHORITIES

**A. STERLING IS ENTITLED TO RELIEF FROM STAY TO PROTECT ITS INTEREST IN THE DEBTORS' REAL PROPERTY.**

11 U.S.C. § 362(d)(2) provides, in pertinent part, as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if--
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization.

In this case, both elements of Section 362(d)(2) are met.

### 1. The Debtors Have No Equity in the Property.

A debtor's equity in real property is the difference between the property value and the total amount of liens against the property. (*Stewart v. Gurley* 745 F.2d 1194, 1195-96 (9th Cir. 1984).) In this case, Sterling's appraisal sets the value of the Property at $1,830,000. The secured claims against the Property exceed $3,186,963.60. Thus, the Debtors have no equity in the Property located at **240 East O'Keefe, Palo Alto, CA 94303; A.P.N. 063-441-260**.

Accordingly, relief from stay is proper unless the Debtors can establish that the Property is necessary to an effective reorganization.

### 2. The Property Is Not Necessary for Effective Reorganization

Since the Debtors do not have any equity in the Property, the dispositive issue is whether the Property is necessary for an effective reorganization. (*11 U.S.C. § 362(d)(2)(B)*.) While a relief from stay hearing should not be converted into a plan confirmation hearing, a hearing to determine the confirmability of a debtor's plan is not necessary for the court to address the "effective reorganization" component of 11 U.S.C. § 362(d)(2)(B). (*In re Sun Valley Newspapers, Inc.* 171 B.R. 71, 74 (9th Cir. BAP 1994).) The "effective reorganization" component in a motion for relief from stay requires a showing by the debtor that a proposed plan is not patently unconfirmable and has a realistic chance of being confirmed. (*Id.* at p. 75.) The burden of proof on a debtor in this

regard is to "offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'plausible.'" (*Ibid.*) If the evidence indicates that a successful reorganization within a reasonable time is impossible, the court **must** grant relief from stay. (*Ibid.*) It is not enough for the Debtor to simply argue that the automatic stay should continue because it needs the property in order to propose a reorganization. (*La Jolla Mortgage Fun v. Rancho El Cajon Assoc.*, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982); s*ee also, United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 375-76.) "If all the debtor can offer at this time is high hopes without any financial prospects on the horizon to warrant a conclusion that a reorganization in the near future is likely, it cannot be said that the property is necessary to an 'effective' reorganization." (*Ibid.*) The lack of any realistic prospect for reorganization **requires** relief under 11 U.S.C. 363(d)(2). (*United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 376.)

In this case, by the time of this hearing, the Debtors will have been in bankruptcy for a year. They have not proposed a plan and they have not demonstrated that they are any closer to doing so today than they were a year ago. Indeed, for the past year they have been making empty promise after empty promise to reorganize by selling their property on Harrison Street in Oakland. The record is replete with representations that such a deal is on the verge of being made, a new buyer is almost committed, escrow is about to close. . . . Yet, a year later, the Debtors still own the Harrison Street property. No realistic prospects for sale seem to exist and no plan has been proposed. Indeed, the Debtors are not even represented by counsel, and have not been for months. The inevitable conclusion to be drawn from the totality of these facts is that no reasonable prospect exists for reorganization of these Debtors in the near future. At the most, all the Debtors can offer is "high hopes," as they have been for over a year, without any realistic financial prospects on the horizon to warrant a conclusion that a reorganization is likely. As such, it cannot be said that the Property, **240 East O'Keefe, Palo Alto, CA 94303; A.P.N. 063-441-260**, is necessary to an effective reorganization. (*La Jolla Mortgage Fun v. Rancho El Cajon Assoc.*, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982); s*ee also, United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 375-76.) As such, no basis exists to continue to require Sterling to wait,

as the market declines, to enforce its rights under its First Deed of Trust. The overwhelming evidence indicates that a successful reorganization within a reasonable time is impossible. Accordingly, the Court **must** grant Sterling relief from stay.

### III. CONCLUSION

For all of the foregoing reasons, Sterling urges this Court to issue an order granting relief from the automatic stay to enable it to assert its rights under its deed of trust secured by the Debtors' property located at **240 East O'Keefe, Palo Alto, CA 94303; A.P.N. 063-441-260.** Alternatively, at the very least, Sterling is entitled to relief to re-publish its Notice of Sale.

Dated: March 3, 2010

ABBEY, WEITZENBERG,
WARREN & EMERY

By: */s/ Rachel K. Stevenson*
Rachel K. Stevenson, Esq.
Attorneys for Sterling Savings Bank