SIMON ARON (Bar No. 108183)
RYAN J. STONEROCK (Bar No. 247132)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Blvd., Ninth Floor
Los Angeles, California 90064-1565
Telephone: (310) 478-4100
Fax: (310) 479-1422

Attorneys for Lone Oak Fund, LLC

COPY

FILED
MAR 03 2010
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

BENYAM MULUGETA and PAULA R. MULUGETA,

    Debtor and Debtor in Possession

LONE OAK FUND, LLC,

    Movant,

v.

BENYAM MULUGETA and PAULA R. MULUGETA

    Respondents.

CASE NO. 09-51900 ASW (By Fax)

Chapter 11

**OBJECTION OF LONE OAK FUND, LLC TO THE EXAMINATION OF WITNESS BY THE COURT ON BEHALF OF DEBTORS**

TO THE HONORABLE ARTHUR S. WEISSBORDT, UNITED STATES BANKRUPTCY JUDGE:

    **COMES NOW** secured creditor Lone Oak Fund, LLC ("Lone Oak") and does hereby submit the following Objection to the Examination of Witnesses by the Court on Behalf of Debtors.

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

1.  **INTRODUCTION**

    At the evidentiary hearing on February 16, 2010, the Court has repeatedly taken over examination of witnesses on behalf of debtors Benyam Mulugeta and Paula Mulugeta. Lone Oak recognizes that the court is generally permitted to interrogate witnesses pursuant to Federal Rules of Evidence, Rule 614(b). However, as set forth in the note to Subdivision(b) and case law interpreting the rule, the court may not assume the role of advocate and examine witnesses on behalf of a party. This rule applies where the party is acting in pro per and where the court is the trier of fact. Accordingly, Lone Oaks submits the instant brief to supplement its objections to the examination of witnesses by the Court.

2.  **THE COURT IS NOT PERMITTED TO ACT AS AN ADVOCATE FOR ANY PARTY AT TRIAL.**

    Federal Rule of Evidence, Rule 614(b) does give the court permission to question witnesses at trial, stating: "**Interrogation by court.** The court may interrogate witnesses, whether called by itself or by a party."

    However, when questioning witnesses, the court is not permitted to act as an advocate for any party. The Advisory Committee Note to Subdivision (b) of Rule 614 states, in pertinent part:

    > "The authority of the judge to question witnesses is also well established. (Citations.) The authority, of course, is abused when the judge abandons his proper role and assumes that of advocate…"

    The Ninth Circuit Court of Appeals discussed this limitation on the court's power to examine witnesses in *U.S. v. Bradshaw* (9th Cir. 1982) 690 F.2d 704, 711, stating:

**OBJECTION OF LONE OAK FUND, LLC TO THE EXAMINATION OF WITNESSES BY THE COURT ON BEHALF OF DEBTORS**

> "Fed.R.Evid. 614(b) acknowledges the judge's power to interrogate any witness appearing before him. This power has long been recognized as '(o)ne of the natural parts of the judicial function'. (Citations.) Although a trial judge may question witnesses to clarify and develop facts, he must never prejudice the defendant by assuming a partisan stance. *United States v. Medina-Verdugo*, 637 F.2d 649, 653 (9th Cir. 1980); *Rogers v. United States*, 609 F.2d 1315 (9th Cir. 1979)."

See Also *U.S. v. Haro-Espinosa* (9th Cir 1979) 619 F.2d 789, 795. ["It is entirely proper for the court to question witnesses in order to clarify questions and develop facts, so long as questions are nonprejudicial in form and tone, and the court does not become personally overinvolved."]; *Logue v. Dore* (1st Cir 1997) 103 F.3d 1040, 1045 ["...[T]he judge's participation must be balanced; he cannot become an advocate or otherwise use his judicial powers to advantage or disadvantage a party unfairly. See *Quercia*, 289 U.S. at 470, 53 S.Ct. at 699; *Paiva*, 892 F.2d at 159; see also Fed.R.Evid. 614(b) advisory committee's note."]; *U.S. v. Esquer* (7th Cir 1972) 459 F.2d 431.) ["A trial judge is at liberty to question a witness to clarify a particular point, and where, as here, he does so without engaging in advocacy or displaying prejudice or partiality, no error can be predicated upon such examination."])

