FILED

MAR 2 2 2010

CLERK
United States Bankruptcy Court
San Jose, California

Benyam and Paula R. Mulugeta
1025 Harker Ave.
Palo Alto, Ca. 94301
Tel: 650-906-8012
Email bmulugeta1020@gmail.com

Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In Re: )
)
Benyam and Paula R. Mulugeta ) Case No. 09-51900 ASW
) CHAPTER 11
) R.S. No. RKN/004
)
Debtors ) Date: April 2, 2010
) Time: 2.15 pm
) Room: 3020
)
) Judge: The Honorable A. Weissbrodt
)
_____ )

## OPPOSITION TO "STERLING "MOTION FOR RELIEF FROM STAY

Debtors, Benyam and Paula R. Mulugeta (jointly "Debtors") submit this opposition to the Motion for Relief from Stay submitted by Sterling Saving Bank ("Sterling") regarding Debtor's Real property located at **353 Grand Ave., Oakland, Ca. 94610: A.P.N. 010-0767-001**

Debtors' opposition to the "Sterling" Motion for Relief from Stay is for the following reasons:

1. Debtors have been paying **Post- Petition $10,505.20 per month since June 14, 2009**. In addition, Debtors believe that "Sterling" interest in the property is **adequately protected,** since Debtors had made major renovation and upgrade to the property, and rent the property with new tenants. .

2. Debtors believe that "Sterling" interest is well protected since the appraisal done on November 4, 2009 by Hulberg & Associate for "Sterling" shows the property's value at $2,700,000. Debtors believe that the Fair Market Value of the property is much higher than Hulberg & Associate's opinion of value, since improvements have been made to the property and the property is generating rental income, after six months of vacancy.

3. According to "Sterling" cover sheet, Debtors owe an approximate balance of $1,821,998.00. The appraisal done for "Sterling" on November 4, 2009 by Hulberg & Associate shows that the property value is $2,700,000.00. Although Debtors strongly question this value, even if that value was taken **there would still be $800,000+ of equity** in the property.

4. Debtors challenge the appraisal done by Hulberg & Associate, and request **the court for an Evidentiary Hearing** to establish the **Fair Market Value of the property.** On December 3, 2008 Hulberg & Associate, Inc. appraised the property, **"As If Completed and Stabilized" at $3,380,000 (Exhibit I).** When Hulberg & Associate appraised the property on December 3, 2008 the property was vacant for remodeling and there was only income from the four commercial units on the bottom of the property. Since then, Debtors have completely remodeled the building and have addressed code issues.

DEBTORS OPPOSITION TO 'STERLING' MOTION FOR RELIEF FROM STAY- 1

When Hulberg & Associate re-appraised the property on November 4, 2009 for "Sterling" the property was **"Completed and stabilized"** and 80 percent occupied. That is why Debtors challenge the fairness and the accuracy of Hulberg & Associate conclusion to the value of the property of $2,700,000 on November 4, 2009. Debtors asked Ms. Christy Somers of "Sterling" to provide Debtors with the appraisal, to examine the appraisal report. However, Ms. Somers was not willing to provide a copy of the appraisal to Debtors up to now, even though Debtors cooperated with the appraiser and "Sterling" to do the appraisal on the two occasions.

5- The Motion for Relief from Stay request by "Sterling" should be denied since it will have serious consequences on the junior lien holders namely California Mortgage, Tomoko Nakama and Robert Taylor.

6- Debtors are anticipating closing **"Harrison"** property **" Debtors main asset"** soon and will be able from "Harrison" proceeds to pay off "Sterling" Pre-Petition Default of $105,052, and submit a plan of reorganization, and get out of bankruptcy. In addition, once the economy improves and Debtors have stabilized their estate, Debtors are planning to refinance their property, 353 Grand Ave. Oakland, and pay off "Sterling", and keep the property since it is income generating asset.

7- Debtors concluded based on the telephone conversation that Debtor Benyam Mulugeta had with Ms. Rachel K. Nunes, "Sterling" counsel, on March 9, 2010, that the reason why "Sterling" is asking the court for Relief from Stay at this time is not because the property does not have equity and /or the property is not essential for Debtors reorganization plan, rather "Sterling" does not want the March 24, 2010 Notice of Sale expired, and "Sterling" does not want to reinstate the trustee sale according to Ms. Nunes. Debtors argue that trustee sale schedule should not be a ground for the creditor to ask for Relief from Stay. Thus, because of this true fact, which is the expiration of the "Notice of Sale" on March 24, 2010 which was filed by "Sterling" should not be ground for the court to grant "Sterling" Relief from Stay. Debtors request the court to deny "Sterling" Motion for Relief form Stay. In addition, the reason Debtors filed Chapter 11 is precisely to get protection from creditor like "Sterling" and to get protection form the kind of action, Notice of Sale, by "Sterling", regardless the equity the property has and importance to Debtors reorganization.

**CONCLUSION**

Debtors submit that "Sterling" main reason asking the court for Relief from Stay is the expiration of the Notice of Sale on the property on March 24, 2010, thus, "Sterling" motion that the property 353 Grand Ave. Oakland, does not have equity and is not essential for Debtors reorganization plan is totally untrue as the evidence shows above, and the declaration by Ms. Christy Somers of "Sterling" stated, which is Notice of Sale issue. Debtors argue that creditor, "Sterling" Notice of Sale should not be ground to grant Relief from Stay, especially when the evidence shows that the property **has equity** and Debtors' **income producing property like 353 Grand is "necessary" to effective reorganization plan**, and Debtors ability to pay their creditors and come out off bankruptcy. Further, Debtors filed Chapter 11 is precisely to get protection from the court from creditor action to foreclose on Debtors' property regardless the property has equity and essential for Debtors reorganization plan.

