```
Benyam and Paula R. Mulugeta
1025 Harker Ave.
Palo Alto, Ca. 94301
Tel: 650-906-8012
Email bmulugeta1020@gmail.com

Debtors in Possession
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In Re:                                )
                                      )
Benyam and Paula R. Mulugeta          ) Case No. 09-51900 ASW
                                      ) CHAPTER 11
                                      )
            Debtors                   )
                                      ) Date: November 9, 2010
                                      ) Time: 9:45 pm
                                      ) Room: 3020
                                      )
                                      ) Judge: The Honorable A. Weissbrodt
                                      )

**SUPPORTING INFROMATIONS TO THE DEBTORS' AMENDED MOTION TO SELL REAL PROPERTY ("Harrison") FREE AND CLEAR OF LIENS**

Debtors, Benyam and Paula R. Mulugeta (jointly "Debtors") submit the following informations per the court request on October 29, 2010 hearing.

### I-Seller's Estimated Settlement Statement as of October 30, 2010

| | |
|---|---|
| **A- Sales Price** | **$7,000,000.00** |
| B- Existing Loan | |
|  1-Lone Oak Fund | $4,204,828.25** |
|  2-Robert J Taylor | $257,338.42 |
|  3-Tomko Nakama | $240,738.07 |
|  4-Aglia Panos | $250,000.00 |
|  5-Others creditors | $100,000.00 |
| C- Credit to buyer for improvement | $300,000.00 |
| D- Selling Agent Commission | $227,500.00 |
| E- Taxes –City and County | $318,776.59 |
| F- Franchise Tax Withholding | $233,100.00 |
| G- Miscellaneous costs | $1,000.00 |
| **Total Deduction from the sale** | **$6,132,281.10** |
| **Due to the estate (net proceeds)** | **$867,718.90** |

Debtors will open a TRUST ACCOUNT to deposit the above net proceed from the sell of "Harrison" property, which estimated to be **$867,718.90** and file a plan to show how this amount will be distributed between secured and unsecured creditors, as well as to the estate.

** The figures were given by Lone Oak Fund counsel, Mr. Simon Aron on October 29, 2010. Debtors will go over the figures with Lone Oak Fund to determine if it is correct.

SUPPORTING DOCUMENTS FOR AMENDED MOTION TO SELL REAL PROPERTY "HARRISON"

Case: 09-51900  Doc# 342  Filed: 11/09/10  Entered: 11/09/10 13:38:00  Page 1 of 13

## II- Taxes

Debtors believe based on the discussion they had with a CPA, and inquiry they did to the Franchise Tax Board and IRS in relation to the sell of "Harrison", as the result of huge lose and expenses they incurred with "Harrison" property since they bought it in 2002, there would not be any Federal or State tax liability to the estate or Debtors.

## III- Real Estate Agencies and Commissions Issues

1- Mr. Mark Patton of Reality World-Viking is the selling agent representing only the buyer, Trading Spaces LLC. The commissions, which is 3.25% or $227,500.00, that Debtors are paying from the sell of "Harrison" is part of Debtors cost of selling "Harrison" (see attached Exhibit 1).

2- Debtors employed Ms. Mahnaz Khazen of Coldwell Banker Commercial Bay starting July 16, 2010 to October 31, 2010 in order to generate other prospective buyers since Trading Spaces LLC, the buyer who entered into contract with Debtors 'on February 10, 2009 to buy "Harrison" took a long time to close escrow. Ms. Mahnaz Khazen of Coldwell Banker, however, did not bring any other buyer that made an offer on "Harrison". In addition, the offer that Debtors had, which is Trading Spaces LLC is way before Ms. Mahnaz Khazen and Debtors entered in to employment contract, thus Mrs. Mahnaz Khazen of Coldwell Banker Commercial Bay not expecting any commission form the sell and she was aware of there is existing offer on the property from Trading Spaces LLC (see attached Exhibit 2).

## IV- Addendum:

Buyer, Trading Spaces LLC and Debtors agreed to extend the close of escrow on or before November 30, 2010 (see attached Exhibit 3).

## V- Attorney

Per court suggestion, Debtors had contacted three bankruptcy lawyers, namely Mr. Charels B. Greene, Mr. Marc Voisenat, and Mr. Razi A. Shah since Debtors are not lawyers and have very little knowledge of the bankruptcy law. The purpose of Debtors contact of these lawyers was to understand and determine the sell of "Harrison" outside the plan or inside the plan and its impact to the estate and the creditors, in addition, for Debtors to have the understanding under bankruptcy law the sell of "Harrison" with out counsel and its impact to the estate as well as the creditors. What Debtors, learned out of these meeting with these lawyers is that, at this stage submitting plan will take two to three months, and the risk of losing the buyer, since getting another buyer in today's' economy environment is very low, closing the sell and submitting a plan turn out to be the best solution and beneficial to the estate as well as to the creditors at this stage. Debtors are planning to hire an attorney once "Harrison" sells goes through, since they will have money from the sell to do that, and will submit to the court an application to employ a counsel.

