ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
RICHARD W. ABBEY, ESQ. (SBN: 053039)
RACHEL K. STEVENSON, ESQ. (SBN: 172525)
100 Stony Point Road, Ste. 200
Post Office Box 1566
Santa Rosa, California 95402-1566
Telephone No.: (707) 542-5050
Facsimile No.: (707) 542-2589
rstevenson@abbeylaw.com

Attorneys for Creditor
Sterling Savings Bank, successor in interest by merger to
Sonoma National Bank

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>BENYAM MULUGETA and PAULA R. MULUGETA,<br><br>Debtors. | Case No. 09-51900<br>Chapter 11<br>R.S. No. RKN/004<br><br>**Date: November 22, 2010**<br>**Time: 2:00 p.m.**<br>**Location: 280 South First St., San Jose, CA**<br>**Courtroom: 3020** |

### STERLING SAVINGS BANK'S REPLY TO DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM STAY

COMES NOW, Sterling Savings Bank, as successor in interest by merger to Sonoma National Bank ("Sterling") and, replies to the Debtors' Opposition to Motion for Relief from Stay, as follows:

The only two issues before this Court on this Motion are (1) whether the Debtors have equity in the subject property, and (2) whether the property is necessary for an effective reorganization. Sterling has the burden of proof on the issue of equity. The Debtors have the burden of proving that the property is necessary for an effective reorganization. Sterling has met its burden. The Debtors have not. This Motion should therefore be granted.

**A.     THERE IS NO EQUITY IN THE PROPERTY.**

A debtor's equity in real property is the difference between the property value and the **total** amount of liens against the property. (*Stewart v. Gurley* 745 F.2d 1194, 1195-96 (9th Cir. 1984).)

Here, Sterling has established that the Grand Property's value is $2,700,000. A copy of Sterling's appraisal is attached to the Declaration of appraiser, Stephen Kuhnhoff which was filed with the initial reply papers for this Motion on March 30, 2010. Declarations of the appraisers involved in the preparation of the appraisal demonstrate the validity and accuracy of the appraisal. The total amount of liens against the Property is at least $3,121,914. Accordingly, the Debtors have no equity in the Property.

The Debtors' arguments to the contrary seemingly misunderstand the applicable law regarding how a debtor's equity is determined. Whether or not Sterling is adequately protected is not the issue. The issue is that the total amount of the liens against the Property far exceed the appraised value of the Property. (*Stewart, supra* 745 F.2d at pp. 1195-96 (9th Cir. 1984).) The Debtors also wholly disregard the declining state of the real estate market. Given the recent decline in the real estate market, and particularly in the commercial real estate sector, it is not difficult to understand that what an appraiser in December of 2008, may have thought property could be worth in the future, is drastically different from what the property is actually worth a year later. Moreover, even if the "As If Completed and Stabilized" value of $3,380,000[1] were realistic in today's market, the Debtors would still have no equity. The total amount of liens ($3,121,914) plus the 8% in commissions and sales costs ($270,400) equals $3,392,314. The Debtors simply have no equity, and Section 362(d)(2)(A) is therefore satisfied.

**B.     THE DEBTORS ARE NO CLOSER TO REORGANIZING NOW THAN THEY WERE A YEAR AGO.**

The Debtors have not demonstrated, and cannot demonstrate, that the Grand Property is necessary for an effective reorganization. The "effective reorganization" component in a motion for relief from stay requires a showing by the debtor that a proposed plan is not patently unconfirmable and has a realistic chance of being confirmed. (*In re Sun Valley Newspapers, Inc.* 171 B.R. 71, 75 (9th Cir. BAP 1994).) The burden of proof on a debtor in this regard is to "offer sufficient evidence to indicate that a successful reorganization within a reasonable time is 'plausible.'" (*Ibid.*) ) It is not enough for the debtor to simply argue that the automatic stay should continue because it needs

---

[1]     See Debtors' Opposition at p. 2, line 18.

the property in order to propose a reorganization. (*La Jolla Mortgage Fun v. Rancho El Cajon Assoc.*, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982); s*ee also, United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 375-76.) "If all the debtor can offer at this time is high hopes without any financial prospects on the horizon to warrant a conclusion that a reorganization in the near future is likely, it cannot be said that the property is necessary to an 'effective' reorganization." (*Ibid.*) The lack of any realistic prospect for reorganization **requires** relief under 11 U.S.C. 363(d)(2). (*United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 376.)

Here, the Debtors have been in bankruptcy now for over eighteen months. In spite of numerous chances, delays and promises, they have not sold a single piece of real property or come close to proposing a plan of reorganization. This motion was originally filed on March 3, 2010. After numerous delays and continuances, the Court ordered the Debtors to list this Property for sale in May of 2010. They still have not sold it. As has been their pattern, they have presented a purported sales contract on the eve of this hearing in an effort to buy more time. However, just as with the O'Keefe and Harrison properties, absolutely no evidence exists to support a finding that this sale is viable. Indeed, the purchase price stated in the purported offer, attached by the Debtors as Exhibit 2, is $2,475,000, $646,914 less than the liens against the Property. Thus, absent consent to a short sale by junior lenders, this sale will not happen.

