Original

FILED
FEB 07 2011
CLERK
United States Bankruptcy Court
San Jose, California

Benyam and Paula R. Mulugeta
1025 Harker Ave.
Palo Alto, Ca. 94301
Tel: 650-906-8012
Email bmulugeta1020@gmail.com

Debtors in Possession

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:

Benyam and Paula R. Mulugeta

Debtors

Case No. 09-51900 ASW
CHAPTER 11

Date: February 14, 2011
Time: 3.00 p.m.
Room: 3020

Judge: The Honorable A. Weissbrodt

**DEBTORS OPPOSITION TO LONE OAK FUND EMERGENCY MOTION FOR ORDER ENFORCING STIPULATION AND FOR ORDER TERMINATING AUTOMATIC STAY**

Debtors, Benyam and Paula R. Mulugeta (jointly "Debtors") submit this opposition to the Emergency Motion for Order Enforcing Stipulation and for Order Terminating Automatic Stay submitted by Lone Oak Fund "Movant" regarding Debtor's Real property located at **2332 Harrison St. Oakland, Ca. 94612 "Harrison"**; for the following reasons:

**I-     Introduction:**

Debtors filed Chapter 11 in March 18, 2009, in order to get protection from bankruptcy court, granted to them through "Automatic Stay" 11 U.S.C. 362. The automatic stay has helped Debtors to stop Lone Oak Fund from foreclosing and repossession of "Harrison" which is the life line of Debtors estate, and saved the estate from collapsing. In addition, it helped Debtors to start reorganizing and have a second chance, which the Code intends to achieve. There is no good cause exist as the Debtors will show in this opposition for the Court to terminate the automatic stay at this stage.

**II-    Third Party- Trading Spaces LLC**

1- If Trading Spaces LLC closes "Harrison" deal it is well and good, since there is enough cash left from the proceed to pay off other creditors, and for Debtors to get out of bankruptcy. That has been the wish and hope of Debtors. However, Debtors strongly believe that the property "Harrison" will pass the LITMUS TESTS of the Bankruptcy Code and Rules, which are essential factors in determining whether the Court terminate the stay or grant relief to a creditor. Debtors believe that "Harrison" satisfy those LITMUS TESSTS, which are the equity on the property and it importance to Debtors reorganization plan, and the interest of the creditor, without Trading Spaces action or inaction.

DEBTORS OPPOSITION TO LONE OAK FUND EMERGENCY MOTION TO TERMINATE THE AUTOMATIC STAY- 1

2-Debtors' argue that the there is neither moral nor legal justification to grant Relief to Lone Oak Fund or terminate the Stay because of Debtors' prospective buyer, Trading Spaces LLC, not performing yet under the purchase contract it entered with Debtors.

3-Debtors believe there is nowhere in the Code that a Relief from Stay be granted to a Movant, Lone Oak Fund because of the 3rd party action or behavior

4-Under Bankruptcy Code 362 the Court shall grant relief from stay to Lone Oak Fund "Movant" or terminate the Stay for causes which include A) Lack of Equity on the property, B)the property is not necessary to an effective reorganization, and C) the Movant interest is not adequately protected. Debtors argue none of the above was the arguments and justification presented by Lone Oak Fund motion to request for the Termination of the Automatic Stay. Rather Lone Oak Fund is using the behavior and the action of the 3rd party in this case Trading Spaces the Debtors prospective buyer to justify termination of the automatic stay. Debtors argue the welfare of the estate should not be decided by the 3rd party action or in action. Therefore, Debtors request the Court to deny Lone Oak Fund Motion.

5-Debtors submit this case should be decided based on its own merit not by outside forces, such as Trading Spaces LLC, where Debtors have very limited control over. The fact and the reality is such no seller can control 100 per cent the action of a buyer. This case is no different.

