Benyam and Paula R. Mulugeta
1025 Harker Ave.
Palo Alto, Ca. 94301
Tel: 650-906-8012
Email bmulugeta1020@gmail.com

Debtors in Possession

**ORIGINAL FILED**

MAR 21 2011

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:

Benyam and Paula R. Mulugeta

Debtors

) Case No. 09-51900 ASW
) CHAPTER 11
)
) **OPPOSITION TO NOTICE OF HEARING ON**
) **EMERGENCY MOTION FOR ORDER**
) **ENFORCING STIPULATION AND FOR ORDER**
) **TERMINATING AUTOMATIC STAY**
)
) Date: March 28, 2010
) Time: 2.00 pm
) Room: 3020
)
) Judge: The Honorable A. Weissbrodt

**DEBTORS' OPPOSITION TO LONE OAK FUND NOTICE FOR TERMINATING AUTOMATIC STAY AND EMERGENCY MOTIOMN ON 'Harrison"**

Debtors, Benyam and Paula R. Mulugeta (jointly "Debtors") submit this opposition and respond to the Notice of Hearing on Emergency Motion for Terminating Automatic Stay on Debtors; real property commonly known as **2332 Harrison St. "Harrison" Oakland, Ca. 94612 APN 010-0769-005.**

Debtors submit the following reasons WHY Lone Oak Fund Notice for termination of Automatic Stay and Emergency Motion on "Harrison" property should and must be denied.

**I- "CURE PERIOD"**

**First,** the April 30, 2010 Stipulation for Adequate Protection is the **"base"** used by Lone Oak Fund for The Emergency Motion and the Notice in requesting the Termination of the Automatic Stay on "Harrison". The Stipulation states clearly that, Item 4(d) **"In event of default in any of the terms hereof, Lone Oak will provide written notice to the Debtors of such default by U.S. Mail and email to: Benyam Mulugeta and Paula R. Mulugeta, 1025 Harker Ave. Palo Alto, Ca. 94301, bmulugeta1020@gmail.com , and Debtors shall have ten (10) calendar days from the date of such written notice (the "Cure Period") within which to cure such default."** (Exhibit 1). That did not happen, nor Lone Oak Fund provided to Debtors a written notice to cure the default.

**Second,** on February 16, 2011 one day after the due date Mr. Aron rushed and filed Declaration to take the property regardless of the good faith effort by Debtors on February 15, 2011 to wire the fund to Lone Oak Fund. Subsequently, Debtors sent the payment of **$33,750.00** overnight per Court Order, which Lone Oak Fund had accepted and cashed.

DEBTORS OPPOSITION TO NOTICE OF HEARING FOR TERMINATING OF AUTOMATIC STAY - 1

**NOW,** it is not only unfair, it is simply unjust for Lone Oak to request the Court the Termination of the Automatic Stay for "Harrison" **after collecting over $406,000.00 as part of Adequate Protection from Debtors since Debtors filed this Chapter 11. And just since February 15, 2011 Lone Oak Fund had received $55,750.00 from Debtors. This is a classic example of a lender not acting in good-faith.**

This practice and behavior of Lone Oak Fund was the reason which forced Debtors to file Chapter 11 to get protection from the Court and save their estate, and the interest of the other creditors, which had been wiped out if Lone Oak Fund had been allowed to foreclose. In addition, Lone Oak Fund knows very well the property has equity beyond their legitimate claim; they try to take advantage of Debtors financial difficulty to foreclose and make a huge profit. Debtors pray that the Court see this unfair and unjust practice and stopped Lone Oak Fund.

**Third,** Debtors negotiated in May, 2010 with Lone Oak Fund to make the property tax payment in latter date since i) "Harrison" was not generating income at the time, and ii) the Alameda County will not take any action (i.e foreclosure) until June 30, 2013, thus no danger to Lone Oak Fund interest, and much before June 30, 2013 that Debtors are planning to find permanent solution to "Harrison" property. Further, Debtors were told by Alameda County if they pay 20 percent of what they owe, the County will arrange payment plan. (Exhibit 2)

**Fourth,** Debtors argue that **the February 15, 2011 adequate protection payment of $33,750.00 <u>is part and parcel</u> of the April 30, 2010 Stipulation for Adequate Protection**, therefore the "the cure period "must have been applied by Lone Oak Fund. Mr. Aron Declaration filed on February 16, 2011 failed to give Debtors "Cure Period" to cure the default thus, Debtors respectfully asked the Court to deny Mr. Aron Declaration and the Notice just based on that fact alone.

