Benyam and Paula R. Mulugeta
1025 Harker Ave.
Palo Alto, Ca. 94301
Tel: 650-906-8012
Email bmulugeta1020@gmail.com

Debtors in Possession



FILED
MAR 28 2011
CLERK
UNITED STATES BANKRUPTCY COURT
San Jose, California

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:

Benyam and Paula R. Mulugeta

Debtors

Case No. 09-51900 ASW
CHAPTER 11

AMENDED OPPOSITION AND RESPOND TO LONE OAK FUND REPLY FILED ON MARCH 24, 2011

Date: March 28, 2011
Time: 2.00 pm
Room: 3020

Judge: The Honorable A. Weissbrodt

TO: HONORABLE ARTHUR WEISSBRODT UNITED STATES BANKRUPTCY JUDGE;

**I -Introduction**

**First,** Debtors, Benyam and Paula R. Mulugeta (jointly "Debtors") received Lone Oak Fund "Reply" to their opposition filed on March 21, 2011, via email on March 25, 2011, which gave less time for Debtors to defend and respond properly for March 28, 2011 Hearing. Thus, Debtors respectfully asking the Court 30 days to respond properly to the allegations mentioned on Lone Oak Fund "Reply" to Debtors opposition to the "Notice' and "Emergency Motion"
.
. **Second,** per Court Orders and "Stipulations" Debtors have been making payments to Lone Oak Fund in excess of $400,000.00 since filing Chapter 11, just last month, February, 2011, per Court Order Debtors paid Lone Oak Fund $55,750.00 as part of "Adequate protection/Post – Petition payments", **all of those checks sent by Debtors were accepted and cashed by Lone Oak Fund**. It is unconscious for Lone Oak Fund to ask for termination of the Automatic Stay on Debtors property "Harrison" after collecting these much money from Debtors. Debtors believe without any doubt, the reason why Lone Oak Fund has been aggressively trying to take the property not because it's interest is not "adequately protected" but rather Lone Oak Fund wants to take advantage of Debtors financial difficulties to take the property and make huge profit selling it to their prospective buyer(s). Debtors will be able to prove during Evidential Hearing this fact. The main reason why Debtors filed Chapter 11 is also to get protection granted to them under bankrupt cy rules from such lender behavior and practice, and to be able to organize.

**Third,** according 11 U,S .C.362 , the Court grants Relief from Stay to a creditor, if and when the Debtors property lack equity and the property is not essential to Debtors reorganization plan and the property lack of adequate protection . Debtors submit that "Harrison" has equity and essential to Debtors reorganization plan, and above all Lone Oak Fund interest "adequately protected". Therefore, termination of the automatic stay is not justifiable.

DEBTORS AMENDED OPPOSITION AND RESPOND TO LONE OAK FUND REPLY - 1

## II- Facts

### A) Payments

Since filing Chapter 11, March 18, 2009, Debtors had paid over $406,000.00 to Loan Oak Fund. **That represents $16,900.00 per month interest only payments,** which amount equal to interest at current fair market rate, towards adequate protection and post –petition to Loan Oak Fund; the above payments were made ranging from $31,700 to $22,000 per month. That is in lieu of the fact that the property "Harrison" has maintained its value, and worth more than the combined liens on it even in today's economic environment.

### B) Adequate Protection

During the Evidential Hearing period as the result of the full fledge appraisal(which is required for Chapter 11 cases) done by independent MAI appraiser for the buyer the Fair Market Value of "Harrison" is $7,000,000.00+ "As Is" The **combined legitimate liens** including Lone Oak Fund claim on "Harrison" is around $4,800,000.00.

