SIMON ARON (State Bar No. 108183)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100
Facsimile: (310) 479-1422

Attorneys for Lone Oak Fund, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>BENYAM MULUGETA and PAULA R. MULUGETA,<br><br>Debtors. | Case No. 5:09-bk-51900-ASW<br><br>Chapter 11<br><br>**NOTICE OF MOTION FOR EXPEDITED HEARING ON EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY; DECLARATION OF SIMON ARON**<br><br>*(Harrison Property)*<br><br>Judge: Hon. Arthur S. Weissbrodt<br>Crtrm: 3020<br>Date: October 26, 2011 (Proposed)<br>Time: 2:15 p.m.<br><br>Trial Date: None |

**TO: THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE:**

    **COMES NOW** secured creditor, Lone Oak Fund, LLC ("Lone Oak"), and requests an expedited hearing be held to consider its "Emergency Motion for Relief from the Automatic Stay" (the "Motion") due to the failure of debtors and debtors in possession Benyam Mulugeta and Paula R. Mulugeta (collectively the "Debtors") to ensure that the

property located at 2332 Harrison Street, Oakland, California (the "Harrison Property") remains adequately insured.

The Motion is made pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(2) and Local Bankruptcy Rule 9006-1, and Sections 362(d)(1) and 362(f) of the Bankruptcy Code, and asserted the following:

A. On October 13, 2011, the Court entered its Order granting relief from the automatic stay so that Lone Oak could conduct its non-judicial foreclosure sale of the Harrison Property on November 23, 2011. (Docket #544). The Order further provides that relief may be granted earlier in the event the Debtors fail to make the adequate protection payments called for therein.[1] And, the Order also provides that it is subject to review for "good cause shown." *Id.* Lone Oak submits that the failure to adequate insurance the Harrison Property constitutes good cause under the Order to grant Lone Oak relief immediately.

B. By letter dated September 16, 2011, counsel to Lone Oak gave Debtors and their counsel written notice that the failure to maintain insurance coverage on the Harrison Property was, in Lone Oak's view, independent grounds for the granting relief from the automatic stay. The Debtors have failed to reinstate the insurance coverage and, as a result, Lone Oak has been required to obtain a commercial coverage policy for the Harrison Property and advance the costs of such coverage in the amount of $10,973.00. **However,** the coverage obtained by Lone Oak **does not** include liability coverage for the Harrison Property, the Debtors or the bankruptcy estate. Such coverage would not be provided due to the Harrison Property's claims history.

C. The Debtors allowed the insurance on the Harrison Property to be cancelled for non-payment, exposing Lone Oak's sole collateral to loss and irreparable harm. This is the latest example of the Debtors' failure to resuscitate the Harrison Property. This latest

---

[1] As of October 15, 2011, the Debtor has failed to make the required adequate protection payment and in in default under the Order subject to a ten (10) day right to cure.

failure however confirms the concerns Lone Oak has had repeatedly expressed over the deteriorating condition of the Harrison Property. As demonstrated in the Declaration of Samantha Navarro filed in support of the Motion, claims have been made against the Harrison Property arising from the failure to comply with applicable housing laws and for defective conditions including: bed bugs, inoperable elevator, no heat, defective wiring, inadequate power, unclean common areas, holes in walls, defective plumbing and dangerous and dirty or unkept floors." Declaration of Samantha Navarro, at ¶ 7, and Exhibit "A" thereto.

D. Again, there would appear to be little the Debtors can do about these problems. The fundamental problem is clearly the Harrison Property, its deteriorated condition and lack of income, which contributes to its lack of repair and maintenance.

E. For all of these reasons, it is respectfully requested that this Court grant Lone Oak an expedited hearing on its Motion so that it can immediately protect its collateral and pursue its remedies against the Harrison Property.

**WHEREFORE**, Lone Oak respectively requests the Court schedule the hearing on the Motion for October 26, 2011, at 2:15 p.m.

DATED: October 18, 2011

Respectfully submitted,

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: /s/ Simon Aron
SIMON ARON
Attorneys for Lone Oak Fund, LLC

# DECLARATION OF SIMON ARON

I, Simon Aron, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an associate at the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP, attorneys of record for Lone Oak Fund, LLC ("Lone Oak"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. This declaration is made of support of Lone Oak's Emergency Motion for Relief from the Automatic Stay in the chapter 11 case filed by Benyam Mulugeta and Paula R. Mulugeta (collectively the "Debtors").

3. On September 16, 2011, I forwarded to Debtors and their counsel of record, Mark Voisenat, the letter attached hereto as Exhibit "A".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 18, 2011, at Los Angeles, California.

_____
SIMON ARON

# EXHIBIT "A"



## LAW OFFICES
## WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Simon Aron
saron@wrslawyers.com

16343-016

September 16, 2011

**VIA ELECTRONIC MAIL AND U.S. MAIL**

Benyam Mulugeta
Paula R. Mulugeta
1025 Harker Avenue
Palo Alto, CA 94301

Marc Voisenat, Esq
Attorney at Law
1330 Broadway, Suite 734
Oakland, CA 94612

Re: In re Benyam & Paula Mulugtea
Property Address: 2332 Harrison Street, Oakland, California
Case No. 90-51900-ASW

Dear Mr. & Mrs Mulugeta:

As you know, this office represents the Lone Oak Fund, LLC ("Lone Oak") in connection with the secured loan made to Benyam Mulugeta and Paula R. Mulugeta (the "Debtors") in connection with the above- noted property.

This letter constitutes notice of default pursuant to the Order granting Motion for relief from the automatic stay and for adequate protection (the "Order") placed on the record before the Bankruptcy Court on August 12, 2011. Pursuant to the Order, Lone Oak was to have received a payment in the amount of Thirty-Three Thousand Eight Hundred Seventy-Five ($33,875.00) Dollars no later than September 15, 2011. No such payments have been received as of August 16, 2011. Accordingly, pursuant to the Order, you have ten (10) calendar days for the date hereof to cure this default under the Order by delivering the full amount to this office to the attention of the undersigned.

In addition, this letter constitutes notice that Debtors have failed to maintain property insurance on the Harrison Property. We believe that such failure constitutes independent grounds for granting immediate relief from the automatic stay. Therefore, within the same ten (10) calendar days, Lone Oak must receive proof of current and enforceable property insurance on the Harrison Property, in which Lone Oak is named as an additional insured. Lone Oak hereby reserves all of its rights in the event the Debtors fail to provide proof of current insurance to Lone Oak within that time period.

786754.1

11400 West Olympic Boulevard, 9th Floor, Los Angeles, California 90064-1582
Tel 310.478.4100    Fax 310.479.1422
www.wrslawyers.com
Los Angeles · Las Vegas · Reno

Case: 09-51900    Doc# 549    Filed: 10/18/11    Entered: 10/18/11 18:47:03    Page 6 of 7

If you have any questions, please do not hesitate to contact me.

Very truly yours,
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

SIMON ARON

SA:kv

786754.1