EDWINA E. DOWELL, # 149059
Assistant U.S. Trustee
NANETTE DUMAS, # 148261
JOHN S. WESOLOWSKI, # 127007
EMILY S. KELLER, # 264983
United States Department of Justice
Office of the United States Trustee
280 S. First Street, Suite 268
San Jose, CA 95113-0002
Telephone: (408) 535-5525
Fax: (408) 535-5532

Attorneys for August B. Landis
Acting United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>BENYAM and PAULA MULUGETA,<br><br><br><br>Debtors. | Case No. 09-51900 ASW<br><br>Chapter 11<br><br><br><br>Date: December 13, 2011<br>Time: 2:15 p.m.<br>Place: Courtroom 3020 |

## MOTION BY ACTING U.S. TRUSTEE TO CONVERT OR DISMISS CHAPTER 11 CASE

PLEASE TAKE NOTICE that at the date and time specified above, at the United States Bankruptcy Court, 280 S. First Street, Third Floor, San Jose CA 95113, the Acting United States Trustee (the "UST") will, and hereby does, move the Court for the entry of an order to dismiss or convert the above-captioned case pursuant to 11 U.S.C. Section 1112(b).

In support of this motion, the UST requests the Court to take judicial notice of its own records in the case. Fed. R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017. Opposition shall be served and filed in accordance with Bankruptcy Local Rule 9014-1.

The UST brings this motion on the grounds that (a) Debtors have failed to pay

Motion by Acting UST to Convert
or Dismiss Chapter 11 Case

post-petition taxes, and have run up a bill of $331,000 in delinquent post-petition taxes, and (b) Debtors have been in chapter 11 for over two and one-half years and appear unable to propose a confirmable plan.

**I.     FACTS**

On March 18, 2009, a Chapter 11 petition was filed by Benyam and Paula Mulugeta ("Debtor"). The Debtors own several real properties in the Bay Area: (1) their residence in Palo Alto ("Harker"), (2) rental property on Harrison Street in Oakland (""Harrison"), (3) rental property on Grand Avenue in Oakland ("Grand"), (4) rental property located on O'Keefe in East Palo Alto ("O'Keefe"), (5) rental property located on Chaucer in Berkeley ("Chaucer"), (6) rental property located on Brann Street in Oakland ("Brann"), and (7) rental property located on Sevier Street In Menlo Park ("Sevier"). According to the Debtors' schedules, each of these properties has equity (see Schedules A and D); however, it is unclear whether this is so at this time.

This case has been pending as a chapter 11 case for over thirty-one (31) months. The docket indicates that the Debtors' primary activities in this case have been defending against relief from stay motions filed by the various secured creditors, and pursuing a sale motion for Harrison that never materialized. The Debtors have obtained adequate protection orders or agreements with many of the secured creditors. However, according to the most recent monthly operating report, they have needed to borrow or obtain "gifts" from their son in the amount of $236,468 in order to maintain these payments, because the rents are insufficient to pay creditors. See September 2011 MOR.

The Debtors filed a plan and disclosure statement on July 26, 2011; the UST and creditors filed signinficant objections to the disclosure statement; the Debtors have not proceeded any further to obtain approval of the disclosure statement. In their recent status conference statement, they assert that they hope to file an amended plan and disclosure statement by the end of November 2011.

Debtors have only recently filed a motion to value the Grand property and strip a

lien. Motion filed 10/25/11, Docket #554. No other valuation motions have been filed, which are prerequisites to confirming a plan in the event any liens are to be stripped or modified.

Debtors have filed motions to sell the Harrison, O'Keefe and Grand properties (see Docket #s 83, 143, 331, 486 and 488). None of these motions have produced a sale.

On June 6, 2011 – more than two years after the Debtors filed their chapter 11 case – Debtors filed a motion to use cash collateral of the various lenders. That motion has been continued to November 29, 2011.

