Stanley A. Zlotoff, State Bar No. 073283
Attorney at Law
300 S. First St. Suite 215
San Jose, CA  95113

Telephone (408) 287-5087
Facsimile (408) 287-7645
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Benyam Mulugeta and | ) Case No. 09-51900 ASW |
| Paula R. Mulugeta, | ) |
| | ) Date:   February 8, 2013 |
| Debtors | ) Time:   2:15 p.m. |
| | ) Place: Courtroom 3020 |
| | ) Judge: Hon. Arthur S. |
| | ) Weissbrodt |
| | ) |

DEBTORS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF DISMISSAL

INTRODUCTION

On December 14, 2012, in connection with a motion to dismiss or convert, the Court ordered this case dismissed effective February 25, 2013 (see Docket No. 727), but invited the debtors to request that the Court reconsider the order of dismissal, provided debtors were able to articulate a feasible plan.

Debtor Benyam Mulugeta (Benyam) has been a licensed real estate broker since 1985.  Since that time he has bought, sold, and managed more than 30 properties, both commercial and residential.  Debtor Paula Mulugeta has been employed as a wage earner.

During the real estate bubble, debtors purchased several commercial and residential properties.  Debtors borrowed against some of the properties in order to develop the commercial properties into what was perceived to be their highest and best use.  However, before the development could be completed, the real estate market collapsed.  Debtors defaulted on the various mortgage loans, and on March 18, 2009, filed this Chapter 11 case.

GOALS

Debtors first goal is to save their home, the single family residence located at 1025 Harker Avenue, Palo Alto, California ("Harker").

Debtors second goal is to quickly pay off the real property tax debt, secured by the commercial real property located at 353 Grand Avenue, Oakland, California ("Grand").  This tax debt, totaling approximately $319,000 consists of an administrative claim in the amount of approximately $252,000 and a secured claim in the amount of approximately $67,000.

OUTLINES OF A PLAN

Regarding Grand, debtors propose to immediately list it for sale. They contemplate a pre-confirmation sale free and clear of liens pursuant to Section 1129(b)(2)(ii). Debtors believe the value of Grand to be approximately 2.8 million. In addition to the property tax lien, it is subject to a first mortgage owed to Sterling Savings Bank, in the amount of approximately 2 million, and three other junior lienholders owed in excess of 1 million.

Debtors own another commercial real property located at 2332 Harrison, Oakland, California ("Harrison"). The Court had granted the lienholder, Lone Oak Fund, LLC, relief from stay to conduct a trustee's sale; however, apparently this has not yet occurred. Therefore, in order to mitigate the accrual of administrative real property tax claims, unless sooner sold at a trustee's sale, debtors propose to immediately list Harrison for sale or to notice an abandonment of it.

Harker is worth 2.5 million, and subject to a first mortgage in the amount of 1,745,482 owed to Chase, and second, third and fourth mortgages in the combined amount of 1.4 million owed to or serviced by Sequoia Mortgage.

Harker consists of a primary residence that is being rented for the amount of $9,300 per month, and a "mother-in-law" unit in which debtors reside. As a consequence of this dual use, Harker is not subject to the anti-modification strictures of

Section 1123(b)(5) (see, e.g. In re Ramirez, 62 B.R. 668 (Bankr. S.D. Cal. 1986).

Regarding Chase, debtors have been maintaining payments, and there is a small post-petition arrearage; however, debtors have applied for and believe they will receive a loan modification. As to Sequoia Mortgage, debtors would hope to reach agreement regarding valuation and treatment. The Sequoia Mortgages are all due and payable, so debtors intend to propose payments from the excess rentals received, approximately $2,500 per month, and extend the maturity of these mortgages for five years. Debtors believe that the Palo Alto real estate market has been and will continue to experience significant appreciation, so that after five years Harker should be worth in excess of 3 million, and debtors will be able to refinance or sell it.

Debtors own a residential duplex located at 1112-1114 Chaucer Street, Berkeley, California ("Chaucer"). Debtors have applied for and believe they will be granted a loan modification by Chase, the lender. Chaucer has renters and is generating a positive cash flow. Even in the absence of a loan modification, debtors would be able to maintain payments and cure the arrearage of approximately $34,000 over three years.

Chaucer is encumbered by a junior mortgage in the amount of approximately 1 million owed to California Mortgage. The latter

is partially unsecured, so would need to be valued.  Debtors would hope to negotiate new terms with California Mortgage; but failing that, Chaucer would be surrendered.

Debtors own a single family residence at 1339 Sevier Avenue, Menlo Park, California ("Sevier").  Debtors have been maintaining regular payments to the first lienholder, Chase. There is only a small arrearage of approximately three months, so debtors can promptly cure this.  California Mortgage is in junior position; however, its position appears to be wholly unsecured.  As a consequence, debtors would propose to treat it as unsecured; however, if it elected to be treated as fully secured, then, in the absence of an agreement, debtors would surrender this property.

Debtors own two other single family residences, one at 5401 Brann Street, Oakland, California ("Brann"), and another at 1111 Alma Street, Palo Alto, California ("Alma").  Brann has no equity, so would be surrendered.  Debtors believe Alma may have some equity, so would be sold.

CONCLUSION

Debtors believe they have outlined a feasible plan for accomplishing their two main goals of saving their home and dealing with the administrative real property tax debt. Moreover, their proposal for dealing with the other real properties is relatively straightforward and able to be

accomplished. Therefore, the Court should reconsider and set aside its order of dismissal.

Dated: 1/28/2013          /s/Stanley Zlotoff

VERIFICATION

We Benyam and Paula Mulugeta declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Santa Clara County, California on January 28, 2013.

/s/Benyam Mulugeta

/s/Paula Mulugeta