Stanley A. Zlotoff, State Bar No. 073283
Attorney at Law
300 S. First St. Suite 215
San Jose, CA 95113


Telephone (408) 287-5087
Facsimile (408) 287-7645
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Benyam Mulugeta and | ) Case No. 09-51900 ASW |
| Paula R. Mulugeta, | ) |
| | ) Date: February 14, 2013 |
| Debtors | ) Time: 11:00 a.m. |
| | ) Place: Courtroom 3020 |
| | ) Judge: Hon. Arthur S. |
| | ) Weissbrodt |
| | ) |
| _____ | / |

DEBTORS' SUPPLEMENTAL MEMORANDUM CLARIFYING APPLICATION OF 11 U.S.C. SECTION 1123(b)(5)

INTRODUCTION

Sequoia Mortgage, whose three claims are identified in the Claims Docket as Claims Number 27,28, and 29 (collectively "Claims"), all of which are secured by deeds of trust encumbering debtors' real property located on 1025 Harker Avenue in Palo Alto, California ("Harker"), demanded that debtors clarify how Section 1123(b)(5) applies to treatment of its Claims in any plan that debtors might propose.

BACKGROUND

Debtors represent that when they purchased Harker, the developments on it consisted of a main house and a separate in-law unit. Both units were able to be lived in and rented out. At commencement of the case, in 2009, debtors lived in the main house. During the case they moved into the in-law unit and rented out the main house.

All of the Claims, as noted in the deeds of trust attached thereto, include as additional security the assignment of rents. Moreover, on page 12 of Claim 27 and page 13 of Claim 28, many different kinds of personal property, including televisions and radios, have been granted as additional security. All of the Claims matured by their terms pre-petition.

ISSUE

Section 1123(b)(5) provides in pertinent part that a plan "may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence."

Sequoia Mortgage contends that, since Harker was debtors' principal residence on the Petition date, therefore its Claims may not be modified.

ARGUMENT IN SUPPORT OF MORTGAGE MODIFICATION

Sequoia Mortgage cites to In re <u>Abdelgadir</u>, 455 B.R. 896 (9th Cir. BAP 2011) for the proposition that the Petition date,

not a date close to plan confirmation, should be used to determine whether real property will be considered debtors' principal residence and subject to the anti-modification stricture of Section 1123(b)(5). Debtors do not argue this point.

Debtors contend that the Claims may be modified, because they were not secured <u>only</u> by an interest in debtors' residence.

Abdelgadir, supra at. p.903 cited favorably to <u>In re Scarborough</u>, 461 F.3d 406, 411 (3rd Cir. 2006), which held that a creditor who takes a security interest in property that is in part not debtors' residence or in *any* collateral that is not real property does not receive anti-modification protection. Scarborough dealt with a debtor's attempt to modify a deed of trust on a 4-plex in which debtor resided, the deed of trust for which contained an assignment of rents clause. See also, <u>In re Arns</u>, 372 B.R. 876, 803 (Bankr. N.D. Il. 2007) holding that

> "By including language which pledged as <u>additional security</u> any rents or profits derived from the property, the lender acknowledged that the property may be used for a commercial, income-producing purpose and sought to have its claim secured by such income, if any. This type of secured claim is outside the intended protection of Section 1123(b)(5)."

The legislative history to Section 1123(b)(5), reprinted in E1-9b Collier on Bankruptcy Section 206 (16th ed. Online 2012), reads as follows:

"This amendment conforms the treatment of residential mortgages in Chapter 11 to that in Chapter 13, preventing the modification of the rights of a holder of a claim secured only by a security interest in the debtor's principal residence. Since it is intended to apply only to home mortgages, it applies only when the debtor is an individual. It does not apply to a commercial property, or to any transaction in which the creditor acquired a lien on property other than real property used as the debtor's residence. See In re Hammond, 276 F.3d 52 (3rd Cir. 1994); In re Ramirez, 62 B.R. 668 (Bankr. S.D. Cal. 1986)."

Ramirez, Id. permitted modification in a Chapter 13 plan of a mortgage secured by real property that covered not just the debtor's residence, but also two other units that were rented out.

SECTION 1123(a)(5)(H) MAY BE USED WITHOUT VIOLATING SECTION 1123(b)(5)

Even if, for the sake of argument, the court determines that the Claims may not be modified, still Section 1123(a)(5)(H) provides that a plan "shall provide adequate means for the plan's implementation, such as extension of a maturity date." Therefore, debtors contend that, at a minimum, they would be

permitted to extend the maturity of the Claims, just as can be done in Chapter 13 (see Section 1322(c)(2)) without running afoul of the anti-modification prohibition.

CONCLUSION

The anti-modification prohibition of Section 1122(b)(5) does not apply and debtors may modify the terms of the Claims. In any event, debtors may at the very least extend the maturity of the Claims.

Dated: 1/30/2013            /s/Stanley Zlotoff