| | |
|---|---|
| 1 | Matthew R. Clark (SBN 271054) |
| | mclark@piteduncan.com |
| 2 | Casey J. O'Connell (SBN 283492) |
| | coconnell@piteduncan.com |
| 3 | **PITE DUNCAN, LLP** |
| | 4375 Jutland Drive, Suite 200 |
| 4 | P.O. Box 17933 |
| | San Diego, CA 92177-0933 |
| 5 | Telephone: (858) 750-7717 |
| | Facsimile: (619) 590-1385 |

Attorneys for Creditor
Wells Fargo Bank, National Association as
Trustee for the Certificateholders of
Structured Asset Mortgage Investments II
Inc., GreenPoint MTA Trust 2005-AR2,
Mortgage Pass-Through Certificates, Series
2005-AR2

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 09-51900 |
| BENYAM MULUGETA AND PAULA R. MULUGETA, | Chapter 11 |
| Debtors. | **STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION** |
| | **S<small>UBJECT</small> P<small>ROPERTY</small>**: 1112-1114 Chaucer Street, Berkeley, California 94702 |

This Stipulation is entered into by and between Wells Fargo Bank, National Association as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., GreenPoint MTA Trust 2005-AR2, Mortgage Pass-Through Certificates, Series 2005-AR2 ("Creditor") by and through its attorneys of record, Pite Duncan LLP, and Benyam Mulugeta and Paula R. Mulugeta ("Debtors"), by and through their attorney of record, Stanley A. Zlotoff.

The property which is the subject of this matter is commonly known as 1112-1114 Chaucer Street, Berkeley, California 94702 ("Subject Property").

/././

/././

1 On April 1, 2005, Debtors executed an Adjustable Rate Note in the principal sum of $562,250.00 (the "Note"), which was made payable to GreenPoint Mortgage Funding, Inc. ("Lender"). The Note reflects that is was specially indorsed to Creditor.

The Note is secured by a deed of trust (the "Deed of Trust") encumbering the Subject Property. The Deed of Trust reflects that it was duly recorded. The Note and Deed of Trust are hereinafter referred to as the "Subject Loan".

Subsequently, Lender's beneficial interest under the Deed of Trust as assigned to Creditor.

On March 18, 2009, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Northern District of California – San Jose Division, and were assigned bankruptcy case number 09-51900.

As of February 4, 2013, the total amount required to reinstate the Subject Loan was **$171,947.29.**

As of February 18, 2013, the total amount required to payoff the Subject Loan was **$753,228.14,** which includes **$38,853.92** in post-petition escrow advances.

Specifically, Creditor has made the following escrow advances for real property taxes on the Debtors' behalf:

| **Date** | **Amount Advanced** | **Advance Description** |
|---|---|---|
| November 17, 2009 | $5,127.54 | Tax Disbursement |
| March 15, 2010 | $5,127.54 | Tax Disbursement |
| November 17, 2010 | $5,087.16 | Tax Disbursement |
| March 15, 2011 | $5,087.16 | Tax Disbursement |
| November 16, 2011 | $6,185.14 | Tax Disbursement |
| March 8, 2012 | $6,185.14 | Tax Disbursement |
| November 13, 2012 | $6,054.24 | Tax Disbursement |
| **Total Post-Petition Tax Advances as of February 20, 2013: $38,853.92** | | |

/./../
/./../
/./../
/./../
/./../

**THE PARTIES STIPULATE TO THE FOLLOWING TREATMENT OF CREDITOR'S SECURED CLAIM UNDER DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION:**

**Secured Claim**

1. Creditor shall have a fully secured claim in the amount of **$714,374.22** to be amortized over (30) years at 5.50% interest per annum (the "Secured Claim");

2. Debtors shall tender regular monthly principal interest payments in the sum of **$4,056.14** to Creditor for the Secured Claim commencing **March 1, 2013**, and continuing until all such outstanding amount under the Secured Claim are paid in full;

**Administrative Claim**

3. Creditor shall have an administrative claim for post-petition escrow advances it disbursed on the Debtors' behalf in the amount of $38,853.92 (the "Administrative Claim");

4. The Administrative Claim shall be cured in (60) equal monthly payments in the amount of **$647.57** commencing **March 1, 2013**, and continuing until all such outstanding amount under the Administrative Claim are paid in full;

**Escrow**

5. In addition, Debtors shall tender escrow payments to Creditor for any future real property taxes and real property hazard advances made by Creditor. This amount is subject to change pursuant to the terms of the Note and Deed of Trust;

6. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's claims.

