EDWINA E. DOWELL, # 149059
Assistant U.S. Trustee
JOHN S. WESOLOWSKI, # 127007
EMILY S. KELLER, #264983
Office of the United States Trustee
U. S. Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
Telephone: (408) 535-5525
Fax: (408) 535-5532

Attorneys for August B. Landis
Acting United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 09-51900 ASW |
| BENYAM and PAULA MULUGETA, | Chapter 11 |
| Debtors. | Date: May 23, 2013<br>Time: 2:30 p.m.<br>Place: Courtroom 3020 |

## U.S. TRUSTEE'S OBJECTION TO DEBTORS' COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (dated 4/18/13)

The Acting United States Trustee ("UST") hereby files the following objections to the Combined Plan of Reorganization and Disclosure Statement ("Plan") filed on 4/18/13 herein by Benyam and Paula Mulugeta ("Debtors").

1. On page 3, the estimated arrears for Class 1e are stated incorrectly – the amount should be $18,105.24, not 418,105.24.

2. Do the Debtors have an order valuing the Class 1f secured claim of California Mortgage & Realty at $50,000? In addition, the projected payments of $203.33 per month for 60 months add up to only $12,199.80 – this is less than the claim of $50,000 plus 5% interest, as promised by the Plan. Finally, the remaining deficiency for this creditor is not included in Class 2(b).

3. Are there orders stripping the liens of Classes 1g and 1k?

4. The UST has not analyzed whether all unsecured claims are properly included and reconciled in Class 2(a). The Debtors should ensure that all scheduled and filed claims are properly accounted for in the Plan.

5. The UST notes that Campeau Goodsell Smith has recently filed its fee application, seeking over $97,000 in fees and expenses. Marc Voisenat may similarly seek compensation from the estate for representing the Debtors. These claims need to be accounted for in the Plan. Are there any other potential administrative claims?

6. The Debtors have included a priority claim of $501.25 for the FTB. There is also a claim filed by the FTB in the amount of $788.76 (priority) and $708.43 (unsecured) that needs to be reconciled. See Claim #13.

7. The Debtors optimistically state in Exhibit 3 that they will have gross business and employment income of $10,000 and $3,000 per month, respectively. But this is not borne out by the facts. The last MOR filed in the case (January 2013) lists only rental income, plus $1,056 labeled "cash received from sales." The Debtors will need to demonstrate that they can actually attain and maintain their projected income as part of their feasibility showing.

8. Exhibit 4 projects cash on hand on the effective date to be $93,800. The most recent MOR lists the cash on hand as of 1/31/13 to be only $8,149. The UST understands that the Debtors should have received $100,000 pursuant to a recent compromise with American Liberty Investments, but the Debtors have failed to file MORs for February and March 2013, and the UST does not know if that money was received and/or is still in the bank. The Debtor needs to file MORs for February, March and April 2013 prior to the hearing on the disclosure statement.

9. The rents projected by the Debtor for their investment properties do not correlate with the rents reported in the last MOR. Exhibit 5 lists the rent from Alma to be $4,500 – but the January 2013 MOR lists the scheduled rent as $3,500 (with the property currently vacant). Exhibit 5 lists the rent from Chaucer to be $4,800, but the last MOR schedules the gross rent to be $4,000 (with a $900 vacancy factor). And Exhibit 5 projects the rent from Sevier to be $3,000, but the MOR reports the scheduled rent as $2,500, with that property also vacant. If the properties are not rented and cash flowing, then why are the Debtors keeping them, to the detriment of their other creditors? In addition, this raises a big feasibility red flag.

Dated: May 8, 2013

Respectfully submitted,

By: /s/ John S. Wesolowski
John S. Wesolowski
Attorney for United States Trustee