DONNA R, ZIEGLER [142415]
County Counsel
JOHN T. SEYMAN [122508]
Deputy County Counsel
Office of County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, California 94612
Telephone: (510) 272-6700
E-mail: john.seyman@acgov.org

Attorneys for Creditor
County of Alameda Treasurer-Tax Collector

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| In Re: | Case No.: 09-51900 ASW |
|---|---|
| BENYAM MULUGETA, and<br>PAULA R. MULUGETA,<br><br>Debtors. | Chapter 11<br><br>**OBJECTION OF CREDITOR COUNTY OF ALAMEDA TREASURER-TAX COLLECTOR DONALD R. WHITE TO CHAPTER 11 PROPOSED COMBINED DISCLOSURE STATEMENT AND PLAN** |

Donald R. White, Treasurer-Tax Collector of County of Alameda ("County"), by and through its undersigned counsel, in an abundance of caution, hereby files with this court an objection to the *Proposed Combined Disclosure Statement and Plan* ("Disclosure Statement") pursuant to Rule 3017(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").[1] In support of its Objection, County respectfully states as follows:

1. The purpose of a disclosure statement is to provide holders of claims against the debtors with adequate information so as to enable them to make informed

---

[1] Debtors have been attempting to qualify a reorganization plan for over four years. In that time, nothing has been paid to the County except when Debtors' lenders have stepped in either through foreclosure or through impound accounts. Debtors' Disclosure Statement apparently abandons its property interests in two remaining properties subject to hundreds of thousands of dollars in delinquent property taxes. However, these statements are less than clear. Consequently, County files this objection.

OBJECTION OF CREDITOR, Case No. 09-51900  1

1. judgments about the debtors' plan of reorganization. The County believes that the above-captioned debtors' ("Debtors") Disclosure Statement should not be approved in its present form because it fails to comply with 11 U.S.C. § 1125(a).

2. "Adequate information" is defined by the Bankruptcy Code as "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

3. Because creditors rely on the disclosure statement prior to voting on a plan of reorganization, "it is crucial that a debtor be absolutely truthful so that the disclosure statement" satisfies Section 1125(a)(1) of the Bankruptcy Code. *In re Galerie Des Monnaies of Geneva, Ltd.,* 55 B.R. 253, 259 (Bankr. S.D.N.Y. 1985). Moreover, it is prime importance that a debtor's disclosure be "full and fair." *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); also see, *In re Hicks*, 184 B.R. 954, 957 (Bankr. C.D. Cal. 1995) ("the debtor's duty of full disclosure … is the quid pro quo for the fresh start provided by discharge."); *In re Sal Caruso Cheese, Inc.*, 107 B.R. 808, 817 (Bankr. N.D.N.Y. 1989) (debtor is obligated to "provide voluntary and honest disclosure of financial information – a reasonable quid pro quo for its temporary relief from substantial financial obligation."); *In re Jacobowitz*, 309 B.R. 429, 435 (S.D.N.Y. 2004), citing, Norton Bankr. Law & Prac. § 74:9 (2d Ed. 2003), ("the debtor's creditors are entitled to fair treatment … the longstanding rule in bankruptcy that 'complete disclosure by the debtor is quid pro quo for discharge of debts' stems from this duty of fair treatment"); *In re Microwave Products of America, Inc.,* 100 B.R. 376, 377 (Bankr. W.D. Tenn. 1989) ("[a]ll factors presently known to the plan proponent that bear upon the success or failure of the proposals contained in the plan.") (internal quotations omitted).

4. In the absence of honest, full and fair disclosure, a disclosure statement should not be approved, particularly, if the disclosure statement is "replete with deficiencies." *In re Hirt*, 97 B.R. 981, 982 (Bankr. E.D. Wis. 1989); also see, *In re J.D. Mfg., Inc.*, No. 07-36751, 2008 W.L. 4533690, at *4 (Bankr. S.D. Tex. Oct. 2, 2008) (rejecting a disclosure statement because adequate information was not contained therein and the debtor failed to correct two disclosure statement errors.) Debtors' Disclosure Statement falls short of providing full and fair disclosure on matters fundamental to the Debtors' *Joint Chapter 11 Plan* ("Plan") on the following grounds:

    A. The Disclosure Statement fails to provide a clear and complete disclosure regarding the treatment of County's two remaining secured pre-petition property tax claims. These taxes are secured to Debtors' real property under a statutory superpriority lien pursuant to California Revenue and Taxation Code sections 2187 and 2192.1. Consequently, County's claims and liens are superior to any other claims and liens against Debtors' real property. These taxes are required to be paid in full with interest at 18% per annum under sections 506 and 511 of the Bankruptcy Code and section 4103 of the California Revenue and Taxation Code.

