TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the United States Trustee
U.S. Department of Justice
280 South First Street, Suite 268
San Jose, CA  95113
E-mail:  john.wesolowski@usdoj.gov
Phone:  (408) 535-5525
Fax:       (408) 535-5532
By:     Edwina E. Dowell, Esq. # 149059
          John S. Wesolowski, Esq. # 127007

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 09-51900 ASW |
| BENYAM and PAULA R. MULUGETA, | Chapter 11 |
| Debtors. | Date:  February 20, 2014<br>Time:  2:30 p.m.<br>Place:  Courtroom 3020 |

### U.S. TRUSTEE'S SUPPLEMENT RE OBJECTION TO DEBTOR'S MOTION FOR RECONSIDERATION OF DISMISSAL OF CHAPTER 11 CASE

The United States Trustee (the "UST") hereby supplements her objection to the Debtors' motion for reconsideration of the dismissal of this chapter 11 case.

The UST requests the Court to take judicial notice of its own records in the case.  Fed. R. Evid. 201, made applicable to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 9017.

**Introduction**.  The Debtors have been in chapter 11 for almost five years, and have not demonstrated that they are able to propose a feasible or confirmable plan.  They have misused and failed to properly segregate cash collateral over this entire period.  They are habitually late in filing their monthly operating reports.  Their latest MOR indicates that they have delinquent post-petition taxes of $54,000.  They have spent all but $12 of the Grand settlement proceeds ($93,800) in the past year, and currently have only $1,030 in the bank.  The Court recently awarded professional fees and costs totaling $34,202 to their prior counsel – the Debtors have no money to pay that administrative claim.  Nothing is happening in the case, and there is no reason

UST's Supp. To Obj. to Motion for
Reconsideration Of Dismissal of Ch. 11 Case

Case: 09-51900    Doc# 840    Filed: 02/11/14    Entered: 02/11/14 11:32:23    Page 1 of 4

for the Debtors to continue in chapter 11 – the case should immediately be converted or dismissed.

**Procedural history**. Debtors filed this Chapter 11 case on March 18, 2009. At the time they filed, the Debtors owned several real properties in the Bay Area: (1) their residence in Palo Alto ("Harker"), (2) rental property on Harrison Street in Oakland ("Harrison"), (3) rental property on Grand Avenue in Oakland ("Grand"), (4) rental property on O'Keefe in East Palo Alto ("O'Keefe"), (5) rental property on Chaucer in Berkeley ("Chaucer"), (6) rental property on Brann Street in Oakland ("Brann"), and (7) rental property on Sevier Street in Menlo Park ("Sevier"). *Schedule A*. During the course of this chapter 11 case, the Harrison, Grand and O'Keefe properties have been lost to foreclosure.

On December 27, 2012, the Debtors' case was dismissed by the Court, with the dismissal to be effective 2/25/13. *Order Dismissing Chapter 11 Case (effective 2/25/13)*, Docket #727. The Debtors thereafter filed a motion to reconsider the dismissal order; the Court has periodically extended the date of dismissal, which is currently 2/15/14. *See Supplemental Order filed 1/22/14, Docket #834*.

After the Court first heard the Debtors' motion for reconsideration (about a year ago), the Debtors filed a combined plan and disclosure statement (*filed 4/18/13, Docket #778*). Numerous objections to the proposed plan were interposed by parties in interest. The Debtors have not amended the plan to address the objections, nor have there been any actions to move the plan forward or properly prosecute this case.

At the last status conference in this case, the Court ordered the Debtors to be current on their MORs by 2/7/14 or the case would be converted. On 2/7/14, the Debtors batch-filed their MORs for the months of October, November and December 2013.

**MOR and cash collateral problems**. The latest MORs disclose that the Debtors have continued to ignore cash collateral requirements. They routinely deposit rents into non-segregated bank accounts, and make numerous transfers among their various accounts. For example, the December 2013 MOR discloses that rents were received for the Sevier property ($1,500), the Brann property ($1,639), and the Chaucer property ($2,200), yet none of these rents were deposited into the designated DIP accounts for these properties. Instead, these rents appear

to have been deposited into a different DIP account (#4660) and then transferred or spent by the Debtors.

The December MOR also discloses that the Debtors have post-petition delinquent taxes of $54,000. *December 2013 MOR, p. 2*. The failure to timely pay post-petition taxes constitutes cause to convert or dismiss this case, per Bankruptcy Code section 1112(b)(4)(I).

The December MOR also discloses that the Debtors have burned through just about the entire $93,800 they received on account of the "Grand Settlement" – only $12 remains in the account from that settlement. *December 2013 MOR, p. 5*. Debtors further disclose that they have only $1,030 in the bank. *Id., p. 1*.

In addition, the Debtors have continued their habitual tardiness in filing their MORs – their October, November and December 2013 MORs were batch-filed on 2/7/14. Similarly, their August and September 2013 MORs were filed late, on 11/4/14 and 11/21/14, respectively. These MORs are due on the 21st day of the month following the applicable month, per B.L.R. 2015-2. The failure to timely file the MORs is alone sufficient to constitute cause to dismiss or convert this case, per Bankruptcy Code section 1112(b)(4)(F).

**Inability to reorganize**. The Debtors have shown no ability over the past five years to reorganize their affairs. They have little income other than rents, which constitutes cash collateral of the lenders. They have only $1,030 in the bank. They owe professional fees of $9,000 to Marc Voisenal *(see Order filed 7/30/13, Docket #812)* and $34,202 to Campeau Goodsell Smith *(see Memorandum Decision filed 2/4/14, Docket #835)*. There is no apparent source to pay these claims. There has been no progress towards reorganization in many months. The case has stalled and is going nowhere. The longer the Debtors park themselves in chapter 11, the deeper in debt they slide. The Court should not continue the dismissal any further.

Numerous courts have held that unreasonable delay in getting a plan confirmed constitutes cause to convert a case to chapter 7. *See, e.g., In re Desmond,* 331 B.R. 42 (Bankr. N.H. 2005) (conversion warranted where debtor was unable to effecuate a plan for almost two years since filing and continued delay was prejudicial to creditors); and *In re East Coast Airways, Ltd.,* 146 B.R. 325 (Bankr. E.D.N.Y. 1992) (where debtor had filed its petition three years prior and was effectively out of business, conversion was warranted as debtor had no

UST's Supp. To Obj. to Motion for
Reconsideration Of Dismissal of Ch. 11 Case     3

reasonable likelihood of rehabilitation or ability to effectuate plan and delay was prejudicial to creditors).

Based on the above events, and taking into account the entire case file, the UST asserts that the there is no reasonable likelihood of rehabilitation and cause exists to dismiss or convert this case to Chapter 7.

Dated: San Jose, California
February 11, 2014

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: */s/ John S. Wesolowski*
Trial Attorney
John S. Wesolowski
Office of the United States Trustee
U. S. Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
E-mail: john.wesolowski@usdoj.gov
Telephone: (408) 535-5525 ext. 231

UST's Supp. To Obj. to Motion for
Reconsideration Of Dismissal of Ch. 11 Case 4

Case: 09-51900    Doc# 840    Filed: 02/11/14    Entered: 02/11/14 11:32:23    Page 4 of 4