Stanley A. Zlotoff, State Bar No. 073283
Attorney at Law
300 S. First St. Suite 215
San Jose, CA   95113

Telephone (408) 287-5087
Facsimile (408) 287-7645

Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Benyam Mulugeta and | ) | Case No.: 09-51900 ASW |
| | ) | |
| Paula R. Mulugeta, | ) | Date: 2/20/2014 |
| | ) | |
| | ) | Time: 2:30 p.m. |
| | ) | |
| Debtors. | ) | |
| | ) | |

STATUS CONFERENCE STATEMENT

    1.   Since the last Status Conference, the Court issued its order regarding administrative fees owing to Campeau Goodsell Smith.  Debtors had been awaiting this decision before considering further amendments to their plan and disclosure statement.

    2.   Debtors are able to file an amended plan and disclosure statement.  Their adult children have been assisting them, and they are prepared to fund the plan both by way of making a deposit on the effective date of confirmation, as well as by making ongoing monthly payments.

- 1

3. The U.S. Trustee has noted that debtors have not properly managed their cash collateral accounts.

Debtors have entered into stipulations with secured creditors on the Harker property, and the senior lienholders on the Chaucer, Harker, and Sevier properties; and, pursuant to these stipulations, debtors have been making monthly payments.

The Chaucer stipulation provides for monthly payments to Wells Fargo Bank in excess of $4,600 per month, although the December operating report notes rents of only $2,200 per month.

The Harker stipulation with Wells Fargo Bank calls for monthly payments of approximately $10,500 per month although the December 2013 operating report disclosed only $3,000 collected.

The Sevier stipulation with Wells Fargo Bank calls for monthly payments of approximately $3,700 per month, although the same operating report shows only $1,500 collected in rents.

The reason debtors have been able to make ongoing monthly payments is because of the assistance of their adult children.

4. The U.S. Trustee noted that debtors had spent their settlement funds received from the Grand property. Debtors earlier represented that the funds were used largely to maintain debtors' real property holdings.

5. In fact, all of the real properties have appreciated in value to the benefit of all of the secured interests. As a consequence, although debtors have certainly been advised that

1. they should keep segregated accounts for each property, there
2. has been no prejudice to any secured interest.
3.     6. A proposed amended plan will re-value the real
4. properties, and properly compensate the secured interests.
5.     7. This matter should be continued 60 days to permit
6. debtors to file an amended plan and disclosure statement.

Dated: 2/13/2014          /s/Stanley Zlotoff