TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the United States Trustee
U.S. Department of Justice
280 South First Street, Suite 268
San Jose, CA  95113
E-mail:  john.wesolowski@usdoj.gov
Phone:  (408) 535-5525
Fax:      (408) 535-5532
By:      Edwina E. Dowell, Esq. # 149059
            John S. Wesolowski, Esq. # 127007

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re:

BENYAM and PAULA R. MULUGETA,

                    Debtors.

Case No. 09-51900 ASW

Chapter 11

Date:  May 8, 2014
Time:  10:30 a.m.
Place:  Courtroom 3020

### U.S. TRUSTEE'S OBJECTION TO DEBTORS' COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (4/2/14)

The United States Trustee (the "UST") hereby files the following objections to the Combined Plan of Reorganization and Disclosure Statement (4/2/14) ("Plan") herein by Benyam and Paula Mulugeta ("Debtors").

1.  On page 3, the estimated arrears for Class 1e are stated incorrectly – the amount should be $18,105.24, not 418,105.24.

2.  Do the Debtors have an order valuing the Class 1f secured claim of California Mortgage & Realty at $135,046?

3.  Is there an order stripping the lien of Class 1g?  Also, this stripped claim of $700,000 is not included in the chart of Class 2(b) unsecured claims.

4.  At page 6, Debtors reference a Compromise Agreement covering Classes 1h, 1i and 1j.  This Compromise Agreement is not on file in the case.

UST's Obj. To Combined Plan
And Disclosure Statement (4/2/14)

5. The UST has not analyzed whether all unsecured claims are properly included and reconciled in Class 2(b). The Debtors should ensure that all scheduled and filed claims are properly accounted for in the Plan.

6. The Debtors are, once again, delinquent in filing their MORs – the January, February and March MORs are past due.

7. The Debtors optimistically state in Exhibit 3 that they will have gross business and employment income of $10,000 and $3,000 per month, respectively. But this is not borne out by the facts as reflected in the MORs. The last MOR filed in the case (December 2013) lists only rental income, plus $1,013 labeled "cash received from sales." In addition, the Debtors project rental income of $14,500 from the Harker property and their children, but the rents reported in the December 2013 MOR for Harker are only $3,000. Since the last three MORs have not been filed, it is impossible for the Court, creditors or the UST to evaluate the Debtors' current income and prospects for reorganization. The Debtors will need to demonstrate that they can actually attain and maintain their projected income as part of their feasibility showing. *See In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985) (the purpose of section 1129(a)(11) – the feasibility requirement – is to prevent confirmation of visionary schemes which promise more than can possibly be attained).

8. Exhibit 3 discloses that the Debtors' daughter will contribute about $83,000 towards the payment of administrative claims on the Effective Date – again, Debtors will need to demonstrate that their daughter has the intention and wherewithal to make this contribution.

9. The rents projected by the Debtors for their investment properties do not correlate with the rents reported in the last MOR. Exhibit 5 lists the projected rent from Alma to be $6,000 – but the December 2013 MOR lists the scheduled rent as only $3,500 (with the property currently vacant). Exhibit 5 lists the rent from Chaucer to be $5,000, but the last MOR schedules the gross rent to be $4,400 (with a $2,200 vacancy factor). And Exhibit 5 projects the rent from Sevier to be $3,000, but the MOR reports the scheduled rent as $2,500, with only $1,500 collected. And even if fully rented, per Exhibit 5 the Chaucer and Sevier properties have negative cash flow of $1,779 -- why are the Debtors keeping these properties, to the detriment of

their other creditors?  In addition, the rents actually received vs. the Debtors' optimistic projected rents raises a big feasibility red flag.

10.  This case is now over 5 years old, and the Debtors appear to have no chance of confirming a feasible plan.  They have misused and failed to properly segregate cash collateral over the entirety of their chapter 11 case, and are habitually late in filing their MORs.  Their last MOR (December 2013) reports only $1,030 in the bank.  The UST urges the Court to convert or dismiss this case, or alternatively, to set a hard deadline by which the Debtors must confirm a plan.

San Jose, California
Dated: May 1, 2014

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: */s/ John S. Wesolowski*
Trial Attorney
John S. Wesolowski
Office of the United States Trustee
U. S. Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
E-mail: john.wesolowski@usdoj.gov
Telephone:  (408) 535-5525 ext. 231

UST's Obj. To Combined Plan
And Disclosure Statement (4/2/14)

3