CAMPEAU GOODSELL SMITH, L.C.
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:  (408) 295-9555
Facsimile:   (408) 295-6606

ATTORNEYS FOR Applicant

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

BENYAM and PAULA R. MULUGETA,

         Debtors.

Case No. 09-51900 ASW

CHAPTER 11

**MOTION TO VACATE CONFIRMATION ORDER**

**Date:  December 4, 2014**
**Time: 3:00 p.m.**
**Location:**
   United States Bankruptcy Court
   280 S. First St., Room 3020
   San Jose, CA 95113

COMES NOW, Campeau Goodsell Smith ("CGS") and submits the following Motion to Vacate Confirmation Order ("Motion") in order to vacate the Order Confirming Debtors' Plan Of Reorganization ("Confirmation Order")(Docket#887) as follows:

**I.      Summary of Motion.**

The Confirmation Order must be vacated because it was secured by (1) mistake, inadvertence, surprise, or excusable neglect or (2) fraud, misrepresentation, or misconduct by Debtors (and Debtors' daughter) regarding funding of the plan on the effective date.

Specifically, Debtors secured the Confirmation Order on representations in (1) Debtors' Proposed Combined Plan of Reorganization and Disclosure Statement (Docket#868) ("Plan") that "The Effective Date payments of approximately $83,000 will be advanced by Debtors' daughter. She is successfully employed, has access to the funds from her savings, and is

**MOTION TO VACATE CONFIRMATION ORDER**
Case: 09-51900   Doc# 897   Filed: 11/12/14   Entered: 11/12/14 13:18:43   Page 1 of 4

committed to helping her parents." (Plan, page 20; see also, page 25 and 26); (2) the Declaration of Debtors' Daughter In Support of Confirmation (Docket#877) ("Daughter's Declaration") that "I can come up with the $83,000 they need for Administrative Claims from my savings. I am aware that upon confirmation . . . they must deposit the sum of approximately $83,000 at Effective Date. I am ready, willing, and able to make that deposit (Daughter's Declaration, page 1, line 23-page 3, line 2), and (3) the Declaration of Debtor In Support of Confirmation (Docket#876) ("Debtors' Declaration") that "My daughter Tsegereda Mulugeta . . . From her savings, she has agreed to pay the Effective Date payments of approximately $83,000 . . ." (Debtors' Declaration, page 2, paragraph 3).

The representations were not even close to accurate or true when made or currently.

As discussed below, the Effective Date of the Confirmed Plan was September 15, 2014 and the payment of administrative claim was due on or before October 10, 2014. Yet, Debtors did not make payment on CGS's administrative claim (Docket#835).

**II.  Factual Background.**

As this court is fundamentally familiar with the five year history of this case, only a more recent history will be noted.

On July 30, 2014 Debtors filed Debtors' Proposed Combined Plan of Reorganization and Disclosure Statement (Docket#868) ("Plan") which specifically represented to the court and creditors that "The Effective Date payments of approximately $83,000 will be advanced by Debtors' daughter. She is successfully employed, has access to the funds from her savings, and is committed to helping her parents." (Plan, page 20; see also, page 25 and 26).

On September 2, 2014 Debtors filed the Declaration of Debtor In Support of Confirmation (Docket#876) ("Debtors' Declaration") which specifically represented to the court and creditors that "My daughter Tsegereda Mulugeta . . . From her savings, she has agreed to pay the Effective Date payments of approximately $83,000 . . ." (Debtors' Declaration, page 2, paragraph 3).

On September 2, 2014 Debtors filed the Declaration of Debtors' Daughter In Support of Confirmation (Docket#877) ("Daughter's Declaration") which specifically represented to

the court and creditors that "I can come up with the $83,000 they need for Administrative Claims from my savings. I am aware that upon confirmation . . . they must deposit the sum of approximately $83,000 at Effective Date. I am ready, willing, and able to make that deposit (Daughter's Declaration, page 1, line 23-page 3, line 2).

On September 25, 2014 the court entered an Order Confirming Debtors' Plan Of Reorganization ("Confirmation Order")(Docket#887).

Pursuant to the Plan payment of administrative claims, including the Administrative Claim of Campeau Goodsell Smith (Docket#835), was due within 15 days of the Effective Date and the Effective Date was the date of entry of the Confirmation Order. As the Confirmation Order was entered on September 25, 2014 the Effective Date of the Confirmed Plan was September 15, 2014 and the payment was due on or before October 10, 2014.

Informal inquiry was made to Debtors' counsel on October 15, 2014 without a response.

On October 16, 2014 CGS filed and served a Preliminary Notice of Default/non-payment of Confirmed Chapter 11 Plan Relative to Payment of the Administrative Claim of Campeau Goodsell Smith (Docket#891).

On October 20, 2014 CGS filed and served a Notice of Default/non-payment of Confirmed Chapter 11 Plan Relative to Payment of the Administrative Claim of Campeau Goodsell Smith (Docket#892).

On October 17, 2014 CGS spoke with Debtors' counsel and was informed that Debtors' daughter would not be funding the Plan until November 2014.

On November 4, 2014 Debtors' counsel indicated that payments on administrative claims were targeted for the following week.

As of the date of this Motion, CGS has not received any payment on its administrative claim.

As of the date of this Motion there is not any filing on the court's docket other than the August Monthly Operating Report (Docket#889)(filed October 3, 2014) to determine whether Debtors have any money.

MOTION TO VACATE CONFIRMATION ORDER
3
Case: 09-51900    Doc# 897    Filed: 11/12/14    Entered: 11/12/14 13:18:43    Page 3 of 4

### III. The Confirmation Order Must Be Vacated.

Pursuant to 28 U.S.C. 60 ("Rule 60") "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59 (b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void . . . ; or
>
> (6) any other reason that justifies relief."

CGS submits that the Motion must be granted and the Confirmation Order vacated pursuant to Rule 60.

### IV. Conclusion.

WHEREFORE, CGS submits that the Motion must be granted and the Confirmation Order vacated pursuant to Rule 60.

DATED: November 12, 2014        CAMPEAU GOODSELL SMITH

By  /s/ William J. Healy
       William J. Healy