Moreover, the **Ninth Circuit has specifically disapproved of the court examining witnesses at trial on behalf of a party acting in pro per**, stating:

> "For the trial judge to assume the responsibility of examining witnesses for either party would change the judicial role from one of impartiality to one of advocacy. The fact that a defendant represents himself does not alter the judicial role nor does it impose any new obligation on the trial judge. The defendant under those circumstances must assume the responsibility for his inability to elicit testimony. As stated by

-3-
**OBJECTION OF LONE OAK FUND, LLC TO THE EXAMINATION OF WITNESSES BY THE COURT ON BEHALF OF DEBTORS**

| | |
|---|---|
| 1 | this court in *United States v. Dujanovic*, supra, 486 F.2d at |
| 2 | 188, '… one of the penalties of the appellant's |
| 3 | self-representation is that he is bound by his own acts and |
| 4 | conduct and held to his record'. (Citation.)" (*U.S. v. Trapnell* |
| 5 | (9th Cir 1975) 512 F.2d 10, 12.) |

6 (See Also *U.S. v. Cassiagnol* (4th Cir. 1970) 420 F.2d 868, 879 ["The assumption by the
7 judge of the burden of cross-examination of the accused in a criminal case by extensive
8 interrogation may be reversible error. (Citations.)."])

9 Throughout the hearing on February 16, 2010, the Court has assumed the
10 responsibility of examining witnesses on behalf of the debtors and thus assumed the role of
11 advocate for debtors. While Rule 614(b) does permit the trial court to examine witnesses,
12 it may not act as an advocate for any party.

13 In this instance, the examination of debtors' witnesses has been exclusively by the
14 Court. As set forth above, Rule 614(b) does not permitted such examination by the Court,
15 even where the debtors are acting in pro per and the court is the trier of fact.

## IV. CONCLUSION.

For the foregoing reasons, Lone Oak renews its objection to the examination of witnesses by the Court on behalf of debtors and respectfully requests that the Court refrain from further examination of witnesses throughout the remainder of evidentiary hearing.

Dated: March 2, 2010

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By: /s/ *[signature]*
SIMON ARON
RYAN J. STONEROCK
Attorneys for Lone Oak Fund, LLC

-4-

**OBJECTION OF LONE OAK FUND, LLC TO THE EXAMINATION OF WITNESSES
BY THE COURT ON BEHALF OF DEBTORS**

Case: 09-51900   Doc# 224   Filed: 03/03/10   Entered: 03/05/10 13:26:28   Page 4 of 6

| In re Benyam Mulugeta and Paula R. Mulugeta | CHAPTER 11 |
| Debtor and Debtor In Possession | CASE NUMBER 09-01500-ASW |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California 90064-1565

The foregoing document described as **OBJECTION TO LONE OAK FUN, LLC TO THE EXAMINATION OF WITNESS BY THE COURT ON BEHALF OF DEBTORS** )will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

☒Service information continued on attached page

**I. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **March 2, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 2, 2010 | Sharon Mickell | *[signature]* |
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009

F 9013-3.1

Case: 09-51900   Doc# 224   Filed: 03/03/10   Entered: 03/05/10 13:26:28   Page 5 of 6

COURT SERVICE LIST
CASE NO.: 09-51900 ASW

**DEBTORS**
Benyam Mulugeta
Paula Mulugeta
1025 Harker Ave.
Palo Alto, CA 94301
**VIA ELECTRONIC TRANMISSION**
**bmulugeta1020@gmail.com**

**U.S. TRUSTEE**
United States Trustee
U.S. Federal Building
280 S. 1st Street, #268
San Jose, CA 95113-3004

Aglaia Panos
13240 Clairepointe Way
Oakland, CA 94619

Tomoko Nakama
1569 Jackson St.
Oakland, CA 94612

Robert Taylor
541B Cowper
Palo Alto, CA 94301