Therefore, Debtors submit that there is no good cause to grant Relief from Stay to "Sterling".

Dated: March 22, 2010

Benyam Mulugeta
Debtor

# SUMMARY APPRAISAL REPORT

## MIXED-USE BUILDING

353 Grand Avenue
Oakland, California

| | |
|---|---|
| VALUATION DATE: | December 3, 2008 |
| APPRAISED FOR: | Sterling Savings Bank |
| APPRAISED BY: | Hulberg & Associates, Inc. |
| OUR FILE NUMBER: | 13506 EBS |

Case: 09-51900    Doc# 237    Filed: 03/22/10    Entered: 03/23/10 07:13:35    Page 3 of 5

# HULBERG & ASSOCIATES Inc.

## REAL ESTATE APPRAISERS

Norman C. Hulberg, MAI
Walter D. Carney, MAI
Stephen D. Kuhnhoff, MAI, ASA
John A. Hillas, SRA
Yvonne J. Broszus, MAI
Janis A. Lassner, SRA
Charles R. Marqueling, ASA, SRA
Larry W. Hulberg, MAI
Rebecca J. Barnes
Guido M. Villanueva
Kristin M. Davidson
Brian Rapela
John D. Phillips
Maria Aji, PhD
Josh Fronen
Russell J. Sherwood
Ryan A. Lorenzini
Jeremy Bargy
G. Douglas Halbert
Georgia L. Kuhnhoff
C. Brett Spaulding

**Silicon Valley Office**
One North Market Street
San Jose, Ca 95113-1207
(408) 279-1520
(408) 279-3428 (fax)
E-mail: appraisals@hulberg.com

**East Bay Office**
3160 Crow Canyon Place, Ste. 245
San Ramon, CA 94583-1338
(925) 327-1660
(925) 327-1696 (fax)
E-mail: appraisals@hulberg.com

**Monterey Bay Office**
225 Crossroads Blvd., #326
Carmel, Ca. 93923
(408) 279-1520
(408) 279-3428 (fax)
E-mail: appraisals@hulberg.com

**Central Valley Office**
2813 Coffee Road, Suite E-2
Modesto, CA 95355-1755
(209) 569-0450
(209) 569-0451 (fax)
E-mail: appraisals@hulberg.com

December 9, 2008

Doug Taylor
Sterling Savings Bank
3558 Round Barn Boulevard, Suite 300
Santa Rosa, CA 95403

Re:    353 Grand Avenue, Oakland, California;
       APN: 010-0767-001

Dear Mr. Taylor:

At your request, we have appraised the above referenced mixed-use property in Oakland, California. The property is located on an approximate 0.20-acre site, and is identified as Alameda County Assessor's Parcel Number 010-0767-001. The property is improved with a 4-story mixed-use retail/residential building containing *approximately* 21,114 square feet of gross and *approximately* 14,634 square feet of net rentable building area. The building is comprised of twenty one apartment units above four retail units. The improvement was built in 1910 and is in fair condition. Building information was taken from our inspection of the property, documents submitted for our review, public records, and measurements taken by the appraisers.

As sited by previous tenants and the City of Oakland in April 2008, the property is in need of major repairs and capital improvements and is in violation of city codes and laws affecting the health and safety of tenants. As such, all *residential* tenants were given a notice to vacate the property so the proper repairs could be made. As of the date of this appraisal, two tenants still remain (as reported by the owner). The owner will reportedly make necessary repairs and remodel all of the *apartment* units. However, necessary repairs and renovation cannot start until the remaining two tenants vacate the property.

The purpose of the appraisal is to estimate the hypothetical "as if completed and stabilized," "as if completed," and "as is" market values of the subject property. ***The "as if completed and stabilized" and "as if completed" values assume that the improvements will be completed in a professional like manner as described in this report.*** The property rights appraised are those of the fee simple interest. The property is appraised free and clear of liens and encumbrances, such as mortgages and/or assessments outstanding. The intended use of this appraisal is to establish marketability and potential loan and asset recovery thresholds. The intended user is Sterling Savings Bank and/or affiliates.

Doug Taylor
Sterling Savings Bank
December 9, 2008

The development of this appraisal is made in accordance with Uniform Standards of Professional Practice (USPAP), Standard Rule 1. The report format is that of a "summary" appraisal as outlined in USPAP Standards Rule 2-2(b). The appraisal is made in compliance with the requirements of Title XI in the Federal Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), the Uniform Standards of Professional Appraisal Practice (USPAP), the Appraisal Institute, and the appraisal requirements of Sterling Savings Bank, as we understand them.

Based on the market data presented, the valuation techniques applied, and the results thereof, it is our opinion that the hypothetical "as if completed and stabilized," hypothetical "as if completed", and "as is" market values of the subject property, as of December 3, 2008, subject to the assumptions and limiting conditions, certifications, and an estimated exposure period of nine months are as follows:

| | |
|---|---|
| **"As If Completed and Stabilized":** | **$3,380,000** |
| **"As If Completed":** | **$3,160,000** |
| **"As Is":** | **$1,960,000** |

Respectfully submitted,

Stephen D. Kuhnhoff, MAI, ASA
Certified-General Appraiser #AG001791
Expires February 28, 2010

Jeremy Bargy
Certified-General Appraiser #AG036071
Expires January 4, 2011

JB:clv