## V- Conclusion

**Based on the forgoing**, Debtors respectfully request the court to grant the Amended Motion to Sell Real Property "Harrison" Free and Clear of Liens.

Dated: November 9, 2010

_____
Benyam Mulugeta
Debtor


**VIKING REALTY**

EXHIBIT 1

November 3, 2010

U.S. Bankruptcy Court
Northern District of California
280 S. 1st. Street Room 3020
San Jose, Ca. 95113-3004
Re: 2332 Harrison St. Oakland, Ca. 94612  Case No. 09-51900 ASW


Dear: The Honorable Judge Arthur Weissbrodt:


I am writing this letter to certify that Mark Patton (selling agent) is acting in the real property transaction exlusively as the buyer agent and the relationship is confirmed in the DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP -- (AS REQUIRED BY THE CIVIL CODE, CAR FROM AD, REVISED 4/06). I am representing only the buyer, Trading Spaces LLC. on the sale of 2332 Harrison St.Oakland, Ca. 94612.

Enclosed you will find an DISCLOSURE REGARDING REAL ESTATEDAGENCY RELATIONSHIP with the buyer, Trading Spaces LLC.

In addition, please note, my DRE No. 01322718, and I am acting as an agent of the buyer and do not have any interest in the property or the transaction.


Please do not hesitate to contact me if you need any information or have any question.

Sincerely,

Mark Patton
Real Estate Broker
Tel: 510-483-3281
Cell: 510-332-7717

3661 Thornton Avenue, Fremont, California 94536   Tel: 510.794.9922 • Fax: 510.794.9843
Independently Owned and Operated



# DISCLOSURE REGARDING
# REAL ESTATE AGENCY RELATIONSHIP
(As required by the Civil Code)
(C.A.R. Form AD, Revised 4/06)

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

## SELLER'S AGENT
A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:
To the Seller:
   A Fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.
To the Buyer and the Seller:
   (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
   (b) A duty of honest and fair dealing and good faith.
   (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.
An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

## BUYER'S AGENT
A selling agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:
To the Buyer:
   A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.
To the Buyer and the Seller:
   (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
   (b) A duty of honest and fair dealing and good faith.
   (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.
An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

## AGENT REPRESENTING BOTH SELLER AND BUYER
A real estate agent, either acting directly or through one or more associate licensees, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.
In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
   (a) A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
   (b) Other duties to the Seller and the Buyer as stated above in their respective sections.
In representing both Seller and Buyer, the agent may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered.
The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.
Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction.
This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully.
I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE BACK (OR A SEPARATE PAGE).

☒ Buyer ☐ Seller ☐ Landlord ☐ Tenant _Gary G. Gornick_ Date _February 10, 2009_
TRADING SPACES LLC Gary G. Gornick Managing Me

☐ Buyer ☐ Seller ☐ Landlord ☐ Tenant _____ Date _____

Agent _____ REALTY WORLD-VIKING   DRE Lic. # _____
                    Real Estate Broker (Firm)
By _____  DRE Lic. # _____  Date _February 10, 2009_
(Salesperson or Broker-Associate)
MARK PATTON

---
**THIS FORM SHALL BE PROVIDED AND ACKNOWLEDGED AS FOLLOWS** (Civil Code § 2079.14):
• When the listing brokerage company also represents Buyer, the Listing Agent shall have one AD form signed by Seller and one signed by Buyer.
• When Buyer and Seller are represented by different brokerage companies, the Listing Agent shall have one AD form signed by Seller and the Buyer's Agent shall have one AD form signed by Buyer and one AD form signed by Seller.