In short, the Debtors have not proposed a plan and they have not demonstrated that they are any closer to doing so today than they were a year ago. Rather, they have simply stalled and delayed within the confines of the bankruptcy protections, without making any effort to file, much less confirm, a plan. All the Debtors have done is argue that the automatic stay should continue because they need the Property, and offer "high hopes" without any evidence of financial prospects on the horizon which warrant a conclusion that reorganization in the future is likely. (*See La Jolla Mortgage Fun v. Rancho El Cajon Assoc.*, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982); s*ee also, United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 375-76.) The inevitable conclusion to be drawn from the totality of the facts of this case is that no reasonable prospect exists for reorganization of these Debtors in the near future. As such, it cannot be said that

| | |
|---|---|
| 1 | the Property, **353 Grand Avenue, Oakland, CA 94601,** is necessary to an effective reorganization. |
| 2 | (*La Jolla Mortgage Fun v. Rancho El Cajon Assoc.*, 18 B.R. 283, 291 (Bankr. S.D. Cal. 1982); s*ee* |
| 3 | *also, United Savings Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 375- |
| 4 | 76.) |

### III. CONCLUSION

This motion has been pending for more than eight months, with absolutely no progress. The Debtors have been given chance after chance to demonstrate that financial prospects exist to warrant a conclusion that reorganization in the near future is likely. They have not done so. Therefore, they have not demonstrated that this Property is necessary for an effective reorganization. Sterling therefore urges this Court to issue an order granting relief from the automatic stay to enable it to assert its rights under its deed of trust secured by the Debtors' property located at **353 Grand Avenue, Oakland, CA; A.P.N. 010-0767-001,** as well as pursue all state court remedies necessary to secure possession of the Property, including the serving of notices and unlawful detainer proceedings. Sterling further requests a waiver of the 14-day stay imposed by Bankruptcy Rule 4001(a)(3). Alternatively, at the very least, Sterling is entitled to relief to re-publish its Notice of Sale, so that when the inevitable does happen, and Sterling is allowed to foreclose, it need not wait an additional 30 days before doing so.

Dated: November 19, 2010
                                            ABBEY, WEITZENBERG, WARREN & EMERY

                                            By:   */s/ Rachel K. Stevenson*
                                                       Rachel K. Stevenson, Esq.
                                                       Attorneys for Sterling Savings Bank

# PROOF OF SERVICE

I am a citizen of the United States and employed in the County of Sonoma, California. I am over the age of eighteen years and not a party to the within entitled cause. My business address is 100 Stony Point Road, Suite 200, Santa Rosa, California 95401.

On November 19, 2010, I served the following document(s):

**STERLING SAVINGS BANK'S REPLY TO DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM STAY**

on the interested parties in said cause, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

  XX   **(BY MAIL)** I placed each such sealed envelope, with postage fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of the law office of Abbey, Weitzenberg, Warren & Emery for processing of mail, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for processing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on November 19, 2010 at Santa Rosa, California.