III- **Debtors respond to "April 30, 2010" Stipulation"**

The April 30, 2010 "Stipulation" had been modified and amended by mutual agreement (in the middle of Evidentiary Hearing) by both parties, Debtors' and Lone Oak Fund, as follows:
1- Debtors and Lone Oak Fund agreed on July 8, 2010 for Debtors to continue to pay $22,000 to March 31, 2011 (see copy of the email and the letter Exhibit 1)
2- Debtors and Lone Oak Fund agreed on or before March 31, 2011, Debtors to make current the property tax, and Lone Oak Fund to extend the term of the loan until March 31, 2012 and Debtors to start to pay $30,000.00 per month starting April 1st, 2011 until March 31, 2012.
3- On October 14, 2010 Mr. Aron , Lone Oak Fund counsel had contacted Debtors (see Exhibit 2) to file motion to sell "Harrison", and on October 19, 2010 Debtors submitted amended motion to sale Harrison free and clear of liens, and on November 9, the Court order granting Debtors emergency motion to sell "Harrison".
4- As the email of October 14, 2010 from Mr. Aron to Debtor, Benyam Mulugeta, shows that it was not the Debtors who initiated the October 19, 2010 Motion to sell Harrison, Debtors' believe that Mr. Aron was informed by his client, Lone Oak Fund based on the contact Lone Oak Fund had with the Placer Title Company, and the title company request of Lone Oak Fund pay of demand, since the title company believed that Trading Spaces LLL, "the Buyer" was "ready, willing and able to perform on the Purchase Agreement", not the Debtors as the motion claims.

**DEBTORS OPPOSITION TO LONE OAK FUND EMERGENCY MOTION TO TERMINATE THE AUTOMATIC STAY- 2**

### IV- November 9, 2010 Court Order Granting Debtors Emergency Motion to Sell Harrison

Debtors' have been paying $22,000.00 per month to Lone Oak Fund, as part of the adequate protection and post-petition payment and based on the mutual agreement between Lone Oak Fund and Debtors, dated July 18, 2010 until October, 2010, however, Debtors stop paying on November and December, 2010 because of the Court Order of November 9, 2010, which said page 3 item e quote, "<u>The Debtors shall pay from **ESCROW** the following secured claims .. i.Lone Oak…$4,204,828.25, plus $962.50 per day from and after November 1, 2010 until close of sale'</u>(Exhibit 3). Debtors understood that the November 9, 2010 Court Order amended the April 30, 2010 Stipulation and the pervious orders, and Lone Oak Fund to collect $962.50 per day until ESCROW CLOSE, no specific date was given when the November 9, 2010 Order would expire, and Debtors to go back to the pervious Stipulation and start paying the $22,000.00. Nor there is any discussion or agreement between the parties what to do if and when Trading Spaces LLC is not closed the deal on a specific date. Therefore, Debtors submit a) Debtors were not disobeying the Court Order, b) termination of the automatic stay is not warranted, and c) the Court should put aside the January 28, 2011 Order until February 14, 2011 hearing in lieu of this fact and misunderstanding.

### V- January 28, 2011 Status Conference

Debtors respectfully request the court to set aside the January 28, 2011 Oder Setting Hearing on Status of Sale of Harrison, and Hearing on Emergency Motion by Lone Oak Fund until February 14, 2011 hearing which set specifically for the Motion filed by Lone Oak Fund for Emergency Motion for Order enforcing Stipulation and for Order terminating the Automatic Stay.
The reason being that Debtors came to the Court on January 28, 2011 to present the status of the estate, and were not prepared to present their position in regard to Lone Oak Emergency Motion for Order Enforcing Stipulation and for Order Terminating Automatic Stay, thus, they were coat off guard, and agreed in issues and matter they were not fully aware and ready for.

### VI-Conclusion

Debtors submit that Lone Oak Fund fell to prove under Bankruptcy Rules 362(d)(1)that Debtors property "Harrison" does not have equity and not essential for Debtors reorganization plan. The Bankruptcy Code specifically states that the moving party, in this case Lone Oak Fund, must establish its prima facie case. Failure to prove a prima facie case requires denial of the requested relief. Therefore, Debtors are entitled to continued protection of the Court. Further, Debtors argue that Lone Oak Fund interest is very well protected because of the equity the property has, which demonstrate adequate protection.
During the Evidentiary Hearing Debtors believe they proved that the property "Harrison" has equity and essential to Debtors reorganization, and Lone Oak Fund realized that their interest is safe.