**Fifth,** Debtors submit that the January 28, 2011 hearing was schedule for Status Report; it was not to hear Lone Oak Fund Emergency Motion which was schedule for February 14, 2011 Hearing. Thus, Debtors was caught off guard and came unprepared to defend Lone Oak Fund Emergency Motion. However, On February 7, 2011, Debtors filed Objection asking the Court to put aside the Emergency Motion ruling until February 14, 2011 Hearing.

**Sixth,** in addition, Debtors submit that the Declaration of Mr. Aron, which was filed on February 16, 2011 totally ignored the term "Cure Period" and the spirit of April 30, 2010 Stipulation which he himself based on the Notice. Therefore, the Court should deny his Notice and Declaration.

:

## II- ADEQUATE PROTECTION

Since filing Chapter 11, Debtors had paid in excess of $406,000.00 towards Adequate Protection to Lone Oak Fund. And, just since February 15, 2011 less than a month period per Court Order Debtors had made a total of $55,750.00 to Lone Oak Fund.

Lone Oak Fund interest has been adequately protected; and NO harm was done to its' interest, however, if the Court grant Lone Oak Fund relief a serious damage will happen to the estate and the other creditors. And Lone Oak Fund will get huge profit at the expenses of the estate and the other creditors. Debtors have all the faith in the legal system and the Court will not allow that kind of crime perpetuate on Debtors and their creditors

In addition, Debtors are aware that the reason why Lone Oak Fund has been trying to foreclose on "Harrison", not because Lone Oak Fund interest is not adequately protected or need rather since they have buyer(s) who will pay them more than their legitimate claim, thus trying to make a huge profit at the expenses of Debtors and the other creditors. Debtors can and will prove this

fact during **evidential hearing**, after subpoena the witnesses and evidence in regard to prospective buyers who had been contacted by Lone Oak Fund.

### III- EQUITY

During the Evidential Hearing Debtors had provided enough evidence by full fledge appraisal done by MAI appraiser and testimony of other witness that "Harrison" has enough equity in relation to the legitimate claim of Lone Oak Fund, and thus essential to Debtors reorganization plan, and for Debtors ability to pay off their other creditors.
In addition, the property is currently listed for quick sale with TRI Commercial. Debtors believe based on recent activities that the property will sale fast since it has been aggressively marketing below its' appraised value and Fair Market Value, and, Debtors are expecting an offer around $5,500,000.00 + which is 60 percent of its appraised value, which still will result in a minimum of over million dollar gain beyond Lone Oak Fund legitimate claim, which is essential for Debtors reorganization plan and to pay off their other creditors.

### IV- EVINDENTIAL HEARING

During the Evidential Hearing, Debtors believe provided enough evidence that the property "Harrison" has enough equity beyond Lone Oak Fund legitimate claim, and essential to Debtors reorganization plan, and "Harrison" is the property which allows the others creditors any chance of getting paid.
Debtors believe one of the reasons why Lone Oak Fund during the Evidential Hearing agreed to accept $22,000.00 per month from $31,700.00 precisely knew that Debtors will succeed in proving to the Court that the property "Harrison" has equity.

### V- CONCLSUION

The Court already granted Debtors 90 days on March 3rd, 2011 Hearing, NO harm can happen to Lone Oak Fund interest based on the above facts and evidence. However, a serious harm and damages can happen to the Debtors estate and the other creditors' interest if Lone Oak Fund is granted relief and if the Court terminates the automatic stay

**In addition, Debtors would not have paid to Lone Oak Fund over $406,000.00 since filing Chapter 11, and just in February, 2011 $55,750 to Lone Oak Fund towards adequate protection, if Debtors believe that a) the property is under water, b) if the property does not have equity, and c) if "Harrison" is not essential to Debtors reorganization plan. Lone Oak Fund interest is very well protected, unless they want to take beyond what is legitimately owed to them.**

**Based on the forgoing** and for the sake of justice and fairness the Notice and the Emergency Motion filed by Lone Oak Fund should be denied.