Therefore, as the evidence and the fact show that **Lone Oak Fund interest is very well protected, and further protected by "adequate protection /post-petition" payments Debtors have been making.**

### C) Equity

1- Based on the independent MAI Appraiser and the Fair Market Value that the equity on "Harrison" conservatively speaking is over a million and half in excess of Lone Oak Fund legitimate claim, which is essential for Debtors reorganization plan and ability to pay off their other creditors.
2- Mr. Aron inflated and disputed figures mentioned in the "Reply" alleged that "Harrison" does not have equity. That is totally not true; putting aside Mr. Aron and/or Lone Oak Fund allegation and claim for Evidential Hearing. Here is the fact and the reality.
   a. If Lone Oak Fund is granted relief on "Harrison" a major harm will be done to the estate and the other creditors.
   b. If Lone Oak is granted relief, it can easily get $5,500,000 for "Harrison". That is $2,000,000 below the appraised value, and still Lone Oak Fund will make huge profit.
   c. Debtors are aware of the fact that Lone Oak Fund has a buyer and that is why they are aggressively want to take the property, regardless of Debtors good effort to maintain the property and continue making the payment until they sell it, not because there is any harm to Lone Oak Fund interest.

**Based on the above fact:**

| | |
|---|---|
| Bank Owned Sale (Lone Oak Fund) | $5,500,000.00 (30 percent below FMV) |
| Less Principal Amount | $3,500,000.00 |

|  |  |
|---|---|
| Alameda County Property tax | $248,473.57 (Exhibit 1) |
| Undisputed Claims and miss. fees | $365,000.00+ |
| Total Liability (Lone Oak Fund faces max.) | $4,113,473.00 |
| **Net (Equity) after legitimate claim and obligations** | **$1,386,527.00** |

<u>That above net equity is based the sale price of $5,500,000.00, which is 30 percent below the Fair Market Value /or Appraised Value of "Harrison". Debtors believe Lone Oak Fund easily will get that amount if allowed to foreclose and makes easily over $1,000,000 above its legitimate claim, Debtors believe that is why Lone Oak Fund has been aggressively trying to take the property, and that is Why Debtors have been fighting since their survival and the entire case depend on it, and Debtors filed Chapter 11 to get protection</u>
<u>Please also note, if Lone Oak Fund allows to foreclose none of the other creditors will get anything from the above proceed.</u>
<u>Debtors currently listed the property with TRI Commercial and aggressively marketing the property and hope to get $5,500,000+ soon, based on the current activities.</u>
.

### III- Reorganization Plan

"Harrison" is one of Debtors income-producing property. Therefore, Debtors argue that "Harrison" is necessary property for Debtors effective reorganization plan, and thus Lone Oak Fund should not be entitled to relief from stay in order to foreclose.
In addition, Debtors has filed a plan of reorganization that has a reasonable possibility of being confirmed once the plan will be modify with the help of their new attorney Debtors will be hire the next month or so.

### IV- Trading Spaces LLC, a prospective buyer

Mr. Aron, Lone Oak Fund and other creditors have been trying to make the Court to focus on a buyer, in this case Trading Space LLC and Mr. Gary G.Gornick. Debtors did not file Chapter 11 to defend a buyer or to legate a buyer action or in action. Debtors filed Chapter 11 to get protection for their estate and to reorganize. **Thus, this case should be decided solely on the merit of the case not based on 3rd party or a buyer (Trading Spaces LLC) action or inaction.**

### V- Conclusion

Debtors categorically challenges Lone Oak Fund inflated and disputed figures used to argue that the property "Harrison" does not have equity, thus entitle for relief. Debtors would not have paid post-petition payments over $400,000.00 if they believe that "Harrison" does not have equity and not essential to their reorganization plan. Debtors will submit very soon once they hire a lawyer for Evidential Hearing to established beyond any doubt that "Harrison" has equity

and essential to Debtors reorganization plan. Debtors argue that the purpose of automatic stay is to preserve what remains of Debtors' insolvent estate and to provide systematic equitable liquidation procedure **for all creditors,** not only for Lone Oak Fund, and also to facilitate reorganization.

    Debtors will continue to make adequate protection payments for the next 90 days per Court Order, maintain the property, and try to sell the property in good faith, and hope that Lone Oak Fund does its part in good faith.

    The fact of the matter, it has been very hard to hire a lawyer one of the reason has been since every dime generated from the rental income, friends and family has to go to pay the creditors post –petition payments to prevent them from filing relief and foreclose on the properties, and to avoid give me them any excuse like Lone Oak Fund has been trying to do from foreclosing. The fact Debtors have been in bankruptcy, the endless motions they have to respond to , the current economy conditions have been huge cloud over Debtors and makes it hard for Debtors come out faster from bankruptcy, in spit off of the fact that Debtors properties generate rental income, have equity and essential to Debtors reorganization plan.