The September 2011 MOR indicates that the Debtors have only $1,828 in the bank, and have delinquent post-petition taxes of $331,400. The UST presumes that these are primarily delinquent real property taxes. In any event, the dollar amount is alarming. In addition, the only way the Debtors have been able to maintain the cash flow on the properties is through borrowings or "gifts" from their son (in the amount of $236,468 through September 2011).

The Debtors have been in chapter 11 for over two and one-half years. While they have tried hard, they do not appear to have the ability to confirm a plan in this case. Rather, they appear to be parking in chapter 11, which has resulted in significant delay (and expense) to creditors, when the reality is Debtors have no ability to reorganize.

## II. DISCUSSION

A bankruptcy court has the authority to order a Chapter 11 case be converted or dismissed if cause is shown and if the court finds that conversion or dismissal is in the best interest of creditors of the estate. Specifically, § 1112(b) provides:

> . . . [O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1) (Thomson Reuters/West 2009).

Section 1112(b)(4) of the Bankruptcy Code enumerates circumstances that constitute cause including:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (B) gross mismanagement of the estate;
>
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; . . .
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> (G) failure to attend the meeting of creditors convened under section 341(a) ... without good cause shown by the debtor;
>
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee;
>
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order of relief;
>
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by the court;
>
> (K) failure to pay any fees or charges required under chapter 123 of title 28; . . .
>
> (M) inability to effectuate substantial consumation of a confirmed plan..."

11 U.S.C. § 1112(b)(4).

The factors enumerated in 11 U.S.C. § 1112(b) are not exhaustive, and a court is permitted to "consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." In re Consolidated Pioneer Mortg. Entities, 248 B.R. 368, 375 (9th Cir. BAP 2000) (citation omitted).

**A. Debtors have failed to keep their post-petition taxes current.**

Section 1112(b)(4)(I) states that failure to timely pay post-petition taxes constitutes cause to convert or dismiss a case. The Debtors have listed in their August and September 2011 MORs a post-petition liability for delinquent taxes totaling $331,400. The UST presumes that this figure is primarily comprised of unpaid property

taxes that have not been paid since the Debtors filed their chapter 11 petition. In any event, this failure to pay post-petition taxes constitutes cause to convert or dismiss their case. It further demonstrates the inability of the Debtors to confirm a plan, since they do not have the cash flow to keep taxes current.

### B. The Debtors have delayed creditors, and appear unable to confirm a plan in this case.

The Debtors have been in bankruptcy for over two and on-half years. They just recently hired counsel (Marc Voisenat). They have proposed a plan, but after objections were filed they have not pursued the plan any further. They have filed only one valuation motion, although there are several real properties that they apparently wish to keep. They just recently filed a cash collateral motion. There does not appear to be much movement towards reorganization in this case. The Debtors have only been able to meet their adequate protection obligations to secured creditors by getting money from their son – i.e., the properties do not generate sufficient cash flow to service the debt. Debtors have four liens against their personal residence (Harker) and cannot modify those liens per section 1123(b)(5). There does not appear to be a reasonable likelihood of rehabilitation; rather, the Debtors appear to be parking in chapter 11, with no ability to reorganize.

Numerous courts have held that unreasonable delay in getting a plan confirmed constitutes cause to convert a case to chapter 7. See, e.g., *In re Desmond*, 331 B.R. 42 (Bankr. N.H. 2005) (conversion warranted where debtor was unable to effecuate a plan for almost two years since filing and continued delay was prejudicial to creditors); and *In re East Coast Airways, Ltd.*, 146 B.R. 325 (Bankr. E.D.N.Y. 1992) (where debtor had filed its petition three years prior and was effectively out of business, conversion was warranted as debtor had no reasonable likelihood of rehabilitation or ability to effectuate plan and delay was prejudicial to creditors).

Accordingly, cause exists to dismiss or convert this case to Chapter 7.

### III. CONCLUSION

Based on the foregoing, the UST requests the Court to dismiss or convert this case to chapter 7 and for such other relief as the Court deems just and proper.

Dated: November 9, 2011          Respectfully submitted,

By: /s/ John S. Wesolowski
Attorney for United States Trustee