**Pre-Confirmation Default**

7. In the event of a pre-confirmation default under this Stipulation, Creditor shall provide written notice to Debtors at 1025 Harker Avenue, Palo Alto, CA 94301 and to Debtors' attorney of record, Stanley A. Zlotoff, 300 South First Street, Suite 215, San Jose, California, 95113 indicating the nature of the default. If Debtors fail to cure the default with certified funds after the passage of thirty (30) calendar days from the date said written notice is placed in the mail, the automatic stay shall terminate in its entirety and Creditor may proceed to foreclose its security interest in the Subject Property under the terms of the Note and Deed of Trust and

1  pursuant to applicable state law and thereafter commence or continue any action necessary to obtain complete possession of the Subject Property without further notice, order, or proceeding of this Court;

8. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's rights to proceed hereunder;

9. In the event that Creditor is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived;

10. In the event the Debtor default under this Stipulation and Creditor forward a 30-day letter to Debtors and Debtors' attorney, Debtors shall be required to pay reasonable costs and fees incurred for each default letter submitted in order to cure the default;

**Post-Confirmation Default**

11. The automatic stay of 11 U.S.C. §362 shall terminate on the date of the entry of the order of confirmation;

12. However, Creditor shall not take any action to enforce either the pre-confirmation obligation or the obligation due under the Stipulation/Plan, so long as Debtors are not in default under the Stipulation/Plan;

13. If the Debtors fail to make any payment, or to perform any other obligation required under this Stipulation/Plan, for more than (10) days after the time specified above for such payment or other performance, Creditor may serve upon Debtors a written notice of Debtors' default. If Debtors fail within (30) days after the date of service of notice of default to cure the default, then the Debtors are in material default under the Plan ("Material Default");

14. In the event the Debtors are in Material Default and Creditor forwards a 30-day letter to Debtors, Debtors shall be required to pay reasonable costs and fees incurred for each default letter submitted in order to cure the Material Default;

15. In the event of a Material Default, Creditor: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; and/or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies against the Subject Property including conducting a non-judicial foreclosure sale;

16.  The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder;

**Miscellaneous Provisions**

17.  In the event the Debtors' case is converted to any other chapter under Title 11 of the United States Bankruptcy Code, Creditor shall retain its lien in the full amount due under the Note and if the Debtors are in default under the terms of the Note, the automatic stay shall terminate in its entirety so that Creditor may proceed with foreclosure actions against the Subject Property;

18.  In the event the Debtors' case is dismissed, Creditor shall retain its lien in the full amount due under the Note and if the Debtor is in default under the terms of the Note, Creditor may proceed with foreclosure actions against the Subject Property;

19.  At the request of Creditor, the Debtors shall execute such documents and instruments as are necessary to reflect the Debtors as the borrowers of the Secured Claim, and to modify the terms of the obligation to conform to the provisions with this Stipulation;

20.  In the event the Debtors seek to sell the Subject Property prior to receiving their Chapter 11 Discharge, Creditor shall retain all rights afforded to it under applicable state and federal law including 11 U.S.C. §§363(f) & (k);

21.  The Debtors shall file an Amended Chapter 11 Plan incorporating the terms of this Stipulation. The terms of this Stipulation may not be modified, altered, or changed without the express written consent of Creditor. Any inconsistency between the Amended Plan and this Stipulation shall be resolved in favor of this Stipulation;

22.  In exchange for the foregoing, this Stipulation shall constitute a ballot voting in favor of the Debtor's proposed Chapter 11 Plan of Reorganization for the Secured Claim;

/././
/././
/././
/././
/././

- 5 -  CASE NO. 09-51900
**STIPULATION RE: TREATMENT OF CREDITOR'S CLAIM UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN OF REORGANIZATION**

Case: 09-51900    Doc# 768    Filed: 03/05/13    Entered: 03/05/13 14:48:08    Page 5 of 5