    B. The Disclosure Statement fails to disclose the two claims and the amounts, both pre and post petition, of those claims for the County—one for the property on Grand Avenue, Oakland, CA (APN 10-767-1) ("Grand") and one for the property on Brann Street, Oakland, CA, (APN 36-2497-11) ("Brann"). *See Disclosure Statement pages 2 and 19*. The present totals of each claim (pre-petition taxes only) as of February 1, 2013, was $$378,234.26 and $53,124.28, respectively. See Declaration of Jack Wong In Support of Alameda County's Joinder in Trustee's Objection to Debtor's Motion for Reconsideration of Dismissal dated February 6, 2013. The claims for these two properties remain unpaid.

C. There is no proposed payment of the County's claims on the two properties. Instead, the Debtor states that the Brann property will be abandoned and that the Grand property has already been been given up to the mortgagee. *See Disclosure Statement pages 2 and 19*. However, no tax payments have been received on either property. Further, Debtor proposes to retain a right to negotiate a "short sale" of the Brann property. As to the Grand property Debtor states he "believes" the tax claim will follow the property. *Disclosure Statement at 19*. County is concerned that these statements retain an ambuiguity. Debtors should be required to make a clear and unequivocal statement that both Brann and Grand are no longer part of the bankruptcy estate and that County has a right to proceed to collect the taxes owing on each property against its security interest in both properties without concern of any assertion of a stay violation. County notes that, while the Debtors' lender has been granted relief from stay to foreclose on Grand, the lender has yet to actually foreclose. Hence, it appears that both Grand and Brann are at this time still in the Debtors' bankruptcy estate.

**Reservation of Rights**

5. County further reserves all rights under the Bankruptcy Code and under California law to raise the foregoing objections and any other applicable objections to Debtors' Plan.

WHEREFORE, the County respectfully requests that the Court: (i) sustain its Objection to the Debtors' Disclosure Statement; and (ii) provide such further relief as the Court deems just and proper.

Dated: May 14, 2013

DONNA R. ZIEGLER
County Counsel, in and for the
County of Alameda, State of California

By: /s/ John T. Seyman
JOHN T. SEYMAN
Deputy County Counsel

Attorneys for Creditor County of Alameda
Treasurer-Tax Collector Donald R. White

# CERTIFICATE OF SERVICE

I, Lydia Smith, declare:

I am a citizen of the United States. I am employed in the County of Alameda, State of California, over the age of 18 years, and not a party to the within proceeding. My business address is 1221 Oak Street, Suite 450, Oakland, CA 94612-4296.

On this day, I served a true and accurate copy of the documents entitled:

1. **OBJECTION OF CREDITOR COUNTY OF ALAMEDA TREASURER-TAX COLLECTOR DONALD R. WHITE TO CHAPTER 11 PROPOSED COMBINED DISCLOSURE STATEMENT AND PLAN**

2. **CERTIFICATE OF SERVICE**

on each of the following parties in this action:

John S. Wesolowski
Office of the United States Trustee
280 S. 1st Street, #268
San Jose, CA 95113-0002

Stanley A. Zlotoff
Attorney At Law
300 S. First Street, Suite 215
San Jose, CA 95113

*(Attorney for Debtors)*

(X) **BY MAIL:** I caused such documents, sealed in envelopes with postage thereon fully prepaid and addressed as indicated above, to be mailed via the United States Postal Service, in the City of Oakland, California.

(X) **BY CM/ECF:** I caused such documents to be electronically transmitted via the U.S. Court's Case Management/Electronic Case Files system to the offices of the addressees.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed at Oakland, California on May 14, 2013.

/s/ *Lydia Smith*
Lydia Smith