---

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
*a subsidiary of the California Association of REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020    Reviewed by _____ Date _____



**AD REVISED 4/06 (PAGE 1 OF 2)**

### DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 1 OF 2)

| Agent: Mark Patton | Phone: (510)7949922 | Fax: (510) | Prepared using WINForms® software |
|---|---|---|---|
| Broker: Realty World-Viking Realty | 3661 Thornton Ave, Fremont | CA 94536 | |

# CIVIL CODE SECTIONS 2079.13 THROUGH 2079.24 (2079.16 APPE___ ON THE FRONT)

2079.13 As used in Sections 2079.14 to 2079.24, inclusive, the following terms have the following meanings: (a) "Agent" means a person acting under provisions of title 9 (commencing with Section 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained. (b) "Associate licensee" means a person who is licensed as a real estate broker or salesperson under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code and who is either licensed under a broker or has entered into a written contract with a broker to act as the broker's agent in connection with acts requiring a real estate license and to function under the broker's supervision in the capacity of an associate licensee. The agent in the real property transaction bears responsibility for his or her associate licensees who perform as agents of the agent. When an associate licensee owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the associate licensee functions. (c) "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes vendee or lessee. (d) "Dual agent" means an agent acting, either directly or through an associate licensee, as agent for both the seller and the buyer in a real property transaction. (e) "Listing agreement" means a contract between an owner of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer. (f) "Listing agent" means a person who has obtained a listing of real property to act as an agent for compensation. (g) "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the listing agent. (h) "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. (i) "Offer to purchase" means a written contract executed by a buyer acting through a selling agent which becomes the contract for the sale of the real property upon acceptance by the seller. (j) "Real property" means any estate specified by subdivision (1) or (2) of Section 761 in property which constitutes or is improved with one to four dwelling units, any leasehold in this type of property exceeding one year's duration, and mobile homes, when offered for sale or sold through an agent pursuant to the authority contained in Section 10131.6 of the Business and Professions Code. (k) "Real property transaction" means a transaction for the sale of real property in which an agent is employed by one or more of the principals to act in that transaction, and includes a listing or an offer to purchase. (l) "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer, and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of Section 2985, and transactions for the creation of a leasehold exceeding one year's duration. (m) "Seller" means the transferor in a real property transaction, and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another. "Seller" includes both a vendor and a lessor. (n) "Selling agent" means a listing agent who acts alone, or an agent who acts in cooperation with a listing agent, and who sells or finds and obtains a buyer for the real property, or an agent who locates property for a buyer or who finds a buyer for a property for which no listing exists and presents an offer to purchase to the seller. (o) "Subagent" means a person to whom an agent delegates agency powers as provided in Article 5 (commencing with Section 2349) of Chapter 1 of Title 9. However, "subagent" does not include an associate licensee who is acting under the supervision of an agent in a real property transaction.

2079.14 Listing agents and selling agents shall provide the seller and buyer in a real property transaction with a copy of the disclosure form specified in Section 2079.16, and, except as provided in subdivision (c), shall obtain a signed acknowledgement of receipt from that seller or buyer, except as provided in this section or Section 2079.15, as follows: (a) The listing agent, if any, shall provide the disclosure form to the seller prior to entering into the listing agreement. (b) The selling agent shall provide the disclosure form to the seller as soon as practicable prior to presenting the seller with an offer to purchase, unless the selling agent previously provided the seller with a copy of the disclosure form pursuant to subdivision (a). (c) Where the selling agent does not deal on a face-to-face basis with the seller, the disclosure form prepared by the selling agent may be furnished to the seller (and acknowledgement of receipt obtained for the selling agent from the seller) by the listing agent, or the selling agent may deliver the disclosure form by certified mail addressed to the seller at his or her last known address, in which case no signed acknowledgement of receipt is required. (d) The selling agent shall provide the disclosure form to the buyer as soon as practicable prior to execution of the buyer's offer to purchase, except that if the offer to purchase is not prepared by the selling agent, the selling agent shall present the disclosure form to the buyer not later than the next business day after the selling agent receives the offer to purchase from the buyer.

2079.15 In any circumstance in which the seller or buyer refuses to sign an acknowledgement of receipt pursuant to Section 2079.14, the agent, or an associate licensee acting for an agent, shall set forth, sign, and date a written declaration of the facts of the refusal.

2079.17 (a) As soon as practicable, the selling agent shall disclose to the buyer and seller whether the selling agent is acting in the real property transaction exclusively as the buyer's agent, exclusively as the seller's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the selling agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. (b) As soon as practicable, the listing agent shall disclose to the seller whether the listing agent is acting in the real property transaction exclusively as the seller's agent, or as a dual agent representing both the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the listing agent prior to or coincident with the execution of that contract by the seller.
(c) The confirmation required by subdivisions (a) and (b) shall be in the following form.

    **(DO NOT COMPLETE, SAMPLE ONLY)**      is the agent of (check one): ☐ the seller exclusively; or ☐ both the buyer and seller.
(Name of Listing Agent)

    **(DO NOT COMPLETE, SAMPLE ONLY)**      is the agent of (check one): ☐ the buyer exclusively; or ☐ the seller exclusively; or
(Name of Selling Agent if not the same as the Listing Agent)      ☐ both the buyer and seller.

(d) The disclosures and confirmation required by this section shall be in addition to the disclosure required by Section 2079.14.

2079.18 No selling agent in a real property transaction may act as an agent for the buyer only, when the selling agent is also acting as the listing agent in the transaction.

2079.19 The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.

2079.20 Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of Section 2079.14 and Section 2079.17 are complied with.

2079.21 A dual agent shall not disclose to the buyer that the seller is willing to sell the property at a price less than the listing price, without the express written consent of the seller. A dual agent shall not disclose to the seller that the buyer is willing to pay a price greater than the offering price, without the express written consent of the buyer. This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.