                            */s/ Lori Koloacek*
                            Lori Kolacek

**SERVICE LIST**
**BENYAM AND PAULA MULUGETA**
**CASE NO. 09-51900**

**DEBTOR:**
Benyam Mulugeta
1025 Harker Ave.
Palo Alto, CA 94301

**JOINT DEBTOR:**
Paula R. Mulugeta
1025 Harker Ave.
Palo Alto, CA 94301

**U.S. TRUSTEE:**
Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S. 1st St., #268
San Jose, CA 95113-3004

**CREDITORS:**

**Aglaia Panos**
13240 Clairepointe Way
Oakland, CA 94619

**California Mortgage**
62 First St., 4th Fl
San Francisco, CA 94105

**Capital One Bank (USA), N.A.**
C/O Tsys Debt Management (Tdm)
PO BOX 5155
NORCROSS, GA 30091

**Chase**
PO Box 94014
Palatine, IL 60094

**Chrysler Financial**
PO Box 9001921
Louisville, KY 40290

**Chrysler Financial Services Americas LLC**
Randall P. Mroczynksi
535 Anton Boulevard, 10th Floor
Costa Mesa, AZ 92626

| # | |
|---|---|
| 1 | |
| 2 | **Citi**<br>PO Box 6415<br>The Lakes, NV 88901 |
| 3 | |
| 4 | **Countrywide Home Loans**<br>PO Box 5170<br>Simi Valley, CA 93062 |
| 5 | |
| 6 | |
| 7 | **Cupertino Dental**<br>10383 Torre Ave. #I<br>Cupertino, CA 95014 |
| 8 | |
| 9 | **EMC**<br>PO Box 660753<br>Dallas, TX 75266 |
| 10 | |
| 11 | **Expo**<br>PO Box 6028<br>The Lakes, NV 88901 |
| 12 | |
| 13 | |
| 14 | **Franchise Tax Board**<br>Bankruptcy Section MS A340<br>PO Box 2952<br>Sacramento, CA 95812-2952 |
| 15 | |
| 16 | |
| 17 | **Internal Revenue Service**<br>P O Box 21126<br>Philadelphia, P A 19114 |
| 18 | |
| 19 | **Loan Oak Fund**<br>11611 San Vicente Blvd. #640<br>Los Angeles, CA 90049 |
| 20 | |
| 21 | **Robert Taylor**<br>541B Cowper<br>Palo Alto, CA 94301 |
| 22 | |
| 23 | |
| 24 | **Sequoia Mortgage**<br>1114 Irwin St.<br>San Rafael, CA 94901 |
| 25 | |
| 26 | **Sonoma Bank**<br>PO Box 6089<br>Santa Rosa, CA 95406 |
| 27 | |
| 28 | |

**Tomoko Nakama**
1569 Jackson St.
Oakland, CA 94612

**Wachovia Dealer Services, Inc**
PO Box 25341
Santa Ana, CA 92799

**Washington Mutual**
PO Box 660487
Dallas, TX 75266

**Washington Mutual**
PO Box 74148
Phoenix, AZ 85062

**Washington Mutual Bank**
7301 Baymeadows Way
Jacksonville, FL 32256

**Wells Fargo**
PO Box 30086
Los Angeles, CA 90030

**WELLS FARGO BANK N.A.**
BDD Bankruptcy Dept MAC S4101-08C
100 W Washington St
Phoenix, AZ 85003

**Wells Fargo Bank, N.A.**
c/o Wells Fargo Card Services
Recovery Department
P.O. Box 9210
Des Moines, IA 50306

**Wells Fargo Bank, National Association as Trustee**
EMC Payment Processing
PO Box 660753
Dallas, TX, 75266-0753

**SPECIAL NOTICE:**

**First Street Commercial Mortgage Fund, LLC**
c/o Eric A. Nyberg
Kornfield, Nyberg, Bendes & Kuhner
1999 Harrison St., Ste. 2675
Oakland, CA 94612

| | |
|---|---|
| 1 | |
| 2 | **EMC Mortgage Corporation**<br>ATTN: Bankruptcy Dept. |
| 3 | P.O. Box 293150<br>Lewisville, TX 75029-3150 |
| 4 | Loan No: ***** 5551 |
| 5 | **American Express Centurian Bank** |
| 6 | c/o Becket and Lee LLP<br>P.O. Box 3001 |
| 7 | Malvern, PA 19355-0701 |
| 8 | **American Express Travel Related Services Co., Inc.** |
| 9 | c/o Becket and Lee LLP<br>P.O. Box 3001 |
| 10 | Malvern, PA 19355-0701 |
| 11 | **Loan Oak Fund, LLC** |
| 12 | c/o Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP<br>Attn: Simon Aron, Esq. |
| 13 | 11400 West Olympic Blvd., Ninth Floor<br>Los Angeles, CA 90064-1565 |
| 14 | |
| 15 | **Countrywide Home Loans Servicing, Inc.**<br>c/o Richard J. Bauer, Jr., Esq. |
| 16 | Miles, Bauer, Bergstrom & Winters, LLP<br>1665 Scenic Ave., Ste. 200 |
| 17 | Costa Mesa, CA 92626 |
| 18 | **Sequoia Mortgage Capital** |
| 19 | c/o Patric J. Kelly, Esq.<br>Adleson, Hess & Kelly, APC |
| 20 | 577 Salmar Ave., Second Floor<br>Campbell, CA 95008-1453 |
| 21 | |
| 22 | **Sequoia Mortgage Capital**<br>Jason H. Freskos |
| 23 | 1114 Irwin Street<br>San Rafael, CA 94901 |
| 24 | |
| 25 | **Chrysler Financial Services Americas LLC**<br>**fka DaimlerChrysler Financial Services Americas LLC** |
| 26 | c/o Randall P. Mroczynski, Esq.<br>Cooksey, Toolen, Gage, Duffy & Woog |
| 27 | 535 Anton Blvd., Tenth Floor<br>Costa Mesa, CA 92626 |
| 28 | |

| | |
|---|---|
| 1 | |
| 2 | **Washington Mutual Bank**<br>c/o Melodie A. Whitson |
| 3 | PITE DUNCAN, LLP<br>4375 Jutland Drive, Ste. 200 |
| 4 | P.O. Box 17933<br>San Diego, CA 92177-0933 |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

-10-