In addition, Debtors believe that Lone Oak Fund knows that the property Fair market Value is well over what is owed to Lone Oak Fund, therefore if they succeed in their pursue of foreclosing on the property at a minimum they will make over $1,000,000.00+ above and beyond what Debtors owe them. That is why they keep coming and try to take this property and wipe out the Debtors. It is true a $1,000,000.00 to Lone Oak Fund a company of over $600,000,000+ in transaction might be nothing, for Debtors it a question of survival.

**Based on the forgoing,** Debtors believe there is no moral or legal justification for Lone Oak to seek termination of the Automatic Stay; mainly based on the action or inaction of the third party, in this case Trading Spaces LLC, therefore, Debtors respectively request that the Court denies "Movant" Emergency Motion for Relief from Stay.

Dated: February 7, 2011

_____
Benyam Mulugeta
Debtor

**DEBTORS OPPOSITION TO LONE OAK FUND EMERGENCY MOTION TO TERMINATE THE AUTOMATIC STAY- 4**

Gmail

Benyam Mulugeta Sr. <bmulugeta1020@gmail.com>

# 2332 Harrison, Oakland

2 messages

*EXHIBIT 1*

---

**Benyam Mulugeta Sr.** <bmulugeta1020@gmail.com>     Sat, Jul 10, 2010 at 10:46 PM
To: jerry@loneoakfund.com

July 10, 2010
Dear Mr. Jerry:
How are you?
Attached you will find a copy of the letter I sent to Mr. Aron.
**I am appealing to you directly, because I believe you can play a major role in the positive way in this case.** The reason I come to you also, I believe you area a decent and a good man. Please work with us, it has been very difficult. Since we opened the hotel for lease to generate income to make the monthly payment to Lone Oak Fund until we sell it. We have to fix the property to make it habitable, and we had to pay the insurance, as the result we could not be able to come up with the additional money for the property tax for now. However, we were able to sent the $22,000.00 payment to Lone Oak Fund.
What we are proposing is not bad considering the value of the property and how safe the Lone Oak interest is on the property. **Based on what I know believe me, the Lone Oak Fund interest is VERY SAFE, since there is equity on the property, what we are trying to salvage is our interest and our future, and 25 years of hard work.** In addition, it is ethical as well as sound business practice to solve this problem mutually beneficial than foreclosure.
There is a say in Africa, it will be a tragedy to die at the shore after swimming the ocean. Jerry, we are almost there to sale the property and come out of the mess we are in, the only things we need is time. We are asking Lone Oak Fund to give us TIME,
and work with us!!!

We deeply appreciate your understanding, cooperation and working with us in this matter.

Sincerely,
Benyam Mulugeta


☐ Mr. Aron ~~July 9, letter~~.docx  (attached)
   15K

---

**Jerry Ducot** <Jerry@loneoakfund.com>     Sun, Jul 11, 2010 at 11:04 AM
To: "Benyam Mulugeta Sr." <bmulugeta1020@gmail.com>
Cc: James Rothstein <james@loneoakfund.com>, Marian Manzer <Marian@loneoakfund.com>, Samantha Simons <Samantha@loneoakfund.com>, Simon Aron <saron@wrslawyers.com>

Hello Benyam,

James and I appreciate the effort that you are putting into preserving your interest in the hotel. We will discuss tomorrow at loan committee and get back to you through Simon Aron. Please remember that we have a fiduciary responsibility to some 470 investors who hold us accountable. On a personal level, we both wish you the very best.

EXHIBIT 9

July 8, 2010

Dear Mr. Aron:

We received your letter and email dated July 2, 2010.

First, we will send the $22,000.00 payment to Lone Oak Fund overnight, so that you get it by Monday or the latest by Tuesday, to prove to you and to Lone Oak Fund that we are trying our best to solve this problem to our mutual benefit.

Second, as you know we did not sign the "Stipulation for Adequate Protection" as a result of the drop dead date and other terms in the "Stipulation" which we did not understand clearly the impact at the time of the hearing. We are also waiting for the "forbearing agreement" from Lone Oak Fund which will be applicable if we do not sell the hotel by March 31, 2011.