Dated: March 21, 2011              Respectfully Submitted

                                   _____
                                   Benyam Mulugeta
                                   Debtors

SIMON ARON (Bar No. 108183)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Blvd., Ninth Floor
Los Angeles, California 90064-1565
Telephone: (310) 478-4100
Fax: (310) 479-1422

EXHIBIT 1

Attorneys for Lone Oak Fund, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>BENYAM MULUGETA and PAULA R. MULUGETA,<br><br>Debtor and Debtor in Possession<br><br>LONE OAK FUND, LLC,<br><br>Movant,<br>v.<br><br>BENYAM MULUGETA and PAULA R. MULUGETA<br><br>Respondents. | CASE NO. 09-51900-ASW<br><br>Chapter 11<br><br>**STIPULATION FOR ADEQUATE PROTECTION AND RELIEF FROM THE AUTOMATIC STAY ("Harrison Property")**<br><br>DATE: April 30, 2010<br>TIME: 9:30 a.m.<br>Courtroom: 3020<br>280 S. 1st Street<br>San Jose, CA 95113 |

**COMES NOW** debtors Benyam Mulugeta and Paula R. Mulugeta (collectively the "Debtors") and secured creditor Lone Oak Fund, LLC, ("Lone Oak") and stipulate and agreed as follows:

1. On August 26, 2009, the Court entered an Order Re Motion for Relief From the Automatic Stay ("Harrison") (the "Order"), pursuant to which Lone Oak was granted relief from the automatic stay pertaining to the real property commonly referred to as 2332 Harrison Street, Oakland, California 94612 (the "Harrison Property") effective October 2, 2009. The Order was modifiable by either Debtors or Lone Oak for good cause.

2. On September 4, 2009, debtors Benyam Mulugeta and Paula R. Mulugeta

(collectively the "Debtors") filed a Motion to Extend time on Order re Motion For Relief from Automatic Stay (the "Motion to Extend"), which Motion was set for hearing on September 23, 2009.

3. On October 6, 2010, the Court entered an Order Continuing Hearing on the Debtors' Motion to Extend subject to certain conditions, which Order was continued from time to time upon certain conditions until April 30, 2010.

4. On April 30, 2010, in open court, the Debtors and Lone Oak stipulated to the entry of an order extending the automatic stay upon certain specific terms and conditions as follows:

　　a. On or before May 31, 2010, Debtors shall pay to Lone Oak $26,500 for payment to County of Alameda for 2010 taxes;

　　b. Commencing on June 1, 2010 and continuing on the 1st day of each month until March 1, 2011, Debtors shall pay to Lone Oak $22,000 per month;

　　c. Commencing on July 1, 2010 and continuing on the 1st day of each month until March 1, 2011, Debtor's shall pay $4,000 per month for payment to County of Alameda for 2010 taxes past due taxes; *In the event that escrow is not closed, matter to be restored*

　　d. In event of a default in any of the terms hereof, Lone Oak will provide written notice to the Debtors of such default by email to bmulugeta1020@gmail.com, and by U.S. Mail Benyam Mulugeta and Paula Mulugeta, 1025 Harker Ave., Palo Alto, CA 94301, and Debtors' shall have ten (10) calendar days from the date of such written notice (the "Cure Period") within which to cure such default. If Debtors do not cure such default within the Cure Period, the Court shall grant relief from the automatic stay pursuant to a declaration of Lone Oak's counsel that a default hereunder as occurred; *to calendar on 10 day not*

　　e. The automatic stay shall not be continued or imposed for any reason other than a force majeure which prevents Debtors from complying with the terms of this Stipulation; and,

　　f. In any and all events, the automatic stay shall terminate on the earlier of (1) the conversion or dismissal of Debtors' case; or (2) March 31, 2011.

///



**Alameda County
Office of the Treasurer
and Tax Collector**

EXHIBIT 2

Donald R. White
Treasurer-Tax Collector

Brenda L. Guess, Chief Deputy
Teresita M. Lauigan, Assistant Treasurer

## APPLICATION AND AGREEMENT TO ENTER INTO AN INSTALLMENT PAYMENT PLAN

### PLEASE READ!

1) Current year taxes including any supplemental and/or escaped assessments that may be due plus 20% of the redemption amount must be paid to start the installment plan of redemption. A $75.00 start up fee must also be paid.