    In addition, Debtors are listing the property with TRI Commercial, Debtors believe based on recent activities they will get an offer soon, which help them to full fill the purpose of filing Chapter 11, and pay off their creditors and come out of bankruptcy as viable entity.

**Based on the forgoing**, Debtors respectfully asked the Court to deny Lone Oak Fund request for Termination of the Automatic Stay on "Harrison"

Dated: March 28, 2011                                    Respectfully Submitted

Benyam Mulugeta
Debtor

ALAMEDA COUNTY OFFICE OF THE TREASURER AND TAX COLLECTOR
1221 OAK STREET, OAKLAND, CA 94612
STATEMENT OF PRIOR YEAR SECURED DELINQUENT TAXES DUE

ASSESSED TO:                                ASSESSOR'S PARCEL 10-768-5
    MULUGETA BENYAM & PAULA R
    1025 HARKER AVE                         YEAR-DEFAULT NO. 2007/08-  676080
    PALO ALTO CA              94301         SITUS: 2332 HARRISON ST

REDEMPTION AMOUNT DUE (CURRENT FISCAL YEAR TAXES NOT INCLUDED):

| FISCAL YEAR | TAXES AND ASSESSMENTS + | DELINQUENT PENALTY + COST + | REDEMPTION PENALTIES* = | TOTAL |
|---|---|---|---|---|
| 2007/08 | 35,825.44 | 3,582.54   10.00 | 17,733.59 | 57,151.57 |
| (*1.5% PER MONTH REDEMP PEN ON TAXES/ASSMTS  33 MO =  49.50%) | | | | |
| 2008/09 | 66,738.12 | 6,673.80   10.00 | 21,022.50 | 94,444.42 |
| (*1.5% PER MONTH REDEMP PEN ON TAXES/ASSMTS  21 MO =  31.50%) | | | | |
| 2009/10 | 78,423.16 | 7,842.30   10.00 | 10,587.12 | 96,862.58 |
| (*1.5% PER MONTH REDEMP PEN ON TAXES/ASSMTS   9 MO =  13.50%) | | | | |

```
TOTAL ABOVE                                              248,458.57
   INTEREST ON INSTALLMENT PAYMENTS                             .00
   PARTIES OF INTEREST NOTICE FEE                               .00
   RECORDING FEE                                                .00
   STATE REDEMPTION FEE                                       15.00
SUB-TOTAL                                                248,473.57


TOTAL AMOUNT DUE TO REDEEM BY 03/31/11                   248,473.57
```

*[handwritten: June 30 2013 is the last Day to start 5-year payment Plan.  20% + 75.00 Fee]*


(DETACH AND REMIT THIS STUB WITH YOUR PAYMENT)

ALAMEDA COUNTY OFFICE OF THE TREASURER AND TAX COLLECTOR
PRIOR YEAR SECURED DELINQUENT TAXES REDEMPTION PAYMENT PROCESSING STUB

    ASSESSOR'S PARCEL NO.  10-768-5
    PAY THIS AMOUNT BY 03/31/11:   248,473.57

MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO:  TAX COLLECTOR, ALAMEDA COUNTY.
PLEASE WRITE THE ASSESSOR'S PARCEL NUMBER ONTO YOUR PAYMENT AND REMIT IT
WITH THIS STUB BY USING THE PAYMENT REMITTANCE ENVELOPE PROVIDED TO ENSURE
PROPER CREDIT.

IF PAYMENT IS REMITTED AFTER 03/31/11, CALL (510) 272-6800 FOR THE CURRENT
AMOUNT DUE BECAUSE ADDITIONAL REDEMPTION PENALTIES CONTINUE TO ATTACH TO
THE DELINQUENT TAXES AND ASSESSMENTS AT THE RATE OF 1.5% PER MONTH.
UNDERPAYMENT OF THE CURRENT TOTAL AMOUNT DUE WILL NOT BE ACCEPTED.