2079.22 Nothing in this article precludes a listing agent from also being a selling agent, and the combination of these functions in one agent does not, of itself, make that agent a dual agent.

2079.23 A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship.

2079.24 Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.

Seller's/Landlord Initials ( _____ )( _____ )
Buyer's/Tenant's Initials ( _____ )( _____ )

Copyright © 1991-2008, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
**AD REVISED 4/06 (PAGE 2 OF 2)**

| Reviewed by _____ Date _____ |

**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 2 OF 2)**     BRENTWOOD

Benyam and Paula R. Mulugeta
1025 Harker Ave.
Palo Alto, Ca. 94301
Tel: 650-906-8012
Email bmulugeta1020@gmail.com

Debtors in Possession

EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re: )
)
Benyam and Paula R. Mulugeta ) Case No. 09-51900 ASW
) CHAPTER 11
)
) DECLARATION IN SUPPORT OF APPLICATION
Debtors ) TO EMPLOY REAL ESTATE BROKER
)
)
)
) Judge: The Honorable A. Weissbrodt
)

I, Mahnaz Khazen, MBA, CCIM, hereby declare as follows:
1- I am a licensed real estate agent with Coldwell Banker. My office is located at 20490 Saratoga Los Gatos Road, Saratoga, Ca. 95113. My telephone number is 408-835-7030.
2- I am qualified to represent the estate of the Debtors as sellers of the property located at **2332 Harrison St. Oakland, CA. 94612** for the reasons stated herein.
3- The general terms of the agreement between the Debtors and Coldwell Banker Commercial Bay and I are as follows:
   A) The list price of the property located at 2332 Harrison St. Oakland, Ca.94612 will be $6,350,000.00. MK Six million three hundred fifty thousand.
   B) The compensation sought by Coldwell Banker Commercial Bay and I is six percent (6%) of the gross sales price.
   C) The period for the listing is July16, 2010 through October 31, 2010
   D) Any sale of the property and/or payment of commission is subject to approval by the United States Bankruptcy Court.
4- Coldwell Banker Commercial Bay and I are disinterested persons within the meaning of 11U.S.C. Section 101(14) and have no connection whatsoever with the Debtors', the Debtors' creditors, the U.S. Trustee or any person employed in the office of the U.S. Trustee, the accountants for the Debtors and /or any other relative of the Debtors'. Coldwell Banker Commercial Bay and I am not now, nor have been business partners, associates, representatives or agents in the conduct of any business by the Debtors.
5- I have 20 years experience in the selling of real property in the area where the subject property is located.
6- I have read the Debtors' Application, and agreed to accept said employment on the terms and conditions contained therein.
7- I understand that neither sale of the real property nor the payment of any commission to Coldwell Banker Commercial Bay or me may occur without an order being obtained by the United States Bankruptcy Court.

I DECLARE under the penalty of perjury that the forgoing is true and correct.

Dated: July 12, 2010

*Mahnaz Khazen*
Mahnaz Khazen, MBA, CCIM

DECLARATION IN SUPPORT OF APPLICATION TO EMPLOYE REAL ESATE BROKER- 1



# CALIFORNIA ASSOCIATION OF REALTORS®

# DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP
(Listing Firm to Seller)
(As required by the Civil Code)
(C.A.R. Form AD, Revised 11/09)

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

## SELLER'S AGENT
A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:
To the Seller: A Fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.
To the Buyer and the Seller:
  (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
  (b) A duty of honest and fair dealing and good faith.
  (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

## BUYER'S AGENT
A selling agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:
To the Buyer: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.
To the Buyer and the Seller:
  (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
  (b) A duty of honest and fair dealing and good faith.
  (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.
An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

## AGENT REPRESENTING BOTH SELLER AND BUYER
A real estate agent, either acting directly or through one or more associate licensees, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.
In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
  (a) A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
  (b) Other duties to the Seller and the Buyer as stated above in their respective sections.
In representing both Seller and Buyer, the agent may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered.
The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.
Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction.
**This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully.**
I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE BACK (OR A SEPARATE PAGE).

☐ Buyer ☐ Seller ☐ Landlord ☐ Tenant _____Benyam mulugeta_____ Date 7-12-10

☐ Buyer ☐ Seller ☐ Landlord ☐ Tenant _____Paula Mulugeta_____ Date 7-12-10

Agent _____Coldwell banker Commercial-Bay_____ DRE Lic. # _____
         Real Estate Broker (Firm)
By _____ DRE Lic. # _____ Date _____
   (Salesperson or Broker-Associate)

---

**AGENCY DISCLOSURE COMPLIANCE (Civil Code §2079.14):**
- When the listing brokerage company also represents Buyer/Tenant: The Listing Agent shall have one AD form signed by Seller/Landlord and a different AD form signed by Buyer/Tenant.