Finally, since opening the hotel, we are facing many expenses and problems which we didn't foresee. That is why we are asking Lone Oak Fund to work and cooperate with us for the last time based on the following terms. **Thus, going forward we propose the following amendments to the "Stipulation for Adequate Protection":**

1. We will continue **paying $22,000.00 per month** to Lone Oak Fund until March 31, 2011 with 10 days cure period. **(Enclosed you will find a check for $22,000.00 pay able to Lone Oak Fund, please let Lone Oak Fund cash it if Lone Oak Fund is accepting our request item 2 below). Thank you very much in advance for your understanding and cooperation!!!**

2. **March 31, 2011 will be the "drop dead date"** if and only if the following conditions are not met:
   A) If we did not pay the property tax in full to the County of Alameda by March 1st, 2011.
   B) We will pay a $35,000 loan fee by February 1st, 2011 to Lone Oak fund to extend the loan until March 31, 2012, if we did not sell or refinance the hotel by then.
   C) We enter into a Forbearing Loan Agreement with Lone Oak Fund by February 1st, 2011
   D) Starting April 1st, 2011 we will pay $30,000.00 per month to Lone Oak Fund until March 31, 2012.

**Mr. Aron, please note this is our last request to Lone Oak Fund.** We hope that Lone Oak Fund understands the problem we are facing and will work with us. We deeply appreciate your understanding and cooperation in this matter. Please let us know as soon as possible. Don't hesitate to contact me if you have any questions.

Sincerely,

Benyam Mulugeta

c.c Mr. Gerald Ducot of Lone Oak Fund LLC.



Benyam Mulugeta Sr. <bmulugeta1020@gmail.com>

# Harrison
3 messages

EXHIBIT 2

**Simon Aron** <saron@wrslawyers.com>  Thu, Oct 14, 2010 at 1:57 PM
To: "Benyam Mulugeta Sr." <bmulugeta1020@gmail.com>
Cc: Jerry Ducot <Jerry@loneoakfund.com>, James Rothstein <James@loneoakfund.com>, Marian Manzer <Marian@loneoakfund.com>

Mr. Mulugeta

I am advised by Lone Oak that the Harrison Property is in escrow for sale. Lone Oak and I sincerely hope the sale will close after all of your hard work.
However, in order for the sale to close, you will need a bankruptcy court order approving the sale. This can only be obtained by motion and on notice to all creditors. I have checked the docket and nothing has been filed to date. If I can be of assistance in getting the motion filed, please let me know.

Simon Aron

Simon Aron, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd.
9th Floor
Los Angeles, California 90064
PH: 310-478-4100 Ext. 243
FAX: 310-479.1422
E-Mail: saron@wrslawyers.com


This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail to saron@wrslawyers.com, and delete the message. Thank you.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.


**Benyam Mulugeta Sr.** <bmulugeta1020@gmail.com>  Thu, Oct 14, 2010 at 9:48 PM
To: Simon Aron <saron@wrslawyers.com>

Dear Mr. Aron:
Thank you for your advise and best wish, please see the attached Motion that was filed on July 1, 2009 to sell Harrison, if you think I need to amend it let me know.
Thank you,

EXHIBIT 3

Entered on Docket
December 09, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  SIMON ARON (SBN 108183)
   WOLF, RIFKIN, SHAPIRO,
2  SCHULMAN & RABKIN, LLP
3  11400 West Olympic Boulevard
   Ninth Floor
4  Los Angeles, California 90064-1565
   Telephone: (310) 478-4100
5  Fax: (310) 479-1422

IT IS SO ORDERED.
Signed December 09, 2010

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

6  Attorneys for Lone Oak Fund, LLC

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

In re

BENYAM MULUGETA AND PAULA R. MULUGETA,

    Debtors.