2) On or before April 10 **2012**, the next installment payment of 20% or more of the redemption amount (total amount to redeem when the plan was started), plus interest* accruing on the first day of each month on the unpaid balance must be paid. A $50.00 maintenance fee must also be paid.

   ***Interest rate is 1.5% per month**

3) On or before April 10 of each succeeding year, a payment of 20% or more plus accrued interest plus the $50.00 maintenance fee must be paid. Interest continues to accrue on the remaining balance until full payment of the plan.

4) Current taxes coming due each year must also be paid on or before April 10 of each year. Any supplemental and/or escaped assessments that may be due must also be paid.

5) Annual taxes and installment due on the payment plan plus the $50.00 maintenance fee must be paid on or before April 10 whether or not a bill or a payment plan reminder is received.

6) If the plan is allowed to default for failure to meet the above requirements, a new installment plan may not be initiated until July 1 following the default of the installment plan. A fee of $75.00 will also be collected when reinstating a plan.

7) An installment plan of redemption cannot be initiated after the fifth year following the declaration of tax-default or if the property has become subject to the tax collector's power to sell (R & T Code Section 4217).

8) If you let your installment plan default in the fifth year or later after the declaration of default, you will be required to pay the entire outstanding balance in order to redeem the property. Failure to redeem the property in full may result in loss of the property at a public auction sale.

**Receipts for mailed payments will be issued if requested at the time of remittance (R & T Code section 4106.1). Please enclose a self-addressed envelope if requesting a receipt.**

My signature indicates full understanding and compliance with the Installment Payment Plan agreement

Assessor's Parcel Number  10-768-5

Signature  _[signed]_

Name of Applicant (please print)  BENYAM MULU GETA

Mailing Address  1025 HARKER Av. PALO ALTO, Ca. 94301

Telephone Number  650-906-8012          Date 3-18-19

**PLEASE SIGN & RETURN WITH YOUR PAYMENT TO:
ALAMEDA COUNTY TAX COLLECTOR 1221 Oak Street, Oakland, CA 94612  Tel# 510-272-6800**

Tsegereda R. Mulugeta
P.O.Box 407
Palo Alto, Ca. 94302
Tel. 650-575-7578

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:                              )
                                    )
Benyam and Paula R. Mulugeta        )   Case No. 09-51900 ASW
                                    )   CHAPTER 11
                                    )
         Debtors                    )
                                    )
                                    )
                                    )
                                    )

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and residence of Santa Clara County. I am over the age of eighteen years and not a party to the above entitled action, my address is 1025 Harker Ave. Palo Alto, Ca. 94301

On March 21, 2011, I mailed a true and correct copy of the following documents:

**OPPOSITION TO NOTICE OF HEARING ON EMERGENCY MOTION**

In the manner indicated below;

X By mail, by enclosing said document(s) in an envelope and depositing the sealed envelope with the United States service with the postage fully prepaid addressed as follows:

**See Attached Mailing List**

This certificate was executed on March 21, 2011 at Palo Alto, California. I declare under penalty of perjury that the foregoing is true and correct.

Date; March 21, 2011

_____
Tsegereda Mulugeta

**U.S. TRUSTEE**
United States Trustee
U.S. Federal Building
280 S. 1st Street, #268
San Jose, CA 95113-3004

CASPER J. RANKIN (CA SBN 249196)
TRAVIS J. LILLIE (CA SBN 267339)
JOSEPH C. DELMOTTE (CA SBN 259460)
PITE DUNCAN LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

First Street Commercial Mortgage Fund, LLC
c/o Eric A. Nyberg
Kornfield, Nyberg, Bendes & Kuhner
1999 Harrison St., Ste. 2675
Oakland, CA 94612

SEQUOIA MORTGAGE CAPITAL
c/o Patric J. Kelly, Esq.
ADLESON, HESS & KELLY, APC
577 Salmar Avenue, Second Floor
Campbell, CA 95008

Lone Oak Fund, LLC
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California 90064

Robert Taylor
541B Cowper
Palo Alto, CA 94301

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
RICHARD W. ABBEY, ESQ. (SBN: 053039)
RACHEL K. STEVENSON, ESQ. (SBN: 172525)
100 Stony Point Road, Ste. 200
Post Office Box 1566
Santa Rosa, California 95402-1566

CERTIFICATE OF SERVICE - 2