- When Seller/Landlord and Buyer/Tenant are represented by different brokerage companies: (i) the Listing Agent shall have one AD form signed by Seller/Landlord and (ii) the Buyer's/Tenant's Agent shall have one AD form signed by Buyer/Tenant and either that same or a different AD form presented to Seller/Landlord for signature prior to presentation of the offer. If the same form is used, Seller may sign here:

**(SELLER/LANDLORD: DO NOT SIGN HERE)**             **(SELLER/LANDLORD: DO NOT SIGN HERE)**
Seller/Landlord _____ Date _____    Seller/Landlord _____ Date _____

---

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2009, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____


EQUAL HOUSING OPPORTUNITY

**AD REVISED 11/09 (PAGE 1 OF 2)**
**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 1 OF 2)**

| Agent: Mahnaz Khazen | Phone: 408.8357030 | Fax: | Prepared using zipForm® software |
| Broker: Coldwell Banker Commercial BAY 20490 Saratoga los Gatos Road Saratoga, CA 95070 ||||



**CALIFORNIA ASSOCIATION OF REALTORS®**

# COMMERCIAL, RESIDENTIAL INCOME AND VACANT LAND LISTING AGREEMENT
(C.A.R. Form CLA, Revised 4/06)

1. **EXCLUSIVE AUTHORIZATION:** _Benyam mulugeta, Paula Mulugeta_ ("Owner") hereby employs and grants _Coldwell banker Commercial-Bay_ ("Broker") beginning (date) _July 16, 2010_ and ending at 11:59 P.M. on (date) _October 31, 2010_ ("Listing Period") the exclusive and irrevocable right to [X] SELL, ☐ LEASE, ☐ EXCHANGE, ☐ OPTION, or ☐ OTHER _____ the real property in the City of _Oakland_, County of _Alameda_, California, described as: _vacant Hotel at 2332 Harrison St Oakland California_ ("Property").

2. **ITEMS EXCLUDED AND INCLUDED:** Unless otherwise specified in an agreement between Owner and transferee, all fixtures and fittings that are attached to the Property are included, and personal property items are excluded from the price.
   **ADDITIONAL ITEMS EXCLUDED:** _____
   **ADDITIONAL ITEMS INCLUDED:** _____
   Owner intends that the above items be excluded or included in listing the Property, but understands that: **(i)** the Agreement between Owner and transferee supersedes any intention expressed above and will ultimately determine which items are excluded and included in the transaction; and **(ii)** Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the Agreement between Owner and transferee.

3. **LISTING PRICE AND TERMS:**
   A. The listing price shall be _Six Million, Nine Hundred Fifty Thousand_ Dollars ($ _6,950,000.00_ ).
   B. Additional Terms: _subject to bankruptcy court approval on all terms of the listing and purchase contract._

4. **COMPENSATION TO BROKER:**
   **Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Owner and Broker (real estate commissions include all compensation and fees to Broker).**
   A. Owner agrees to pay to Broker as compensation for services irrespective of agency relationship(s): [X] _6.000_ percent of the listing price (or if an agreement is entered into, of the contract price), ☐ $ _____ , OR [X] in accordance with Broker's attached schedule of compensation; as follows:
      **(1)** If during the Listing Period, or any extension, Broker, Owner, cooperating broker, or any other person, procures a buyer(s) who offers to acquire the Property on the above price and terms, or on any price and terms acceptable to Owner. (Broker shall be entitled to compensation whether any Escrow resulting from such offer closes or tenancy begins during or after the expiration of the Listing Period.)
      **(2)** If within _____ calendar days after the end of the Listing Period or any extension, Owner enters into a contract to sell, lease, exchange, option, convey or otherwise transfer the Property to anyone ("Prospective Transferee") or that person's related entity: **(I)** who physically entered and was shown the Property during the Listing Period, or any extension by Broker or a cooperating broker; or **(ii)** for whom Broker or any cooperating broker submitted to Owner a signed, written offer to acquire, lease, exchange or obtain an option on the Property. Owner, however, shall have no obligation to Broker under this paragraph 4A(2) unless, not later than **3 calendar days** after the end of the Listing Period or any extension thereof, Broker has given Owner a written notice of the names of such Prospective Transferees.
      **(3)** If, without Broker's prior written consent, the Property is withdrawn from sale, lease, exchange, option or other, as specified in paragraph 1, or is sold, conveyed, leased, rented, exchanged, optioned or otherwise transferred, or made unmarketable by a voluntary act of Owner during the Listing Period, or any extension thereof.
   B. If completion of the transaction is prevented by a party to the transaction other than Owner, then compensation due under paragraph 4A shall be payable only if and when Owner collects damages by suit, arbitration, settlement, or otherwise, and then in an amount equal to the lesser of one-half of the damages recovered or the above compensation, after first deducting title and escrow expenses and the expenses of collection, if any.