) Case No. 09-51900-ASW
)
) Chapter 11
)
) ORDER GRANTING DEBTOR'S
) EMERGENCY MOTION TO SELL
) PROPERTY LOCATED AT 2332
) HARRISON STREET, OAKLAND,
) CALIFORNIA
)
) Hearing:
)
) Date: November 9, 2010
) Time: 9:45 a.m.
) Place: Courtroom 3020
)        280 S. 1st Street
)        San Jose, CA 95113
)
)
)

On October 29, 2010, and November 9, 2010, hearings were held before the Honorable Arthur S. Weissbrodt, United States Bankruptcy Judge for the Northern District of California, in his courtroom "3020" located at 280 S. 1st Street, San Jose, California, to consider the emergency motion (the "Motion") filed by debtors and debtors in possession Benyam and Paula

e. The Debtors shall pay from escrow the following secured claims listed in Exhibit "A":

    i. Lone Oak - - $4,204,828.25, plus $962.50 per day from and after November 1, 2010 until close of sale;

    ii. J. Robert Taylor - - $257,338.42, plus $66.67 per day from and after October 26, 2010 until the close of sale;

    iii. Tomoko Nakama - - $240,738.07, plus $40.1096 per day from and after October 26, 2010 until the close of sale;

    iv. Alameda County Tax Collector - - $234,899.59, plus $23,677.76, plus $205.8936 per day from and after October 22, 2010 until the close of sale; and,

f. Upon payment from escrow of the secured claims described in subsections e.(i) through e.(iv) immediately above, each such secured claim and related lien shall be deemed satisfied, released and terminated without further action.

g. Except that the liens and claims described in subsection e. above, the sale of the Harrison Property shall be free and clear of liens pursuant to 11 U.S.C. §363(f)(3), which shall be paid from escrow at the close of sale, and all remaining liens, if any, shall attach to the proceeds of sale in the same order of recordation of such liens and with the same validity, priority and effect as such liens had against the Harrison Property;

h. All of the net proceeds of sale shall be held in trust in an interest bearing trust account No. 5816456882 established at Wells Fargo Bank, 400 Hamilton Avenue, Palo Alto, California, 94301, and shall not be disbursed without a further order of this Court; and,

i. The Bankruptcy Court reserves jurisdiction to implement the sale, enforce the terms of this Order, and to resolve any disputes with or related to the sale of the Harrison Property.

2. The Purchaser is determined to be a good faith purchaser and entitled to the protections under 11 U.S.C §363(m) of the Bankruptcy Code; and,

///

3

```
 1 | Tsegereda R. Mulugeta
   | P.O.Box 407
 2 | Palo Alto, Ca. 94302
   | Tel. 650-575-7578
 3 |
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

```
 4 | In Re:                        )
 5 |                               )
   | Benyam and Paula R. Mulugeta  )   Case No. 09-51900 ASW
 6 |                               )   CHAPTER 11
 7 |                               )
   |         Debtors               )
 8 |                               )
 9 |                               )
   |                               )
10 |                               )
```

## CERTIFICATE OF SERVICE

I am a citizen of the United States and residence of Santa Clara County. I am over the age of eighteen years and not a party to the above entitled action, my address is 1025 Harker Ave. Palo Alto, Ca. 94301

On February 7, 2011, I mailed a true and correct copy of the following documents:

**Debtors Opposition to Lone Oak Fund Emergency Motion for Relief from Stay**

In the manner indicated below;

X By mail, by enclosing said document(s) in an envelope and depositing the sealed envelope with the United States service with the postage fully prepaid addressed as follows:

**See Attached Mailing List**

This certificate was executed on February 7, 2011 at Palo Alto, California. I declare under penalty of perjury that the foregoing is true and correct.

Date; February 7, 2011

Tsegereda Mulugeta

SERVICE LIST
CASE NO.: 09-51900 ASW

SIMON ARON (Bar No. 108183)
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP
11400 West Olympic Blvd., Ninth Floor
Los Angeles, California 90064-1565

U.S. TRUSTEE
United States Trustee
U.S. Federal Building
280 S. 1st Street, #268
San Jose, CA 95113-3004

Aglaia Panos
13240 Clairepointe Way
Oakland, CA 94619

Tomoko Nakama
1569 Jackson St.
Oakland, CA 94612

Robert Taylor
541B Cowper
Palo Alto, CA 94301

Patrick J. Kelly
Aleson, Hess & Kelly, APC
577 Salmar Avenue, Second Floor
Campbell, CA 95008

Gary G. Gornick
Trading Spaces LLC
132 E. Lewelling Blvd.,
San Lorenzo, CA 94580