   C. In addition, Owner agrees to pay Broker: _____
   D. **(1)** Broker is authorized to cooperate and compensate brokers participating through the multiple listing service(s) ("MLS"): **(i)** by offering MLS brokers either: [X] _6.000_ percent of the purchase price, or ☐ $ _____ ; OR **(ii)** (if checked) [X] as per Broker's policy.
      **(2)** Broker is authorized to cooperate and compensate brokers operating outside the MLS as per Broker's policy.
   E. Owner hereby irrevocably assigns to Broker the above compensation from Owner's funds and proceeds in escrow. Broker may submit this Listing Agreement, as instructions to compensate Broker pursuant to paragraph 4A, to any escrow regarding the Property involving Owner and a buyer, transferee or Prospective Transferee.
   F. **(1)** Owner represents that Owner has not previously entered into a listing agreement with another broker regarding the Property, unless specified as follows: _____
      **(2)** Owner warrants that Owner has no obligation to pay compensation to any other broker regarding the Property unless the Property is transferred to any of the following Prospective Transferees: _____
      **(3)** If the Property is transferred to anyone listed above during the time Owner is obligated to compensate another broker: **(i)** Broker is not entitled to compensation under this Listing Agreement; and **(ii)** Broker is not obligated to represent Owner in such transaction.

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1997-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
**CLA REVISED 4/06 (PAGE 1 OF 4)**

Owner acknowledges receipt of a copy of this page.
Owner's Initials ( _P_ )( _PM_ )
Reviewed by _____ Date _____

EQUAL HOUSING OPPORTUNITY

**COMMERCIAL, RESIDENTIAL INCOME AND VACANT LAND LISTING AGREEMENT (CLA PAGE 1 OF 4)**

| Agent: Mahnaz Khazen | Phone: 408.8357030 | Fax: | Prepared using zipForm® software |

Broker: Coldwell Banker Commercial BAY 20490 Saratoga los Gatos Road Saratoga, CA 95070

Property Address: <u>vacant Hotel at 2332 Harrison St Oakland,</u>  Date: <u>April 29, 2010</u>

5. **OWNERSHIP, TITLE AND AUTHORITY:** Owner warrants that: **(i)** Owner is the owner of the Property; **(ii)** no other persons or entities have title to the Property, and **(iii)** Owner has the authority to both execute this Listing Agreement and transfer the Property.
Exceptions to ownership, title and authority are as follows: <u>**Property is in default and may need lender and court approval for sale completion**</u>

6. **MULTIPLE LISTING SERVICE:** Information about this listing will (or ☐ will not) be provided to the MLS of Broker's selection. All terms of the transaction, including financing, if applicable, will be provided to the selected MLS for publication, dissemination and use by persons and entities on terms approved by the MLS. Owner authorizes Broker to comply with all applicable MLS rules. MLS rules allow MLS data to be made available by the MLS to additional Internet sites unless Broker gives the MLS instructions to the contrary. MLS rules generally provide that residential real property and vacant lot listings be submitted to the MLS within 48 hours or some other period of time after all necessary signatures have been obtained on the listing agreement. However, Broker will not have to submit this listing to the MLS or can prohibit this listing or certain information from or about it from appearing on a certain internet sites if, within that time, Broker submits to the MLS a form signed by Seller (C.A.R. Form SEL or the locally required form) instructing Broker to withhold the listing from the MLS. Information about this listing will be provided to the MLS of Broker's selection unless a form instructing Broker to withhold the listing from the MLS is attached to this listing Agreement.

7. **OWNER REPRESENTATIONS:** Owner represents that, unless otherwise specified in writing, Owner is unaware of: **(i)** any Notice of Default recorded against the Property; **(ii)** any delinquent amounts due under any loan secured by, or other obligation affecting, the Property; **(iii)** any bankruptcy, insolvency or similar proceeding affecting the Property; **(iv)** any litigation, arbitration, administrative action, government investigation, or other pending or threatened action that affects or may affect the Property or Owner's ability to transfer it; and **(v)** any current, pending or proposed special assessments affecting the Property. Owner shall promptly notify Broker in writing if Owner becomes aware of any of these items during the Listing Period or any extension thereof.

8. **BROKER'S AND OWNER'S DUTIES:** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Listing Agreement. Unless Owner gives Broker written instructions to the contrary, Broker is authorized to order reports and disclosures as appropriate or necessary, and advertise and market the Property in any method and medium, including the Internet, selected by Broker, and, to the extent permitted by these media, including MLS, control the dissemination of the information submitted to any medium. Owner agrees to consider offers presented by Broker, and to act in good faith toward accomplishing the transfer of the Property by, among other things, making the Property available for showing at reasonable times and referring to Broker all inquiries of any party interested in the Property. Owner agrees to provide Broker and transferee(s) all written disclosures, as required by law. Owner further agrees to immediately disclose in writing any condition known to Owner that affects the Property, including, but not limited to, any past or current generation, storage, release, threatened release, disposal, and presence and location of asbestos, PCB transformers, petroleum products, flammable explosives, underground storage tanks and other hazardous, toxic or contaminated substances or conditions in, on, or about the Property. Owner shall maintain public liability and property damage insurance on the Property during the Listing Period or any extension. Owner waives all subrogation rights under any insurance against Broker, cooperating brokers or employees. Owner is responsible for determining at what price to list and transfer the Property. **Owner further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments and attorney's fees arising from any incorrect information supplied by Owner, or from any material facts that Owner knows but fails to disclose.**
☐ **(If checked)** The attached property disclosure is part of this Listing Agreement and may be provided to Prospective Transferees.

9. **DEPOSIT:** Broker is authorized to accept and hold on Owner's behalf any deposits to be applied toward the contract price.

10. **AGENCY RELATIONSHIPS:**
    A. **Disclosure:** If the Property includes residential property with one to four dwelling units and this Listing Agreement is used to list the Property for sale, exchange or lease for a period of greater than one year, a "Disclosure Regarding Agency Relationships" form is required to be provided to Owner prior to entering into this Listing Agreement.
    B. **Owner Representation:** Broker shall represent Owner in any resulting transaction, except as specified in paragraph 4F.
    C. **Possible Dual Agency With Buyer:** Depending upon the circumstances, it may be necessary or appropriate for Broker to act as an agent for both Owner and buyer, exchange party, or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Owner any election to act as a dual agent representing both Owner and Buyer. If a Buyer is procured directly by Broker or an associate licensee in Broker's firm, Owner hereby consents to Broker acting as a dual agent for Owner and such Buyer. In the event of an exchange, Owner hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Owner understands and agrees that: **(i)** Broker, without the prior written consent of Owner, will not disclose to Buyer that Owner is willing to transfer the Property at a price less than the listing price; **(ii)** Broker, without the prior written consent of Buyer, will not disclose to Owner that Buyer is willing to pay a price greater than the offered price; and **(iii)** except for (i) and (ii) above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.
    D. **Other Owners:** Owner understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or acquire through Broker, property the same as or similar to Owner's Property. Owner consents to Broker's representation of owners and buyers of other properties before, during, and after the end of this Listing Agreement.
    E. **Confirmation:** If the Property includes residential property with one to four dwelling units, Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Owner's execution of an agreement to sell.

11. **SECURITY AND INSURANCE:** Broker is not responsible for loss of or damage to personal or real property or person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of the interior of the Property. Owner agrees: **(i)** to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; and **(ii)** to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Owner.

Owner acknowledges receipt of a copy of this page.
Owner's Initials ( _(initials)_ ) ( _(initials)_ )
Reviewed by _____ Date _____

Copyright © 1997-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
**CLA REVISED 4/06 (PAGE 2 OF 4)**

**COMMERCIAL, RESIDENTIAL INCOME AND VACANT LAND LISTING AGREEMENT (CLA PAGE 2 OF 4)**

Hotel

Case: 09-51900   Doc# 342   Filed: 11/09/10   Entered: 11/09/10 13:38:00   Page 10 of 13

Property Address: <u>vacant Hotel at 2332 Harrison St Oakland,</u>   Date: <u>April 29, 2010</u>

12. **KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors and accompanying prospective buyers. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are **not** insurers against injury, theft, loss, vandalism, or damage attributed to the use of a keysafe/lockbox. Owner does (or if checked ☐ does not) authorize Broker to install a keysafe/lockbox. If Owner does not occupy the Property, Owner shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox. (C.A.R. Form KLA)

13. **SIGN:** Owner authorizes Broker to install a FOR SALE/SOLD/LEASE sign on the Property unless otherwise indicated in writing.

14. **EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state, and local anti-discrimination laws.

15. **ATTORNEY'S FEES:** In any action, proceeding, or arbitration between Owner and Broker regarding the obligation to pay compensation under this Listing Agreement, the prevailing Owner or Broker shall be entitled to reasonable attorney's fees and costs, except as provided in paragraph 19A.

16. **ADDITIONAL TERMS:** _____
_____
_____
_____
_____
_____
_____
_____
_____

17. **MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Listing Agreement on Broker's behalf, and Broker or Manager does not approve of its terms, Broker or Manager has the right to cancel this Listing Agreement, in writing, within 5 days after its execution.

18. **SUCCESSORS AND ASSIGNS:** This Listing Agreement shall be binding upon Owner and Owner's successors and assigns.

19. **DISPUTE RESOLUTION:**
    A. **MEDIATION:** Owner and Broker agree to mediate any dispute or claim arising between them out of this Listing Agreement, or any resulting transaction, before resorting to arbitration or court action, subject to paragraph 19B(2) below. Paragraph 19B(2) below applies whether or not the Arbitration provision in initialed. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney's fees, even if they would otherwise be available to that party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED.
    B. **ARBITRATION OF DISPUTES:** (1) **Owner and Broker agree that any dispute or claim in law or equity arising between them regarding the obligation to pay compensation under this Agreement, which is not settled through mediation, shall be decided by neutral, binding arbitration, including and subject to paragraph 19B(2) below. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate law experience, unless the parties mutually agree to a different arbitrator, who shall render an award in accordance with substantive California law. The parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part III of the California Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered in any court having jurisdiction. Interpretation of this agreement to arbitrate shall be governed by the Federal Arbitration Act.**
    (2) **EXCLUSIONS FROM MEDIATION AND ARBITRATION:** The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims, or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation and arbitration provisions.

    "NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."
    "WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."

Owner's Initials ____/____    Broker's Initials ____/____

Owner acknowledges receipt of a copy of this page.
Owner's Initials ( _____ ) ( _____ )
Reviewed by _____ Date _____

Copyright © 1997-2006, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
**CLA REVISED 4/06 (PAGE 3 OF 4)**
**COMMERCIAL, RESIDENTIAL INCOME AND VACANT LAND LISTING AGREEMENT (CLA PAGE 3 OF 4)**

Hotel

Property Address: vacant Hotel at 2332 Harrison St Oakland,      Date: April 29, 2010

20. **ENTIRE CONTRACT:** All prior discussions, negotiations, and agreements between the parties concerning the subject matter of this Listing Agreement are superseded by this Listing Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Listing Agreement and any supplement, addendum, or modification, including any photocopy or facsimile, may be executed in counterparts.

**By signing below, Owner acknowledges that Owner has read, understands, received a copy of and agrees to the terms of this Listing Agreement and any attached schedule of compensation.**

Date 7-12-10 at Palo Alto
Owner Benyam muluqeta
By [signature] Title Owner
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Date 7-12-10 at Palo Alto
Owner Paula Muluqeta
By [signature] Title _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Date _____ at _____
Owner _____
By _____ Title _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Date _____ at _____
Owner _____
By _____ Title _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

Real Estate Broker (Firm) **Coldwell banker Commercial-Bay**     DRE Lic. # _____
By (Agent) _____ DRE Lic. # _____ Date _____
Address _____ City _____ State _____ Zip _____
Telephone _____ Fax _____ E-mail _____

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

CLA REVISED 4/06 (PAGE 4 OF 4)

**COMMERCIAL, RESIDENTIAL INCOME AND VACANT LAND LISTING AGREEMENT (CLA PAGE 4 OF 4)**
Hotel



**CALIFORNIA ASSOCIATION OF REALTORS®**

EXHIBIT 3

# ADDENDUM
(C.A.R. Form ADM, Revised 10/01)

No. _14._

The following terms and conditions are hereby incorporated in and made a part of the: ☐ Residential Purchase Agreement, ☐ Manufactured Home Purchase Agreement, ☐ Business Purchase Agreement, ☐ Residential Lease or Month-to-Month Rental Agreement, ☐ Vacant Land Purchase Agreement, ☐ Residential Income Property Purchase Agreement, ☒ Commercial Property Purchase Agreement, ☐ other _____

dated _February 10, 2009_, on property known as _2332 HARRISON STR OAKLAND, CA 94612    HOTEL MERRITT_
in which _GARY G. GORNICK, TRADING SPACES LLC_ is referred to as ("Buyer/Tenant")
and _BANYAM MULUGETA_ is referred to as ("Seller/Landlord").

1. 1- Sellers request that the close of escrow to be on or before November 30, 2010, due to the time needed for the court to approve the sell.
2. Additional terms and condition remain this same as per Commercial Purchase Agreement dated February 12,2010 and Addendums between the undersigned parties hereto.

The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this document.

Date _November 5, 2010_
Buyer/Tenant _Gary G. Gornick, Managing Member_
  _GARY G. GORNICK_
Buyer/Tenant _____
  _TRADING SPACES LLC_

Date _November 5, 2010_
Seller/Landlord _____
  _BANYAM MULUGETA_
Seller/Landlord _____

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright© 1986-2001, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by Broker or Designee _____ Date _____

ADM-11 REVISED 10/01 (PAGE 1 OF 1)

**ADDENDUM (ADM-11 PAGE 1 OF 1)**

| Agent: Mark Patton | Phone: 510.483.3281 | Fax: 510.619.5634 | Prepared using zipForm® software |
|---|---|---|---|
| Broker: Mark Patton Commercial Holdings 13885 Doolittle dr Suit 203 San Leandro, CA 94577 | | | |

Case: 09-51900   Doc# 342   Filed: 11/09/10   Entered: 11/09/10 13:38:00   Page 13 of 13